IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELINDA SGARIGLIA, | ) | |
| | ) | 1:19-cv-05684 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Judge Robert M. Dow |
| | ) | |
| AMERICAN INTERNATIONAL RELOCATION SERVICES, LLC, D.B.A. AIRES, AN ILLINOIS LIMITED LIABILITY CORPORATION, NICHOLAS GONRING & KELSEY GONRING, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| NICHOLAS GONRING & KELSEY GONRING, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 2726 WEST CORTEZ CONDOMINIUM, AN ILLINOIS CORPORATION, & JOHN GORR | ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |

NICHOLAS AND KELSEY GONRING'S THIRD-PARTY COMPLAINT AGAINST 2726
WEST CORTEZ CONDOMINIUM AND JOHN GORR

Third-Party Plaintiffs, Nicholas and Kelsey Gonrings (the "Gonrings") by their attorneys Jordan A. Finfer, Scott M. Kaplan, and Elizabeth L. Archerd of Patzik, Frank & Samotny, Ltd., bring this Third-Party Complaint against 2726 West Cortez Condominium (the "Association"), and John Gorr ("Gorr") and state as follows:

**THE PARTIES**

1. Third-Party Plaintiffs the Gonrings are Michigan residents.

1

2. Third-Party Defendant the Association is a condominium association organized under the laws of the State of Illinois for the condominium building erected on the property located at 2726 W. Cortez Ave., in Chicago, Illinois (the "Condominium Building").

3. Third-Party Defendant Gorr is an Illinois resident residing at the Condominium Building in unit 3.

4. Plaintiff, Melinda Sgariglia ("Sgariglia") is an Illinois resident residing at the Condominium Building in unit 1.

5. Defendant American International Relocation Solutions, LLC ("Aires") is a Pennsylvania Limited Liability Company that is located at 6 Penn Center West Suite 200, Pittsburgh, PA 15276.

## JURISDICTION AND VENUE

6. Sgariglia's underlying action was removed pursuant to 28 U.S.C.A. §1441 based upon diversity jurisdiction. The Court has jurisdiction of the underlying dispute pursuant to 28 U.S.C.A. §1332.

7. The Court has jurisdiction over this third-party action pursuant to 28 U.S.C.A. §1332, and pursuant to the Court's supplemental jurisdiction provided by 28 U.S.C.A. §1367(b).

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C.A §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of this action is situated in the Northern District of Illinois.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

9. Sgariglia is the current owner of condominium unit 1 at 2726 W. Cortez Ave., Chicago, Illinois (the "Unit").

10. Prior to July 25, 2018, the Gonrings owned the Unit.

11. The Gonrings purchased the Unit on or about May 5, 2016.

12. During the course of their ownership of the Unit, the Gonrings were unaware of any structural damage or leaking in the Unit.

13. To date, no structural damages or leaking has been discovered in the Unit.

14. On December 4, 2017, Gorr sent an email to the other members of the Association regarding damage in his unit at the Condominium Building and the limited common elements associated with his unit. A true and correct copy of the December 4, 2017 email is attached hereto as Exhibit A.

15. In his email to the Association membership Gorr forwards the denial of coverage from the Association's insurance company and states that "I've done everything I can over the years to repair on my own and it's just getting worse every year. At this point I believe it needs to become a building issue. To the best of my knowledge, it appears to me that the Condo documents would include this as a common element repair and would be paid for by the association. This also means it breaks down by unit percentage. (44% Unit 1, 26% unit 2, 30% Unit 3)."

16. On March 11, 2019, the Association had a meeting whereby the water infiltration within unit 3 of the Condominium was discussed.

17. The Gonrings and Gorr voted in favor of moving forward with exploratory work to determine the repair responsibility pursuant to the bylaws of the Association.

18. Such exploratory work was conducted by Bral Restoration Services, Inc. and was paid for by the members of the Association based on their *pro rata* shares of ownership in the Condominium Building.

19. Such exploratory work determined that the water infiltration in unit 3 of the Condominium Building was a common element issue to be dealt with by the Association.

20. At a meeting of the Association on May 7, 2018, it was determined that Arrow Masonry and Exteriors, Inc. ("Arros") would be contracted to remediate the water infiltration into unit 3 of the Condominium Building, and that the members of the Association would pay for such work via special assessment based on their *pro rata* shares of ownership in the Condominium Building.

21. The contract with Arrow was signed on May 7, 2018.

22. Such contract provided that Arrow would perform spot grinding, spot tuckpointing, caulking, flashing installation and sealing of the east, west, and north elevations of split face block.

23. The contract further provided that Arrow would guarantee the walls against leaks after work was completed.

24. Arrow completed work on the Condominium Building prior to July of 2018.

25. The Gonrings believed that such work by Arrow remediated the water infiltration issue to unit 3 of the Condominium Building.

26. In the Spring of 2018, the Gonrings were relocated to Michigan for work. As part of the new job defendant Aires was contracted to help relocate the Gonrings to Michigan and facilitate the sale of the Unit.

27. Aires listed the Unit for sale on or about May 21, 2018.

28. Shortly thereafter, on or about June 8, 2018, Aires entered into a Condominium Real Estate Purchase and Sale Contract with Sgariglia (the "Contract").

29. As part of the sale under the Contract, and pursuant to 765 ILCS 77/35 a disclosure report, signed by the Gonrings was attached to the Contract.

30. Such disclosure report dealt with the condition of the Unit and not the Condominium Building as a whole.

31. As part of the sale under the Contract, and pursuant to 765 ILCS 605/22.1 the Association provided to Sgariglia a 22.1 statement relating to the Condominium Building (the "22.1 Statement"). A true and correct copy of the 22.1 Statement is attached hereto as Exhibit B.

32. The purpose of such 22.1 Statement is to put a prospective condominium unit purchaser on notice of any planned work or defects to the condominium building which could affect the prospective unit owner's purchase of the condominium unit.

33. The 22.1 Statement was prepared and signed by Gorr, as owner of unit 3 of the Condominium Building, and as President of the Association. The Gonrings had no input as to the 22.1 Statement.

34. In the 22.1 Statement the Association certified that as of June 14, 2018, there were no capital expenditures anticipated by the Association for the current or next two fiscal years that would require a special assessment and/or increase in the monthly assessment to the unit owners. See Exhibit B, ¶4.

35. In the 22.1 Statement the Association certified that there were no capital expenditures anticipated by the Association within the current or succeeding two fiscal years. See Exhibit B, ¶3.

36. On September 8, 2018, Gorr sent an email to Scariglia. A true and correct copy of the September 8, 2018 email is attached hereto as Exhibit C.

37. In that email Gorr states that he has been trying to sell his unit at the Condominium Building for a few months and that "with the recent inspections on my place a few items have been brought up that have shed light on a new problem. I recently tested positive for elevated levels of

mold in my unit. That triggered me to look at replacing some floorboards. Upon removing the floorboards we discovered that the subfloor was severely damaged in many areas and there is mold behind some walls… From what started out as me replacing some floorboards has turned into a large and costly problem that was caused by a building issue… I have relayed this information to Ryan as well." See Exhibit C.

38. The Ryan referred to in Exhibit C is Ryan Brown, the owner of unit 2 of the Condominium Building.

39. At no time prior to the sale of the Unit was this mold issue in unit 3 of the Condominium Building disclosed to the Gonrings.

40. At the time that the Association, through Gorr, the owner of unit 3 of the Condominium Building, made its statements in the 22.1 Statement it was aware that such statements were untrue and that further special assessments would need to be levied to remedy such mold issues.

### Count I – Breach of 765 ILCS 605/22.1
**(Against the Association)**

41. The Gonrings restate and re-allege their allegations in paragraph 1 through 40 above as though fully set forth in this paragraph 41.

42. 765 ILCS 605/22.1 provides as follows:

   a. In the event of any resale of a condominium unit by a unit owner other than the developer such owner shall obtain from the Board of Managers and shall make available for inspection to the prospective purchaser, upon demand, the following:
      (3) A statement of any capital expenditures anticipated by the unit owner's association within the current or succeeding two fiscal years.
      (4) A statement of the status and amount of any reserve for replacement fund and any portion of such fund earmarked for any specified project by the Board of Managers.
   b. The principal officer of the unit owner's association or such other officer as is specifically designated shall furnish the above information when requested to do so in writing and within 30 days of the request.

43. The Board of Managers of the Association breached its obligations under 765 ILCS 605/22.1(a)(3) and (4) and (b) by failing to disclose in the 22.1 Statement the expenditures planned for Gorr's unit and the limited common elements associated with Gorr's unit with regard to the mold issues.

44. The Gonrings have been damaged by the Association's breach as they have incurred substantial attorneys' fees as a result of Sgariglia bringing this lawsuit against them.

WHEREFORE, Nicholas and Kelsey Gonring, respectfully request that this Honorable Court enter judgment in favor of the Gonrings and against 2726 West Cortez Condominium for an amount in excess of $75,000.00 and for such other and further relief as this Court deems equitable and just.

## Count II – Breach of Fiduciary Duty
### (Against Gorr)

45. The Gonrings restate and re-allege their allegations in paragraphs 1 through 40 above as though fully set forth in this paragraph 45.

46. At all times relevant hereto, the Condominium Property Act cited at 765 ILCS 605/1 *et seq.* (the "Act") governed Gorr and his actions on behalf of the Association.

47. The Act provides, in part, "In the performance of their duties, the officers and members of the board, whether appointed by the developer or elected by the unit owners, shall exercise the care required of a fiduciary of the unit owners." 765 ILCS 605/18.4.

48. At all times relevant Gorr was subject to the Association's Bylaws. A true and correct copy of the Association's bylaws are attached hereto as Exhibit D.

7

49. Section 6.1 of the Bylaws state: "In the performance of their duties, the officers and members of the Board shall exercise, whether appointed by the Declarant or elected by the members, the care required of a fiduciary of the members."

50. Gorr, as a member of the board of the Association and as owner of unit 3 of the Condominium Building, owed fiduciary duties of good faith and fair dealing, and care to the Association and its unit owners.

51. Such fiduciary duties included, but were not limited to, the duty to fully disclose all issues with the Condominium Building to prospective unit purchasers in the 22.1 Statement.

52. Gorr breached his fiduciary duties under the Bylaws when he, failed to disclose all issues with regard to the Condominium Building, misrepresented and the concealed the work to be performed on his unit to remediate the mold issues and how such repair work would be paid pro rata by the members of the Association via special assessment.

53. As the proximate result of Gorr's breach of fiduciary duty, the Gonrings have been damaged

WHEREFORE, Nicholas and Kelsey Gonring, respectfully request that this Honorable Court enter judgment in favor of the Gonrings and against John Gorr for an amount in excess of $75,000.00 and for such other and further relief as this Court deems equitable and just.

### Count III – Breach of Contract
**(Against the Association)**

54. The Gonrings restate and re-allege their allegations in paragraphs 1 through 40 above as though fully set forth in this paragraph 54.

55. At all times relevant the Association was subject to the Association's First Amendment to Declaration of Condominium Ownership for 2726 West Cortez Avenue

Condominiums (the "Declaration"). A true and correct copy of the Declaration is attached hereto as Exhibit E.

56. Section 1(b) of the Declaration provides for the definition of the Association: "The Association of all the Unit Owners acting pursuant to the Bylaws attached hereto as Exhibit D, through its duly elected Board."

57. By way of their previous ownership of the Unit, the Gonrings were also subject to the Declaration, as Section 8(b)(i) of the Declaration provides, "each Unit Owner shall be a member of such Association."

58. Section 9(a) of the Declaration provides:

Association Responsibility; Common Expenses. The Association, at its expense, shall be responsible for the maintenance, repair, and replacement of those portions, if any, of each Unit which contribute to the support of the Building, excluding, however, all windows and window frames, all exterior doors and the interior surfaces of walls, ceiling and floors… Maintenance, repairs, and replacements of the Common Elements shall be performed by the Association acting by and through the Board as part of the Common Expenses, subject to the Bylaws of the Association.

59. The Association breached their duties under the Declaration when it failed to remediate the issues with the limited common elements associated with Gorr's unit.

60. The Gonrings performed all of their obligations under the Declaration.

61. The Gonrings have been damaged as a result of the Association's breach of its duties under the Declaration.

62. WHEREFORE, Nicholas and Kelsey Gonring, respectfully request that this Honorable Court enter judgment in favor of the Gonrings and against 2726 W. Cortez Condominium for an amount in excess of $75,000.00 and for such other and further relief as this Court deems equitable and just.

**Count IV – Contribution**
**(Against the Association)**

63. The Gonrings restate and re-allege their allegations in paragraph 1 through 40 above as though fully set forth in this paragraph 63.

64. Sgariglia has been damaged by the Association's tortious conduct, including its breach of 765 ILCS 605/22.1 and its breach of its fiduciary duties owed to the members of the Association.

65. To the extent that the Gonrings are also held liable as tortfeasors against Sgariglia, their tort liability combined with that of the Association to cause Sgariglia's injuries.

66. To the extent that the Gonrings are held liable to Sgariglia for more than their *pro rata* share of the liability, the Association is liable to the Gonrings under the theory of Contribution.

WHEREFORE, Nicholas and Kelsey Gonring, respectfully request that this Honorable Court enter judgment in favor of the Gonrings and against 2726 West Cortez Condominium for an amount in excess of $75,000.00 and for such other and further relief as this Court deems equitable and just.

NICHOLAS AND KELSEY GONRING,

By: /s/ Scott M. Kaplan
One of their attorneys

Jordan A. Finfer (ARDC #6296373)
Scott M. Kaplan (ARDC #6317136)
Elizabeth L. Archerd (ARDC #6329394)
Patzik, Frank & Samotny Ltd.
200 S. Wacker Drive, Suite 2700
Chicago, IL 60606
Phone: 312-551-8300
jfinfer@pfs-law.com
skaplan@pfs-law.com
earcherd@pfs-law.com

CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies that the foregoing NICHOLAS AND KELSEY GONRING'S THIRD-PARTY COMPLAINT AGAINST 2726 WEST CORTEZ CONDOMINIUM AND JOHN GORR was electronically filed on June 12, 2020, using the court's CM/ECF system and will then send same to the following individuals:

| | |
|---|---|
| Edward P. Gibbins | Carol Oshana |
| Arthur J. McColgan | Oshana Law |
| Matthew W. Casey | 33. N. Dearborn Street |
| Walker Wilcox Matousek LLP | Suite 200 |
| One N. Franklin St., Suite 3200 | Chicago, IL 60602 |
| Chicago, IL 60606 | oshanalaw@yahoo.com |
| egibbons@walkerwilcox.com | |
| amccolgan@walkerwilcox.com | |
| mcasey@walkerwilcox.com | |

/s/ Melissa A. Siedlecki