## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

MELINDA SGARIGLIA,            )
                                      )
           Plaintiff,        )
                                      )
      v.                   )     Case No.: 1:19-cv-05684
                                      )
AMERICAN INTERNATIONAL RELOCATION )     District Judge Robert M. Dow, Jr.
SERVICES, LLC, D.B.A. AIRES, AN ILLINOIS )
LIMITED LIABILITY CORPORATION,     )
NICHOLAS GONRING & KELLY GONRING, )
                                      )
          Defendants.     )

## DEFENDANT AMERICAN INTERNATIONAL RELOCATION SOLUTIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT

Defendant American International Relocation Solutions, LLC ("Aires"), by and through its attorneys, Walker Wilcox Matousek LLP, and for its Answer and Affirmative Defenses to Plaintiff's Second Amended Verified Complaint ("Complaint"), state as follows:

## I.    THE PARTIES

1.    Plaintiff, MELINDA SGARIGLIA ("Sgariglia"), is a citizen of the State of Illinois, residing in Cook County, Illinois and an owner of a condominium located at 2726 West Cortez Street, Unit 1, Chicago, IL 60622 ("Condominium"). The property index number is 1601 408-055-1001. The building consists of a 3-unit condominium association called 2726 W. Cortez Avenue Condominiums ("Condo Association").

**ANSWER:**    Aires, on information on belief, admits the allegations in Paragraph 1.

2.    Defendant, AMERICAN INTERNATIONAL RELOCATION SERVICES, LLC, d/b/a AIRES ("AIRES"), is an Illinois Limited Liability Corporation that is located at 6 Penn Center West, Suite 200, Pittsburgh, PA 15276.

**ANSWER:**     Aires denies that its full legal name is American International Relocation Services, LLC. Aires full legal name is American International Relocation Solutions, LLC. Aires admits the remaining allegations in Paragraph 2.

3.     Defendant, Nicholas Gonring and Kelly Gonring ("The Gonrings") are the former owners of the Condominium. They purchased the Condominium on or about May 5, 2016.

**ANSWER:**     Aires, on information and belief, admits the allegations in Paragraph 3.

II.     **JURISDICTION AND VENUE**

4.     Jurisdiction is proper because the Complaint concerns a contract for the sale of a Condominium, which is located in Chicago, Illinois. Venue is proper in Cook County, Illinois, because the causes of action pled in Complaint are based upon transactions that occurred in Cook County, Illinois, and Plaintiff SGARIGLIA resides in Cook County, Illinois.

**ANSWER:**     Aires denies the allegations in Paragraph 4. On August 23, 2019, Aires filed a notice of removal, and this action was removed to its current jurisdiction.

III.     **FACTS COMMON TO ALL COUNTS**

5.     On or about May 21, 2018, Defendants listed the Condominium for sale on the MLS for the purchase price of $475,000.

**ANSWER:**     Aires lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies the same.

6.     On June 8, 2019, Defendant AIRES signed a Condominium Real Estate Purchase and Sale Contract ("Sales Contract") accepting the Plaintiffs offer to purchase the Condominium. The purchase price $510,000.00, with the closing to occur on July 25, 2018. (See Sales Contract, attached as Exhibit A).

**ANSWER:**    Aires admits that Exhibit A to the Complaint is a document entitled

"Condominium Real Estate Purchase and Sale Contract" between Melinda Sgariglia and Aires.

Aires states that Exhibit A is a written document that speaks for itself and denies any allegation

in Paragraph 6 that conflicts with Exhibit A.

      7.      At the time of the signing of the contract, and since May 5, 2016, The Gonrings

were the owners of the Condominium and AIRES was not the owner.

**ANSWER:**    Aires admits the allegations in Paragraph 7.

      8.      Attached to the Sales Contract is a Residential Real Property Disclosure Report

under 765 ILCS 77/35, signed by The Gonrings. In it, they check the box "no" for all items

requesting if they are aware of any defects, including "leaks or material defects in the roof,

ceilings, or chimney" and defects "in the walls, windows, doors or floors." (See Disclosure

Report, attached as Exhibit B-1). Plaintiff relied upon the Sellers' representations and proceeded

with the purchase of the Condominium.

**ANSWER:**    Aires admits that Exhibit B-1 to the Complaint is a document entitled "Residential

Real Property Disclosure Report" signed by Nicholas Gonring and Kelsey Gonring. Aires states

that the report attached as Exhibit B-1 is a written document that speaks for itself and denies any

allegation in Paragraph 8 that conflicts with Exhibit B-1. Moreover, as a third party relocation

company, Aires never occupied the property and did not answer any of the questions on Exhibit

B-1, nor could it verify any of the answers or statements in Exhibit B-1. Aires lacks the

knowledge and information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 8 and, therefore, denies the same.

      9.      In addition, the Defendants signed a Sellers Property Disclosure Statement that

was provided to Plaintiff Sgariglia. (See Property Disclosure Statement, attached as Exhibit B2).

Also as to whether they were aware of water leakage, the Defendants only disclose that "unit 3 had leaks on west facing windows HOA sealed building to resolve Unit 3 leak." (See para. 6a.). When asked if they were aware of any past or present "deterioration or other problems with the walls, foundations or other structural components," the Defendants answered "no." Plaintiff relied upon the Sellers' representations and proceeded with the purchase of the Condominium.

**ANSWER:**    Aires admits that Exhibit B-2 to the Complaint is a document entitled "Sellers Property Disclosure Statement" that was signed by Nicholas Gonring, Kelsey Gonring. The document also contains Plaintiff's signature, and the signature of Amanda Flucker as a representative of Aires. Aires states that the Statement attached as Exhibit B-2 is a written document that speaks for itself and denies any allegation in Paragraph 9 that conflicts with Exhibit B-2. Aires also states that it is identified as a Buyer in Exhibit B-2 and not a Seller. Moreover, as a third party relocation company, Aires never occupied the property and did not answer any of the questions on Exhibit B-2, nor could it verify any of the answers or statements in Exhibit B-2. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies the same.

10.    Also part of the Sales Contract is an Addendum to Purchase and Sale Agreement, which identifies AIRES as the Seller. (See Addendum, attached as Exhibit C).

**ANSWER:**    Aires admits that Exhibit C to the Complaint is a document entitled "Addendum to Purchase and Sale Agreement" that identifies Aires as the Seller. Aires states that the addendum attached as Exhibit C is a written document that speaks for itself and denies any allegation in Paragraph 10 that conflicts with Exhibit C.

11.    From the signing of the Sales Contract, through the date of closing, the Defendants failed to inform Plaintiff Sgariglia that AIRES was not the deeded owner of the

4

Condominium, and was not going fulfill the contract term to be the "Seller [that] shall execute and deliver the Deed..." (See Exhibit A, paragraph 8).

**ANSWER:**     Aires denies the allegations in Paragraph 11.

12.     On June 14, 2018, attorneys for Plaintiff Sgariglia sent an attorney review letter to Defendants' attorney. (See June 14, 2018 letter, attached as Exhibit D). In paragraph 8, Plaintiff Sgariglia asks the Seller Defendants to verify that the Condo Association has not experienced any instances of water (interior or exterior) leaking into the Property and/or any water damage during Seller's ownership of the Property." Further, in paragraph 9, Plaintiff Sgariglia's attorney asked if there had been "any insurance claims within the last 5 years" and if there was "any other matter concerning this property or the Seller that may interfere with the Buyer's enjoyment and marketability of the property."

**ANSWER:**     Aires admits that Exhibit D to the Complaint is a letter dated June 14, 2018, signed by Thomas B. Hawbecker. Aires denies that the letter was sent to "Defendants' attorney" because Sarah Wilkins represented only Aires in the transaction. Aires states that the letter attached as Exhibit D is a written document that speaks for itself and denies any allegation in Paragraph 12 that conflicts with Exhibit D. Aires denies the allegation in Paragraph 12 that "Plaintiff Sgariglia's attorney asked if there had been 'any insurance claims within the last 5 years'" because it misstates paragraph 9 of Exhibit D. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and, therefore, denies the same.

13.     On June 18, 2018, Defendant AIRES' attorney responded to the letter, identifying the Seller as Aires, and refused to answer paragraphs 8e, 9a and 9e, claiming that as a relocation

company, they are unable to make any representation or warranties beyond its factual report. (See June 18, 2018 letter, attached as Exhibit E.)

**ANSWER:**     Aires admits that Exhibit E to the Complaint is a letter dated June 18, 2018, signed by Sarah M. Wilkins, attorney for Aires. Aires states that the letter attached as Exhibit E is a written document that speaks for itself and denies any allegation in Paragraph 13 that conflicts with Exhibit E. Aires denies the allegation in Paragraph 13 that it "refused to answer paragraphs 8e, 9a and 9e."

14.     On June 22, 2018, counsel for Plaintiff Sgariglia reiterated their request for information under paragraphs 8e, 9a and 9e. (See June 22, 2018 letter, attached as Exhibit F).

**ANSWER:**     Aires admits that Exhibit F to the Complaint appears to be a copy of the June 18, 2018 letter (Exhibit E), with additional statements typed onto the letter. Aires states that the letter attached as Exhibit F is a written document that speaks for itself and denies any allegation in Paragraph 14 that conflicts with Exhibit F.

15.     Under paragraph 8e and 9a, counsel for Plaintiff Sgariglia requested Defendant AIRES to contact the "prior owner" for information about water damage or leaking and insurance claims. (See Exhibit F).

**ANSWER:**     Aires admits that Exhibit F to the Complaint is a letter. Aires states that the letter attached as Exhibit F is a written document that speaks for itself and denies any allegation in Paragraph 15 that conflicts with Exhibit F.

16.     On July 2, 2018, Defendant AIRES responded and identified themselves as the Seller, and that they have no knowledge of any leaks "when the information reported in the Residential Real Property Disclosure Report or other homeowner provided disclosures makes no

mention of water infiltration issues within the Property." (See July 2, 2018 letter, attached as Exhibit G.)

**ANSWER:**    Aires admits that Exhibit G to the Complaint is a letter dated July 2, 2018, signed by Sarah M. Wilkins. Aires states that the letter attached as Exhibit G is a written document that speaks for itself and denies any allegation in Paragraph 16 that conflicts with Exhibit G. Aires denies the allegation in Paragraph 16 that Aires has "no knowledge of any leaks 'when the information reported in the Residential Real Property Disclosure Report or other homeowner provided disclosures makes no mention of water infiltration issues within the Property'" because it misstates paragraph 7 of Exhibit G.

17.    In the same letter, Defendant AIRES reports no insurance claims were made against their homeowners' insurance within the last 5 years, and that it, as Seller, reports that the property is not subject to any current or pending complaints." (See Exhibit G, para. 8, 10). Plaintiff again conveyed the information that as a third party relocation company, it is unable to make additional representations or warranties. (See Exhibit G, para. 8, 10). Plaintiff Sgariglia relied upon this representation in proceeding with the purchase of the Condominium.

**ANSWER:**    Aires admits that Exhibit G to the Complaint is a letter dated July 2, 2018, signed by Sarah M. Wilkins. Aires states that the letter attached as Exhibit G is a written document that speaks for itself and denies any allegation in Paragraph 17 that conflicts with Exhibit G. Aires denies the allegation in Paragraph 17 that Aires "reports that no insurance claims were made against their homeowners' insurance within the last 5 years" because it misstates the first sentence in paragraph 8 of Exhibit G. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies the same.

18.     The Defendants provided a 22.1 statement to Plaintiff Sgariglia that asks if any capital expenditures were anticipated by the Association for the current or next to [sic] fiscal years that would require a special assessment and/or increase in the monthly assessments, and the Association answered "No." (See 22.1 Statement, attached as Exhibit H). Defendants The Gonrings were well aware that this was a false statement.

**ANSWER:**     Aires admits that Exhibit H to the Complaint is a document entitled "Disclosure Statement" provided under 765 ILCS 605/22.1. Aires states that the statement attached as Exhibit H is a written document that speaks for itself and denies any allegation in Paragraph 18 that conflicts with Exhibit H. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies the same.

19.     On or about July 25, 2018, Defendants The Gonrings conveyed the Condominium to Plaintiff Sgariglia by Warranty Deed, which was drafted by Sarah Wilkins, the attorney for AIRES. (See Deed, attached as Exhibit T).

**ANSWER:**     Aires denies that the Plaintiff attached a document identified as Exhibit T to the Complaint. Aires states that the Warranty Deed for the subject property in this action is a written document that speaks for itself and denies any allegation in Paragraph 19 that conflicts with the Warranty Deed. Aires denies that the Warranty Deed is dated July 25, 2018.

20.     On September 7, 2018, John Gorr, the owner of unit 3, informed Plaintiff Sgariglia that "there has been a history of water intrusion to the building" and that the "history of the water intrusion has been thoroughly documented over some years and was clearly communicated along the way to the other unit owners." (See September 7, 2018, attached Exhibit I).

**ANSWER:**    Aires admits that Exhibit I to the Complaint appears to be a series of communications dated September 7, 2018. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, denies the same.

21.    Plaintiff Sgariglia demanded and received the history of documentation as it pertains to the condominium association. By way of example, emails between the owners complaining about water infiltration in the condominium building go back as far as April 2013. (See April 18, 2013 email, attached as Exhibit J).

**ANSWER:**    Aires admits that Exhibit J to the Complaint appears to be a series of communications dated April 28, 2013. Aires states that the Exhibit J is a written document that speaks for itself and denies any allegation in Paragraph 21 that conflicts with Exhibit J. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and, therefore, denies the same.

22.    Complaints continued after Defendant The Gonrings purchased the Condominium after May 5, 2016. Specifically, on December 4, 2017, John Gorr informed The Gonrings that an engineer concluded that water had been entering his unit due to improper flashing. (See December 4, 2017 email, attached as Exhibit K.) In addition, on February 20, 2018, an email from Defendant Kelsey Gonring demonstrates that they became aware of the history of the water infiltration and that "because the water infiltration issue has not been properly addressed and has gotten so bad and costly, you are now reaching out to the HOA." (See February 20, 2018 email, attached as Exhibit L.)

**ANSWER:**    Aires admits that Exhibit K to the Complaint appears to be a series of email communications but denies that they are dated December 4, 2017. Aires also admits that Exhibit

L to the Complaint appears to be a series of email communications but denies that they are dated February 20, 2018. Aires states that Exhibits K and L are written documents that speak for themselves and denies any allegation in Paragraph 22 that conflicts with Exhibits K and L. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies the same.

23.     In addition, The Gonrings were aware that the issue had been ongoing for the last 5 years and that this was an HOA issue, including the requirement about fixing the flashing. (See March 12, 2018 email, attached as Exhibit M).

**ANSWER:**     Aires denies that Exhibit M to the Complaint is an email dated March 12, 2018. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, therefore, denies the same.

24.     During Defendant The Gonring's ownership of the Condominium, the Association received an ESI Investigative Report that was sent to Mr. Gorr on November 29, 2017. (See ESI Investigative Report, attached as Exhibit M). The Investigative Report opines that water infiltration was occurring "at various locations of the structure, but particularly at window and door openings," with the problem due to deficiencies in the "original construction of the building with the predominate issue being improper flashing at wall openings." (See Exhibit N, page 4).

**ANSWER:**     Aires admits that Exhibits M and N to the Complaint appear to be ESI Investigative Reports. Aires states that the Reports attached as Exhibits M and N are written documents that speak for themselves and denies any allegation in Paragraph 24 that conflicts with Exhibits M and N. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, therefore, denies the same.

25. The Association made a claim on its insurance coverage, which was denied on or about November 30, 2017. (See November 30, 2017 letter from Erie Insurance, attached as Exhibit O).

**ANSWER:** Aires admits that Exhibit O to the Complaint appears to be letter dated November 30, 2017. Aires states that the letter attached as Exhibit O is a written document that speaks for itself and denies any allegation in Paragraph 25 that conflicts with the letter. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, therefore, denies the same.

26. The Association received quotes for exterior and interior inspection on or about March 6, 2018 from Bral Restoration, LLC. (See March 6, 2018 proposal, attached as Exhibit P). John Gorr, as President of the HOA accepted this proposal. (See Exhibit P, page 2).

**ANSWER:** Aires admits that Exhibit P to the Complaint appears to be a letter dated March 6, 2018. Aires states that the letter attached as Exhibit P is a written document that speaks for itself and denies any allegation in Paragraph 26 that conflicts with the letter. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and, therefore, denies the same.

27. On May 3, 2018, Bral Restoration, LLC followed up on its investigative results to the Association, and determined that the "existing flashing was through wall that allowed water to penetrate right into the back of block." (See May 3, 2018 Water Investigation Results, attached as Exhibit Q). Bral Restoration also submitted its proposal for work to repair the building. (See Exhibit Q).

**ANSWER:** Aires admits that Exhibit Q to the Complaint appears to be a letter dated May 3, 2018. Aires states that the letter attached as Exhibit Q is a written document that speaks for itself

and denies any allegation in Paragraph 27 that conflicts with the letter. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and, therefore, denies the same.

28.     The Association also pursued other quotes. For example, on or about March 30, 2018 it received a quote from Gralak Tuckpointing. (See March 30, 2018 Estimate, attached as Exhibit R). Also on May 7, 2018, Defendant Kelsey Gonring received a quote from Arrow Masonry, describing work to be performed on the Building, including installing flashing "above all 3 rear decks." (See May 7, 2018 Arrow Masonry and Exteriors Contract, attached as Exhibit S).

**ANSWER:**     Aires admits that Exhibit R to the Complaint appears to be an estimate dated March 30, 2018. Aires also admits that Exhibit S to the Complaint appears to be a contract dated May 7, 2018. Aires states that Exhibits R and S are written documents that speak for themselves and denies any allegation in Paragraph 28 that conflicts with Exhibits R and S. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, therefore, denies the same.

29.     The Defendants The Gonrings never provided Plaintiff Sgariglia with any of the reports or estimates.

**ANSWER:**     Aires lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies the same.

30.     The Defendants The Gonrings never disclosed any problems associated with the flashing to Plaintiff Sgariglia.

**ANSWER:**     Aires lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies the same.

31.     Despite being informed of the myriad of structural problems and leaks associated with the Building, Defendants The Gonrings failed to disclose the defects in their Residential Real Property Disclosure Report, which states that the information is being provided as of May 17, 2018, and states under line 6 that the Sellers are not aware of material defects in the walls, windows, door, or floors. (See Exhibit B-1, para 6.).

**ANSWER:**     Aires lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies the same.

32.     On its Aires disclosure report, Defendants The Gonrings concealed the magnitude of the problem and warranted that the issues were resolved, while concealing the defects by answering "no" when as asked about problems with the walls or other structural components. (See Exhibit B-2, para. 6a and 6b.)

**ANSWER:**     Aires lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies the same.

33.     Defendant The Gonrings intentionally misrepresented to Plaintiff Sgariglia that there was no water leakage and that "the provided disclosures makes [sic] no mention of water infiltration issues within the Property." (See Exhibit G, para. 7.) Defendant The Gonrings received a report and were obtaining quotes to address the water infiltration a mere few weeks before the Condominium was listed for sale.

**ANSWER:**     Aires lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies the same.

34.     Defendants intentionally misrepresented that they had made no claims against their homeowners' insurance within the last five years, when there was a claim for coverage that had been made less than 1 year before. (See Exhibit G, para. 8; see also Exhibit N).

**ANSWER:**    Aires denies the allegation in Paragraph 34 that it "misrepresented that [it] made no claims against [its] homeowners' insurance within the last five years" because Aires is a relocation company and never occupied the property, and therefore never had homeowners' insurance on the property. Aires lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, therefore, denies the same.

35.    Upon learning of the exact nature of the concealed defects, Plaintiff has obtained quotes for repairs. The total amount of estimate repairs will costs the entire Association in excess of $350,000.00 and Plaintiff is responsible for 44%.

**ANSWER:**    Aires lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies the same.

36.    Plaintiff Sgariglia's Condominium has depreciated in value due to the defects.

**ANSWER:**    Aires lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies the same.

## COUNT I
## (VIOLATION OF 765 ILCS 77/35 ET SEQ. AGAINST DEFENDANTS NICHOLAS AND KELLY GONRING)

Count I is not directed to Aires, and therefore Aires makes no response to the allegations contained in Count I. To the extent any response is required, Aires denies the allegations contained in Count I.

## COUNT II
## (FRAUDULENT CONCEALMENT
## SGARIGLIA v. THE GONRINGS)

Count II is not directed to Aires, and therefore Aires makes no response to the allegations contained in Count II. To the extent any response is required, Aires denies the allegations contained in Count II.

14

## COUNT III
## (FRAUDULENT CONCEALMENT
## SGARIGLIA v. AIRES)

49.     Plaintiff Sgariglia repeats and realleges the allegations contained in Paragraphs 1 through 48 of the Complaint as though actually pled herein.

**ANSWER:**     Aires repeats and realleges its answers to the allegations contained in Paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50.     Defendant AIRES made false statements and omissions of material fact to Plaintiff Sgariglia.

**ANSWER:**     Aires denies the allegations in Paragraph 50.

51.     Defendant AIRES was under a duty to disclose the truth about its position as an agent for the current owners, and not the title owners of the Condominium.

**ANSWER:**     The allegation in Paragraph 51 is a legal conclusion to which no response is required. To the extent a response is required, Aires denies that it was "an agent for the current owners" and denies the remaining allegations in Paragraph 51.

52.     In real estate closings, trust is extended between the parties of a real estate purchase/sale contract, such that purchasers rely upon the seller to provide truthful responses to inquiries made by purchasers.

**ANSWER:**     The allegation in Paragraph 52 is a legal conclusion to which no response is required. To the extent a response is required, Aires denies the allegation in Paragraph 52.

53.     As counsels for both Plaintiff and Defendant AIRES are engaged in the practice of law, there is kinship implicit between legal professionals that imply that each attorney reposes his or her trust in the other to offer truthful and complete responses.

**ANSWER:**     The allegation in Paragraph 53 is a legal conclusion to which no response is required. To the extent a response is required, Aires denies the allegation in Paragraph 53.

54.     Such expectation of truthfulness is also caused by the Illinois Rules of Professional Conduct, Rule 4.1, which states that while "representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person."

**ANSWER:**     The allegation in Paragraph 54 is a legal conclusion to which no response is required. To the extent a response is required, Aires denies the allegation in Paragraph 54.

55.     As Seller, Defendant AIRES had superior knowledge as to its ownership of the Condominium and whether it had executed a deed between itself and The Gonrings.

**ANSWER:**     Aires denies the allegations in Paragraph 55.

56.     The Seller, Defendant AIRES, gained influence over the Purchaser, Plaintiff Sgariglia, because she reposed such trust and confidence in Defendant AIRES and its counsel to provide truthful responses to her inquiries.

**ANSWER:**     The allegation in Paragraph 56 is a legal conclusion to which no response is required. To the extent a response is required, Aires denies the allegation in Paragraph 56.

57.     Defendant AIRES represented in writing that it, as Seller, would be the one executing and delivering the deed, as articulated in paragraph 8 of the Sales Contract.

**ANSWER:**      Aires admits that Exhibit A to the Complaint is a document entitled "Condominium Real Estate Purchase and Sale Contract" between Melinda Sgariglia and Aires. Aires states that Exhibit A is a written document that speaks for itself and denies any allegation in Paragraph 57 that conflicts with Exhibit A.

58.     Defendant Aires held itself out as the title owner while failing to fairly and fully disclose the material fact that The Gonrings were not the "prior owner" but instead the current owners, which it should have disclosed in attorney correspondence (see Exhibits F, G);.

**ANSWER:**     Aires denies the allegations in Paragraph 58.

59.     Defendant AIRES knew it was not the title owner and that no deed had been executed between itself and The Sgariglias [sic], and it had a duty to fully and fairly disclose that it was in fact not the title owner, so that her Sgariglia's attorney could correspond directly with The Gonrings.

**ANSWER:**     The allegation in Paragraph 59 is a legal conclusion to which no response is required. To the extent a response is required, Aires denies the allegation in Paragraph 59.

60.     By failing to disclose the actual title owner of the Condominium, it induced Plaintiff Sgariglia's attorney to refrain from directly communication The Gonrings.

**ANSWER:**     The allegation in Paragraph 60 is a legal conclusion to which no response is required. To the extent a response is required, Aires denies the allegation in Paragraph 60.

61.     Plaintiff Sgariglia, through her attorney, relied upon Defendant AIRES' representation that it was the current owner and that The Gonrings were the prior owners, which caused her attorney to refrain from demanding direct communication with the actual owners of the Condominium.

**ANSWER:**     Aires lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies the same.

62.     Defendant AIRES reported no insurance claims were made against The Gonrings' homeowners' insurance within the last 5 years, when in fact Plaintiff Sgariglia's inquiry pertained

17

to "any" insurance claims. Defendant AIRES failed to fairly and fully disclose the material fact

that it was limiting its answer and not fully answering the question posed by Sgariglia's attorney.

**ANSWER:**     Aires admits that it reported to the Plaintiff that no insurance claims were made

against the Gonrings' homeowners' insurance within the last 5 years. Aires denies the remaining

allegations in Paragraph 62.

63.     Defendant AIRES had a duty to disclose that it was narrowing its answer as to

homeowner's insurance and refusing to answer as to other types of insurance claims, such as the

common insurance.

**ANSWER:**     The allegation in Paragraph 63 is a legal conclusion to which no response is

required. To the extent a response is required, Aires denies the allegation in Paragraph 63.

64.     By refusing to answer the question fully, Defendant AIRES appeared aware of the

insurance claims for the common areas and couched its answer to deceive Plaintiff Sgariglia.

**ANSWER:**     Aires denies the allegations in Paragraph 64.

65.     By deflecting answers and reciting its standard language of being a relocation

company, unable to make representations, Defendant AIRES made Plaintiff Sgariglia rely on this

representation and believe that there were no insurance claims and that this was the best

information that could be gleaned from parties who were no longer part of the transaction.

**ANSWER:**     Aires denies the allegations in Paragraph 65.

66.     The information was material to Plaintiff Sgariglia, as questions about the

condition of the Condominium could have been posed to The Gonrings directly, who may have

shed further light on the issue of "any" insurance claims and whether the property experienced

any leaks or damage in the last 5 years.

**ANSWER:** The allegation in Paragraph 66 is a legal conclusion to which no response is required. To the extent a response is required, Aires denies the allegation in Paragraph 66.

67. As a result of Defendant AIRES material misrepresentation and omissions, Plaintiff Sgariglia suffered damages from the reliance, in an amount in excess of $100,000.

**ANSWER:** Aires denies the allegations in Paragraph 67.

## AFFIRMATIVE DEFENSES

In further response to the allegations set forth in the Second Amended Verified Complaint ("Complaint"), and without waiving any denials of fact or liability set forth herein above, Defendant American International Relocation Solutions, LLC ("Aires") sets forth the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Sgariglia's claim against Aires is barred to the extent that the Complaint fails to state a claim upon which relief can be granted against Aires and to the extent that the Complaint fails to set forth facts that give rise to a claim against Aires.

## SECOND AFFIRMATIVE DEFENSE

Sgariglia's claims against Aires are barred by the doctrines of estoppel and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Sgariglia has waived all claims for loss, damage, or delay when she accepted the statements in Aires's attorney letter and waived the Inspection provision in the Condominium Real Estate Purchase and Sale Contract. Accordingly, Sgariglia's claims for recovery against Aires are waived and barred under the attorney letter and contract.

## FOURTH AFFIRMATIVE DEFENSE

Sgariglia is not entitled to recover from Aires, and should not be awarded, damages for betterment or enhancement.

## FIFTH AFFIRMATIVE DEFENSE

Should Aires be found liable to Sgariglia for damages, the Gonrings owe contribution for some or all of those damages.

## SIXTH AFFIRMATIVE DEFENSE

Aires reserves its right to timely plead additional affirmative defenses as the predicates for those affirmative defenses arise in this case.

WHEREFORE, Defendant American International Relocation Solutions, LLC requests that this Honorable Court enter judgment in favor of Aires and against Plaintiff Melinda Sgariglia on Aires's affirmative defenses and award such other relief that the Court deems equitable and just.

Dated: October 13, 2021.

Respectfully submitted,

AMERICAN INTERNATIONAL
RELOCATION SOLUTIONS, LLC

By: /s/Matthew W. Casey
    One of Its Attorneys

Edward P. Gibbons (#6201189)
Arthur J. McColgan (#6201619)
Matthew W. Casey (# 6299254)
Walker Wilcox Matousek LLP
One N. Franklin St., Ste. 3200
Chicago, IL 60606
(312) 244-6700
(312) 244-6800 FAX
egibbons@walkerwilcox.com
amccolgan@walkerwilcox.com
mcasey@walkerwilcox.com
**Attorneys for American International Relocation Solutions, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2021, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Jessica Vail