IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELINDA SGARIGLIA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2019-cv-05684 |
| | ) | |
| v. | ) | Honorable Robert M. Dow, Jr. |
| | ) | |
| AMERICAN INTERNATIONAL RELOCATION SERVICES, LLC d/b/a AIRES, an Illinois Limited Liability corporation, NICHOLAS GONRING and KELLY GONRING, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT KELSEY GONRING'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Kelsey Gonring ("Ms. Gonring") (wrongly named "Kelly Gonring"), through her attorneys, for her Objections and Answers to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents, states as follows:

**GENERAL OBJECTIONS**

**General Objection No. 1**

Ms. Gonring objects to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents to the extent that they seek information that is protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. Ms. Gonring has endeavored to avoid disclosing information subject to the privilege or doctrine. Any inadvertent disclosure of information subject to the privilege or doctrine, therefore, does not constitute waiver by Ms. Gonring of either the privilege or the doctrine.

EXH 7

Error! Unknown document property name.

### General Objection No. 2

Ms. Gonring objects to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents, including the Definitions and Instructions thereto, to the extent that they seek to impose discovery obligations beyond those imposed by the Local Rules of the United States District Court for the Northern District of Illinois, the Federal Rules of Civil Procedure, and/or other applicable law.

### Answers to Interrogatories

1. Identify the person or people answering the interrogatories, and his or her name, current address, telephone number and occupation. If there is more than one person answering, identify the corresponding numbered paragraphs that each person is answering.

**ANSWER:** **Kelsey Gonring. Ms. Gonring may be contacted through her counsel, Patzik Frank & Samotny Ltd.**

2. Identify all insurance companies that insure the Condominium and the dates of coverage.

**ANSWER:** **During the period that Kelsey and Nicholas Gonring (together, "the Gonrings") owned the Condominium, the Condominium was insured by Country Financial. Answering further, Ms. Gonring lacks sufficient knowledge to identify any insurance companies that may have insured the Condominium after the Gonrings entered into the Relocation Real Estate Purchase and Sale Agreement with Defendant AIRES on July 25, 2018 (the "Sale Date").**

3. Identify your attorney who assisted You with the purchase of the Condominium. Please provide his or her name, address, email and phone number.

**ANSWER:** **Steven R. Felton, 2220 West North Avenue, Chicago, IL 60647, (312) 850-2622.**

4. Identify all persons with whom you have spoken to as to the condition of the Property and Condominium. Identify their names, addresses, telephone numbers and email addresses.

**ANSWER:** **Ms. Gonring objects to Interrogatory No. 4 to the extent that it calls for a narrative response that is more appropriate for a deposition. Ms. Gonring further objects to the extent that this interrogatory seeks information protected by the attorney-client privilege. Subject to and without waiver of these objections and the General Objections set forth above:**

>**Nicholas Gonring. Mr. Gonring may be contacted through his counsel, Patzik, Frank & Samotny Ltd;**
>
>**John Gorr, 2726 W. Cortez St., Unit 3, Chicago, IL 60622, (773) 742-0596, jgorr1@msn.com;**
>
>**Ryan Brown, (708) 359-6229, brown14702000@yahoo.com;**
>
>**Garret Luehrs, Broker, Coldwell Banker, 1910 N Clybourn Ave, Chicago, IL 60614, (847) 209-0869, garrett.luehrs@cbexchange.com;**
>
>**Amanda Flucker, Policy and Property Consultant, AIRES, (412) 677-1813, aflucker@aires.com;**
>
>**Arrow Masonry and Exteriors, Inc., 515 S. Vermont, Palatine, IL 60067, (312) 329-0750, arrow@tuckpointing.com.**

5. Identify all insurance claims made by You or any owner of any unit in the Property, as it pertains to claims for the Property, the Condominium or any condominium within the Property. Identify when the insurance claim was made, to which insurance company, the method of communication and the content of said communication.

**ANSWER:** **On or about October 15, 2016, the Gonrings filed a claim with their homeowner's insurance, Country Financial, after a bicycle that was parked in the back of the Property was stolen. See GONRING000224, produced herewith.**

>**Further answering, on or about October 9, 2017, the 2726 West Cortez Condominium Association (the "Association") submitted a claim to Erie Insurance Group under its Ultrapack Plus Commercial Property Coverage Policy to determine the cause of water infiltration occurring in Unit 3 of 2726 W. Cortez St., Chicago, IL 60622 (the "Property"). Answering further, see Exhibits M, N, and O attached to the 2nd Amended Verified Complaint.**

6. Identify each person that you expect to call to testify at trial and for each such person, state the subject of that person's testimony. If such person is an opinion witness, also state the subject matter on which the opinion witness is expected to testify, the conclusions and opinions of the opinion witness and the bases therefor, the qualifications of the opinion witness, and all past affiliations, retentions, employments or engagements in which that person has served as an expert (either consulting or testifying). Also identify for each opinion witness the expert's current curriculum vitae reflecting his or her hour billing rates and all reports of the opinion witness.

**ANSWER:** **Defendant, Kelsey Gonring. Ms. Gonring may be contacted through her counsel, Patzik, Frank & Samotny Ltd. Ms. Gonring will testify about her purchase of Unit 1 of the Property (the "Condominium") with her husband, Nicholas Gonring; the condition of the Condominium while owned by the Gonrings, including on the date the Gonrings sold the Condominium to**

3

**Error! Unknown document property name.**

**AIRES; the condition of the Property generally; her knowledge of the history of water infiltration in Unit 3 of the Property; the Commercial Property insurance claim submitted by the Association to determine the cause of the water infiltration in Unit 3; the repairs made to the Property and Unit 3 of the Property by the Association; and the Gonrings' sale of the Condominium to AIRES.**

**Defendant, Nicholas Gonring. Mr. Gonring may be contacted through his counsel, Patzik, Frank & Samotny Ltd. Mr. Gonring will testify about his purchase of Unit 1 of the Property (the "Condominium") with his wife, Kelsey Gonring; the condition of the Condominium while owned by the Gonrings, including on the date the Gonrings sold the Condominium to AIRES; the condition of the Property generally; his knowledge of the history of water infiltration in Unit 3 of the Property; the Commercial Property insurance claim submitted by the Association to determine the cause of the water infiltration in Unit 3; and the repairs made to the Property and Unit 3 of the Property by the Association; and the Gonrings' sale of the Condominium to AIRES.**

**Plaintiff, Melinda Sgariglia. Ms. Sgariglia is expected to testify about her purchase of the Condominium from AIRES: the condition of the Condominium when purchased; and the nature of the defects complained of in the 2nd Amended Verified Complaint.**

**Amanda Flucker or other corporate representative of Defendant AIRES. This witness is expected to testify about AIRES' purchase of the Condominium from the Gonrings and AIRES' sale of the Condominium to Plaintiff.**

**Arrow Maonry and Exteriors, Inc. employees. Employees of Arrow Masonry and Exteriors, Inc. ("Arrow") are expected to testify about the previous water infiltration in Unit 3 of the Property; and the repairs performed by Arrow that resolved the same.**

**John Gorr. Mr. Gorr is expected to testify about the history of water infiltration un Unit 3 of the Property; the Commercial Property insurance claim submitted by the Association to determine the cause of the water infiltration in Unit 3; the repairs performed by Arrow, which resolved the water infiltration in Unit 3 of the Property; and the nature of the defects complained of in the 2nd Amended Verified Complaint, including how these defects differ from the water infiltration in Unit 3 that was resolved by Arrow.**

**Ryan Brown. Mr. Brown is expected to testify about the history of water infiltration in Unit 3 of the Property; the Commercial Property insurance claim submitted by the Association to determine the cause of the water infiltration in Unit 3; the repairs performed by Arrow, which resolved the water infiltration in Unit 3 of the Property; and the nature of the defects**

4

> **complained of in the 2nd Amended Verified Complaint, including how these defects differ from the water infiltration resolved by Arrow.**
>
> **Ms. Gonring reserves the right to supplement this list before trial.**
>
> **Ms. Gonring has not determined which expert witnesses, if any, she may call at trial. Ms. Gonring will provide her witness disclosures pursuant to a scheduling order from the Court.**

7. State all the individuals or companies to whom You provided copies of the ESI report or any quotes for repairs to the Property. Please identify the name of the person or company, last known address, telephone number and email.

**ANSWER:** **Ms. Gonring did not provide a copy of the ESI report or any quotes for repairs to the Property to any individual or company.**

8. Identify which companies You or Mr. Gonring contacted to obtain estimates for the Property repair. Identify the names, last known addresses, phone numbers and emails of said companies.

**ANSWER:** **Ms. Gonring, on behalf of the Association, obtained an estimate from Arrow Masonry and Exteriors, Inc., 515 S. Vermont, Palatine, IL 60067, (312) 329-0750, arrow@tuckpointing.com.**

9. On May 17, 2018, describe in detail all defects You were aware of as to the Property.

**ANSWER:** **Ms. Gonring objects to Interrogatory No. 9 to the extent that it calls for a narrative response that is more appropriate for a deposition. Subject to and without waiver of this objection and the general objections set forth above, Ms. Gonring was aware that Unit 3 of the Property had a history of water infiltration. However, this water infiltration was resolved by Arrow, which was retained by the Association to resolve the issue. Answering further, see GONRING000148-154.**

10. On May 17, 2018, describe in detail all defects You were aware of as to the Condominium.

**ANSWER:** **Ms. Gonring objects to Interrogatory No. 10 to the extent that it calls for a narrative response that is more appropriate for a deposition. Subject to and without waiver of this objection and the general objections set forth above, none.**

11. On what date did You or anyone on your behalf pay Arrow Masonry and Exteriors, Inc. any monies as it pertains to repairs to the Property, Condominium, or any units within the Property.

**ANSWER:** **On May 30, 2018, the Gonrings paid a 50% down payment to Arrow in the amount of $6,231.00 based on the percentage owed by the Condominium for special assessments for repairs covered by the Association. On June 8, 2018, the Gonrings paid the remaining balance owed by the Condominium to Arrow in the amount of $6,230.00. Answering further, the Gonrings lack sufficient knowledge to identify what dates the owners of Unit 2 or Unit 3 of the Property paid the percentage owed by those units to Arrow.**

12. On what date did Arrow Masonry and Exteriors, Inc. commence work on the Property, Condominium, or other units in the Property and what date did Arrow Construction conclude their work?

**ANSWER:** **Arrow commenced work on the Property on May 31, 2018 and concluded work on June 6, 2018.**

13. What did You do, if anything, to determine if Arrow Masonry and Exteriors, Inc. performed its work in a good and workmanlike manner?

**ANSWER:** **Ms. Gonring objects to Interrogatory No. 13 to the extent that it implies that Ms. Gonring has a duty to inspect and/or determine that Arrow performed its work in a good and workmanlike manner. Subject to and without waiver of this objection and the general objections set forth above, Arrow performed the work recommended in the ESI report. Answering further, John Gorr, the owner of Unit 3 and then-president of the Association, informed the Gonrings that Arrow performed the repair work well and that the work performed by Arrow resolved the water infiltration in Unit 3.**

14. Identify Your real estate agent who represented You in the purchase of the Condominium. Please provide his or her name, last known address, phone number and email address.

**ANSWER:** **Garret Luehrs, Coldwell Banker, 1910 N Clybourn Ave, Chicago, IL 60614, (847) 209-0869, garrett.luehrs@cbexchange.com.**

15. Identify all email addresses used by You from January 1, 2016 to the present.

**ANSWER:** **From January 1, 2016 to the present, Ms. Gonring has used the following email addresses: kelseygonring@gmail.com; Kelsey_gonring@rush.edu. Ms. Gonring may be contacted through her counsel, Patzik, Frank & Samotny Ltd.**

### Responses to Document Production Requests

1. All documents You relied upon in any way in responding to the 2nd Amended Complaint including, without limitation, all documents identified in Your Answer and all documents used in drafting Your Answer.

6

**Error! Unknown document property name.**

**RESPONSE:** **Ms. Gonring objects to Request No. 1 to the extent that it seeks to compel Ms. Gonring to produce documents that are protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiver of this objection and the General Objections set forth above, see GONRING000001-298.**

2. All documents that You contend support any of Your defenses.

**RESPONSE:** **Ms. Gonring objects to Request No. 2 to the extent that it seeks to compel Ms. Gonring to produce documents that are protected by the attorney-client or the attorney work-product doctrine. Subject to and without waiver of this objection and the General Objections set forth above, see the documents Bates No. GONRING000001-298. In addition, Ms. Gonring's search is ongoing and non-privileged responsive documents identified will be produced at a mutually convenient time and location. To the extent that Ms. Gonring's search for responsive documents is ongoing, and to the extent that she is informed and believes that documents responsive to this request have been requested of Plaintiff and will be produced in discovery, Ms. Gonring's investigation continues.**

3. All documents concerning any insurance coverage for the Property or Condominium.

**RESPONSE:** **The Gonrings' homeowner's insurance policy through Country Financial for the Condominium is produced herewith as GONRING000225-228. Answering further, Ms. Gonring is not in possession of any documents concerning insurance coverage for the Property.**

4. All correspondences or communications of any kind between Defendants.

**RESPONSE:** **Ms. Gonring objects to Request No. 4 on the grounds that it seeks confidential marital communications. Subject to and without waiver of this objection and the General Objections set forth above, see GONRING0000040-55; 000082-115; 000122-133; 000148-159; and 000176-179.**

5. All correspondences or communications of any kind between anyone as it pertains to the Property or the Condominium.

**RESPONSE:** **In addition to the General Objections, Ms. Gonring objects to this request on the grounds that the request is overly broad, unduly burdensome, and seeks production of documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections and the General Objections set forth above, see GONRING000001-298.**

6. All correspondence between any of the owners or occupants of any condominium in the Property.

**RESPONSE:** **In addition to the General Objections, Ms. Gonring objects to this request on the grounds that the request is overly broad, unduly burdensome, and seeks production of documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mr. Gonring also objects to this request to the extent that it seeks confidential marital communications. Subject to and without waiver of these objections and the General Objections set forth above, see GONRING0000040-55; 000176-179; and 000229-248.**

7. All contracts, invoices, and/or correspondence between You and AIRES.

**RESPONSE:** **See GONRING000082-115, 000122-133, and 000148-159.**

8. All documents you used in support of Your answers in the Residential Real Property Disclosure Report.

**RESPONSE:** **Ms. Gonring did not rely on documents in completing the Residential Real Property Disclosure Report. Answering further, Ms. Gonring relied on her personal knowledge of the condition of the Condominium in completing the Residential Real Property Disclosure Report.**

9. Please provide all correspondence between You, Mr. Gonring and/or Sarah M. Wilkins.

**RESPONSE:** **Ms. Gonring objects to Request No. 4 on the grounds that this request seeks confidential marital communications. Subject to and without waiver of this objection and the General Objection set forth above, see GONRING122-127 and 000131-133.**

10. All sworn or unsworn statements obtained from any individual or entity relating to the allegations or defenses asserted in this litigation, whether taken by Defendants or not.

**RESPONSE:** **Ms. Gonring objects to the request on the grounds that the term "statements" is vague, ambiguous, and fails to seek information with sufficient particularity. Ms. Gonring further objects to the extent that this request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiver of these objections and the General Objections set forth above, see all documents produced during the course of discovery that might be construed as containing a statement.**

11. All documents provided by You to any expert that You have retained, will retain, or whom You have consulted regarding Plaintiff's claims against Defendants. Produce all documents that You received from any such expert including, but not limited to, all correspondences, documents relied upon by the expert as the basis for each of his or her opinions, and any documents reflecting the expert's opinion.

**RESPONSE:** Ms. Gonring has not yet made any decisions regarding expert witnesses in this lawsuit, and will supplement her response to this request at a time required pursuant to the Court's case management and standing orders.

12. All emails between You and any contractor or contractors as it pertains to estimates for repair or repairs as it relates to the Condominium and/ or Property.

**RESPONSE:** See GONRING000057-60 and 000249.

13. Any and all contracts between AIRES and any Defendant.

**RESPONSE:** Ms. Gonring objects to this request as duplicative of Request No. 7. Ms. Gonring incorporates herein her response to Request No. 7 as her response to Request No. 13.

14. Any correspondence between any of the owners or occupants of the Property.

**RESPONSE:** Ms. Gonring objects to this request as duplicative of Request No. 6. Ms. Gonring incorporates herein her response to Request No. 6 as her response to Request No. 14.

15. Any and all documents received by You from third parties that concerns or relates to the allegations of the Complaint, 1st Amended Complaint, 2nd Amended Complaint.

**RESPONSE:** Ms. Gonring objects to Request No. 15 on the grounds that this request is vague, ambiguous, and fails to seek information with sufficient particularity. Ms. Gonring further objects to the extent that this request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiver of these objections and the General Objections set forth above, see GONRING000001-298.

16. Any and all emails or other correspondence pertaining to the marketing and/or sale of the Condominium, including from any brokers, between brokers, from any prospective purchasers, or any other person as it relates to the Condominium marketing and/or sale.

**RESPONSE:** Ms. Gonring objects to Request No. 16 on the basis that the phrase "the marketing and/or sale of the Condominium" is vague, ambiguous, and fails to seek information with sufficient particularity. Subject to and without waiver of this objection and the General Objections set forth above, the Gonrings entered the Relocation Real Estate Purchase and Sale Agreement with AIRES on the Sale Date pursuant to the U.S. Domestic Relocation Policy offered by Mr. Gonring's employer and the Gonrings did not market the Condominium in connection with this sale. Answering further, see GONRING000082-115, 000122-133; 000148-159; 000180-223; and 000254-298.

17. Any minutes, resolutions or any other documents pertaining to the Board of the Property.

9

**RESPONSE:** **In addition to the General Objections, Ms. Gonring objects to this request on the grounds that this request is overly broad, unduly burdensome, and seeks production of documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections and the General Objections set forth above, see GONRING000056 and 000247-248.**

18. Any and all documents between You and the former owners of the Condominium, including any correspondence, lawsuits, settlement agreements, demands, photographs or other forms of communication.

**RESPONSE:** **In addition to the General Objections Ms. Gonring objects to this request on the grounds that this request is overly broad, unduly burdensome, and seeks production of documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections and the General Objections set forth above, Ms. Gonring is not in possession of any documents responsive to this request.**

19. All correspondence related to the ESI (Engineering Systems, Inc.) report or any estimates for repairs to the Property or any units within the Property.

**RESPONSE: See GONRING000040-41 and 000049-60.**

20. All correspondence related to any insurance claims as it pertains to the Property, the Condominium or any units within the Property.

**RESPONSE: See GONRING000224.**

21. Your inspection report when you purchased the Condominium.

**RESPONSE: See GONRING000180-223.**

22. All correspondence with John Gorr, including any attachments to any emails.

**RESPONSE:** **In addition to the General Objections, Ms. Gonring objects to this request on the grounds that, by seeking, without limitation, "[a]ll correspondence with John Gorr", the request is overly broad, unduly burdensome, and seeks production of documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Gonring further objects to this request as duplicative of Request Nos. 6 and 14. Ms. Gonring incorporates herein her responses to Request Nos. 6 and 14 as her response to Request No. 22.**

23. Copies of all checks or other forms of payment that pertain to any repairs to the Property, the Condominium or any unit within the Property.

**RESPONSE: See GONRING000250-253.**

24. All correspondence between Plaintiff and any Defendant.

**RESPONSE: Ms. Gonring objects to Request No. 15 to the extent that this request seeks the production of documents that are already in Plaintiff's custody or control. Ms. Gonring also objects to this request as it seeks confidential marital communications. Subject to these objections and the General Objections set forth above, Ms. Gonring is not in possession of any documents responsive to this request.**

25. Any and all correspondence with any third party as it pertains to the Condominium or Property.

**RESPONSE: In addition to the General Objections, Ms. Gonring objects to this request on the grounds that this request is overly broad, unduly burdensome, and seeks production of documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Gonring further objects to this request as duplicative of Request No. 5. Ms. Gonring incorporates herein her response to Request No. 5 as her response to Request No. 22.**

26. Any and all documents that You will present in trial or in any Motions.

**RESPONSE: Ms. Gonring objects to the request that she produce documents that she will "present…in any Motions" as it seeks to compel Ms. Gonring to determine what documents to produce based on decisions and actions that she may or may not undertake in the future. In addition, Ms. Gonring objects to this request to the extent that it seeks to compel her to produce documents that are protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiver of these objections and the General Objections set forth above, Ms. Gonring has not yet determined what documents she intends to introduce at trial and will supplement her response to this request at a time required pursuant to the Court's case management and standing orders.**

27. All attachments to the email dated December 4, 2017, 8:51 p.m., as disclosed by You.

**RESPONSE: See GONRING000230-246.**

                                      **KELSEY GONRING**

                           By:   /s/ Elizabeth L. Archerd
                                  One of Her Attorneys

Jordan Finfer (ARDC# 6296373) (jfinfer@pfs-law.com)
Scott M. Kaplan (ARDC# 6317136) (skaplan@pfs-law.com)
Elizabeth Archerd (ARDC# 6329394) (earcherd@pfs-law.com)
Patzik, Frank & Samotny Ltd.
200 S. Wacker Drive, Suite 2700
Chicago, IL 60606
312/551-8300
312/551-1101 (Fax)

**Error! Unknown document property name.**

## CERTIFICATE OF SERVICE

The undersigned, under penalties as provided by law certifies that a copy of **Defendant Kelsey Gonring's Objections and Answers to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents** was served upon:

Carol Oshana (oshanalaw@yahoo.com)
Oshana Law
33. N. Dearborn, Suite 200
Chicago, IL 60602

Edward P. Gibbons (egibbons@walkerwilcox.com)
Arthur J. McColgan (amccolgan@walkerwilcox.com)
Matthew W. Casey (MCasey@walkerwilcox.com)
Walker Wilcox Matousek LLP
One N. Franklin, Suite 3200
Chicago, IL 60606

via email to the email address set forth above, on this 15th day of June, 2020.

/s/ Natalie Vizzini

## **VERIFICATION**

Under penalties of perjury under the laws of the United States of America as provided by law pursuant to 28 U.S.C. §1746, Kelsey Gonring certifies that the statements set forth in Defendant Kelsey Gonring's Objections and Answers to Plaintiff's First Set of Interrogatories are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

*Kelsey Gonring*

Kelsey Gonring

  6/15/2020  
Date