IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| MELINDA SGARIGLIA, | ) | 1:19-cv-05684 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Robert Gettleman |
| | ) | |
| AMERICAN INTERNATIONAL RELOCATION SERVICES, LLC, D.B.A. AIRES, AN ILLINOIS LIMITED LIABILITY CORPORATION, NICHOLAS GONRING & KELSEY GONRING, | ) ) ) ) ) ) | |
| Defendants. | ) | |
| NICHOLAS GONRING & KELSEY GONRING, | ) ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 2726 WEST CORTEZ CONDOMINIUM, AN ILLINOIS CORPORATION, & JOHN GORR, | ) ) ) | |
| Third-Party Defendants. | ) | |

**THIRD-PARTY DEFENDANTS' RENEWED STATEMENT OF UNCONTESTED MATERIAL FACTS ("TPDSUMF")**

1. Prior to July 25, 2018, the Gonrings owned Unit 1 in a three-condo building located at 2726 W. Cortez Ave., Chicago, IL (the "building"). (Third-Party Cplt. ¶¶ 9 &10 ECF 55.)

2. Gorr is the owner of Unit 3 in the building and, at relevant times, the president of the Association. (*Id.* ¶ 3.)

3. In December 2017, Gorr notified the other condo owners that his unit was experiencing water infiltration from a common element in the building, and requested that the condo association pay for remediation. (*Id.* ¶¶ 14 & 15.)

4. In the spring of 2018, the Gonrings relocated to Michigan for work and retained the relocation firm of American International relocation Services ("AIRES") to handle aspects of their relocation, including the sale of their condo unit. (*Id.* ¶ 26.)

5. On May 7, 2018, after retaining a restoration firm to determine the source of the water infiltration, the Association hired the firm of Arrow Masonry and Exteriors, Inc. ("Arrow") to remediate water infiltration into Gorr's unit. (*Id.* ¶ 20.)

6. Because the restoration firm had determined that the water was entering Gorr's unit through a flaw in one of the common areas, the Association agreed to treat the cost of repair as an Association expense and declared a special assessment to be paid by the three condo owners based upon their *pro rata* shares of ownership in the Building, thereby fully funding the cost of repair. (*Id.*)

7. On June 4, 2018, when Arrow completed its work, Gorr believed that the water infiltration problem with his unit had been fully remediated and that no further work was needed. (Gorr Decl. ¶ 6 attached hereto as Exhibit 1).

8. Four days after Arrow completed its work, on June 8, 2018, Plaintiff, Sgariglia, signed a contract to purchase the Gonrings' unit, in connection with the Gonrings submitted a written disclosure form to the Sgariglia, which the Gonrings signed on or about May 29-30, 2018, and made additional representations through their attorney. (Third-Party Cplt. ¶ 28; Cplt. ¶¶ 8-15 & Exhibit B-1 & B-2 thereto, ECF Docs. 1 & 1-1.)

9. On June 14, 2018, as part of the contract, and as statutorily required by 765 ILCS 605/22.1, Gorr, as the Association president, prepared and signed a Section 22.1 Disclosure Statement (the "Disclosure Statement"). (Third-Party Cplt. ¶¶ 31-33 & Exhibit B thereto at 2.)

10. The Disclosure Statement stated, among other things, that there were no "capital expenditures anticipated by the Association for the current or next two fiscal years that would require a special assessment and/or increase in the monthly assessment to the unit owners." (Exhibit B to Third-Party Cplt. ¶ 4.)

11. Five days after issuing the Disclosure Statement, on June 19, 2018, Gorr listed his unit for sale. (Exhibit "1" ¶ 9.)

12. On June 26, 2019, nearly two weeks after issuing the Disclosure Statement to Sgariglia, Gorr entered into a sales contract for his unit. (*Id.* ¶ 10.)

13. The sales contract provided that the sale was contingent upon a satisfactory home inspection. (*Id.* ¶ 11.)

14. However, three days after signing the contract, the inspector hired by the buyer found an excessive amount of moisture in the unit. (*Id.* ¶ 12.)

15. The purchaser notified Gorr of the inspector's findings and voided the sale. (*Id.* ¶ 13.)

16. Still unaware of the existence of mold in his unit, Gorr relisted the unit. (*Id.* ¶ 14.)

17. However, a second contract for the sale of Gorr's unit also failed, based upon an inspection report issued on July 22, 2018, which also found excessive amount of moisture in Gorr's unit. (*Id.* ¶ 15 & Exhibit "A" thereto at 1, 4, 6, 8, 12, 16.)

18. While both of the inspection reports found evidence of excessive moisture, neither report identified mold growth in Gorr's unit. (*Id.* ¶ 16 & Exhibit "A" thereto.)

19. On July 31, 2018, as a result of the two failed inspection reports, Gorr hired MI&T Mold Inspection Testing, who found that the unit tested positive for mold. (*Id.* ¶ 17.)

20. As a result, Gorr decided to replace some of the floorboards in his unit. (*Id.* ¶ 18.)

3

21. On September 7, 2018, the floorboards were removed, and Gorr first discovered that the subflooring was severely damaged and that mold was growing behind the walls. (Exhibit "1" ¶ 19.)

22. On September 7, 2018, Gorr transmitted this information to Plaintiff and the owner of Unit 2 in the building. (Exhibit C to Third-Party Cplt. at 4.)

23. On June 20, 2019, Sgariglia filed a Complaint against both the Gonrings and AIRES, alleging claims of: statutory violation of the Illinois Residential Real Property Disclosure Act by the Gonrings (ECF Doc. 1-1 ¶¶ 35-38); fraudulent concealment by both Defendants (*id.* ¶¶ 39-46); and, breach of contract through breach of the covenant of good faith and fair dealing by both Defendants (*id.* ¶¶ 47-49).

24. Count I alleged a knowing violation of the Illinois Residential Real Property Disclosure Act by the Gonrings for failing to disclosure known defects in the building or the existence of prior insurance claims within the prior five years. (ECF Doc. 1-1 ¶¶ 35-38.)

25. Count II alleged fraudulent concealment by all Defendants. (ECF Doc. 1-1 ¶¶ 39-46.)

26. Count III alleged an intentional breach of contract through a breach of the covenant of good faith and fair dealing by all Defendants; each of the three claims alleges an intentional tort. (ECF Doc. 1-1 ¶¶ 47-49.)

27. The Gonrings filed their Third-Party Complaint on June 12, 2020. (ECF Doc. 55 at 1.)

28. On June 14, 2018, Kelsey Gonring specifically sent an email to Gorr stating in part: "Attached is the 22.1 filed out by Ryan when we purchased. Doesn't seem like there is question pertaining to leaks so there would be no need to go into detail about issues in your unit or the

building. Question 8 asks for board meeting minutes showing approval of special assessments. We can provide minutes for the meeting where we decided on hiring Arrow. No need to go into a detailed history of how and why we came to that conclusion since that is not what they are asking for. I will draft a very brief document stating our decision to hire Arrow following a recommendation to seal the building and the percentage breakdown per unit for that work." (ECF. Doc. 210 at Gorr00229; Gorr Decl. ¶ 7)

29. 27 minutes later, Kelsey Gonring directs Gorr to send the Disclosure Statement to Plaintiff's representative explaining "[p]robably best if [Plaintiff's representative] gets it from you…" (ECF. Doc. 210 at Gorr00229; Gorr Decl. ¶ 7)

30. The Sellers Property Disclosure Statement answer to Question 6(a) which has a handwritten statement from Third-Party Plaintiffs that "Unit 3 had leaks on West Facing windows HOA sealed building to resolve Unit 3 leak." (ECF Doc. 1-1 Exhibit B-2).

31. The Sellers Property Disclosure Statement was signed by Gonrings on May 29-30, 2018. (*Id.*)

32. The Sellers Property Disclosure Statement was never reviewed nor signed by Gorr. (*Id.*)

                                                  Respectfully submitted,
                                                  **2726 WEST CORTEZ CONDOMINIUM and JOHN GORR**
                                                  Third-Party Defendants

                                                  By:  */s/ Ross M. Good*
                                                             One of Their Attorneys

David Eisenberg, Esq.
Alexander Loftus, Esq.
Ross M. Good, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
david@loftusandeisenberg.com
alex@loftusandeisenberg.com
ross@loftusandeisenberg.com

Dated: July 27, 2023