# Exhibit 15


### ATTORNEY & COUNSELOR AT LAW

TERRACE EXECUTIVE CENTER
1 SOUTH 376 SUMMIT AVENUE, COURT D
OAKBROOK TERRACE, ILLINOIS 60181

TELEPHONE   630.629.3203
FACSIMILE    630.629.0580

June 18, 2018

Via Facsimile: 630-230-1119

Mr. Thomas B. Hawbecker
Hawbecker & Garver, LLC
26 Blaine Street
Hinsdale, IL 60521

Re:   Sale of 2726 West Cortez Street Unit 1, Chicago, IL 60622 (the "Property") by American International
Relocation Solutions, LLC (the "Seller") to Melinda Sgariglia (the "Buyer")

### Attorney Modifications Response Letter

Dear Mr. Hawbecker:

As you are aware, my office represents the Seller, American International Relocation Solutions, LLC, with respect to
the subject real estate transaction. The Seller has reviewed your letter dated June 14, 2018 concerning contract
modifications and has provided the following response:

1.  Seller reports that the Property's parking space, P-1, is a limited common element of which the exclusive
    right to use is included in the Property's legal description.

2.  Seller reports that a storage space is not deeded or listed as a limited common element of which the
    exclusive right to use is included in the Property's legal description. Inquiry has been made with the
    condominium association regarding whether a storage space that has been assigned to the Property, and
    a further response will be provided.

3.  Seller confirms that the contract purchase price is $510,000.00.

4.  Seller agrees that Buyers shall tender the balance of earnest money no later than 3 business days
    following the conclusion of the attorney review/home inspection period.

5.  With respect to Item 5:

    a.  Seller confirms that the date specified at **Line 36** reads July 6, 2018.

    b.  Seller agrees to make the contract contingent upon the Property appraising for at least the
        purchase price. Should the Property fail to appraise, Seller reserves the option to renegotiate the
        purchase price with Buyer and proceed with the transaction.

    c.  Seller agrees to strike from the contract all references to Seller obtaining financing on Buyer's
        behalf.

    d.  Seller agrees to modify **Lines 36-37**; the phrase "written mortgage commitment" shall be
        replaced with the phrase "clear to close."

    e.  Seller respectfully declines to limit Seller's contract termination rights as they relate to financing
        contingency extension requests. However, Seller generally considers extensions of the mortgage
        contingency in good faith.

Mr. Thomas B. Hawbecker
June 18, 2018
Page 2

6. With respect to Item 6:

   a. Seller confirms that the contract closing date is July 25, 2018.

   b. Seller agrees not to treat delays in the closing date due to a lender's compliance with TRID or other regulations as a default by Buyers, provided such delays are not intentionally caused by Buyers.

   c. Seller agrees that the closing may take place at the Chicago Loop location of Attorneys' Title Guaranty Fund, Inc.

7. Inquiry has been made with Seller regarding prorating the 2018 taxes, and a further response will be provided.

8. With respect to Item 8:

   a. Seller agrees to be responsible for those special assessments of which it is Seller's responsibility to pay, and of which are enacted and levied prior to closing.

   b. Seller respectfully declines to modify **Paragraph 12, Line 73**.

   c. Seller has made inquiry with the Property's condominium association regarding the amount and what is included in the Property's monthly assessment, and a further response will be provided.

   d. Seller agrees to abide by the Illinois Condominium Property Act and provide Buyer those required documents as delineated in 765 ILCS 605/22.1(a), with Buyer's approval of those documents to be consistent with **Paragraph 12, Lines 75–79** of the contract.

   e. As a third-party corporate relocation company, Seller is unable to make verifications regarding whether the Property has experienced water leaking or water damage. However, Seller agrees to abide by the terms of the "Buyer's Duty to Inspect/Test" section of the Aires addendum with respect to possible leaks, seepage, or water infiltration of the Property, as Seller would have no knowledge of such matters unless raised during the home inspection process.

9. With respect to Item 9:

   a. As a third-party corporate relocation company that has never occupied the Property, Seller is unable to make representations or warranties regarding whether insurance claims have been made against the Property, as Seller would have no knowledge of such matters.

   b. Seller reports that the Property was only subject to a homeowner's exemption within the most recently ascertainable full year tax bill. As a third-party corporate relocation company, Seller is unable to make representations or warranties beyond its factual report.

   c. Please see Number 9(b) above. Additionally, as Seller understands Cook County's application for the homeowner's exemption, Buyer needs only to affirm that the Property was occupied by its current or previous owner as a principal residence as of January 1, 2018. Seller reports that the Property was owner-occupied at the beginning of the 2018 tax year. Thus, Buyer would be able to apply for a homeowner's exemption if the homeowners have vacated the Property before applying. As a third-party corporate relocation company, Seller is unable to make representations or warranties beyond its factual report.

   d. Seller reports that no work was done on the Property without obtaining the necessary permits. As a third-party corporate relocation company, Seller is unable to make representations or warranties beyond its factual report.

Mr. Thomas B. Hawbecker
June 18, 2018
Page 3

    e.  Seller reports that the Property is not subject to any current or pending complaints, violations, suits, notices, or other citations. As a third-party corporate relocation company, Seller is unable to make representations or warranties beyond its factual report.

10.  Seller agrees to abide by Section 40 of the Illinois Residential Real Property Disclosure Act with respect to Buyer's rights to terminate the contract should Buyer receive a Residential Real Property Disclosure Report supplement from Seller.

11.  Seller agrees to follow the necessary procedures to ensure Buyer receives a title policy with extended coverage.

12.  Seller reports that it is not a foreign person and will provide said proof at closing.

13.  Please see Number 8(e) above.

14.  Seller acknowledges Buyer's request for an early morning closing.

15.  Inquiry has been made with the Property's condominium association regarding whether rental restrictions are in place, and a further response will be provided.

Seller is reviewing the home inspection issues, and a response will be provided under separate cover. Please sign and fax or email a copy of this letter to signify your client's agreement of the foregoing matters.

Very truly yours,

Sarah M. Wilkins
Attorney for Seller

cc:    Amanda Flucker – AlReS
      Gretchen Lombardi – RRERS
      Garrett Luehrs – Coldwell Banker (Lincoln Park)
      Megan Caruso - @ Properties (Bucktown)

AGREED: _____      DATED: _____