# Exhibit 24

Addendum to Purchase and Sale Agreement: 1, March 1, 2011



## American International Relocation Solutions
### Addendum to Purchase and Sale Agreement

This is an addendum to a Purchase and Sale Agreement (the "Agreement") dated as of ___June 6, 2018___ between American International Relocation Solutions, LLC (Aires), a Pennsylvania Corporation as Seller and ___Melinda Sgariglia___ as Buyer, with respect to the land, buildings, improvements and contents located at: 2726 W. Cortez Street Unit 1, Chicago, IL 60622 (the "Property"). In the event of any conflict between the provisions of this Rider and the provisions of the Agreement, the provisions of this Rider shall control.

**Ownership:** The terms and conditions of this agreement, which apply to the seller, are subject to the seller becoming contractual owner.

**Seller's Authority:** No Agreement for the sale of the Property shall be deemed effective unless executed in writing by Seller. Any offer or counter-offer executed by a real estate broker or agent on behalf of Seller (other than a corporate officer of Seller) shall not be binding on Seller unless and until confirmed in writing and signed by Seller.

**Seller's Representations:** Any representation by seller shall be to the best of the seller's knowledge and belief without inquiry or investigation. No representation shall survive the closing unless specifically expressed herein.

**Condition of Premises:** Buyer understands that Seller is a relocation management service and has never lived on or in the Property. The Property, including the contents (fixtures, appliances and personal property), being sold and purchased are not new, and are being sold "as is", in their present condition. Neither Seller nor any of its agents make any representations concerning the Property, including but not limited to, representations regarding the size of the buildings and improvements, the presence or absence of toxic or hazardous substances, or the presence or absence of any encroachments or unrecorded easements, except as follows:

**Tests, Inspections, and disclosures:** The following tests, inspections, and disclosure have been completed in, on or with respect to the Property and Buyer acknowledges receipt of the documentation specified below in regard to those tests or inspections:

| Type of Disclosure | Date | Done By |
|---|---|---|
| Aires Sellers Disclosure Form | 5/30/18 | Nicholas Gonring |
| State Disclosure Form | 5/18/18 | Nicholas Gonring |
| Aires Signed State Disclosure Form | 6/6/18 | Aires Relocation |

Other
The above documents are being given to Buyer for informational purposes only. They represent the opinions of the individuals or firms who prepared them. Seller makes no representations as to the accuracy of the information given and makes no agreement to undertake or perform any action recommended in any of the reports.

Unless specifically noted, Seller has no knowledge concerning the presence of radon gas, asbestos, mold, synthetic stucco, or other allergen, toxic or hazardous substances in the Property. However, Buyer shall not interpret Seller's lack of knowledge as a representation that the Property is free of these or other toxic or hazardous substances.

**Buyer's Duty to Inspect/Test:** Buyer agrees to inspect or to have the Property inspected by others on Buyer's behalf to determine the existence of defects, if any. All and any inspections shall be at Buyer's sole cost and expense. Seller encourages Buyer to secure such surveys, professional building inspection reports, any inspections or reports necessary to determine the presence of radon gas, asbestos, mold, synthetic stucco, or other toxic or hazardous substances in or about the

Property, and other reports and inspections as are appropriate to determine the condition of the Property.

All inspections and tests must be conducted, and any defects reported to Seller in writing, within ten (10) calendar days after the date Buyer signs this Rider. A photocopy of the complete written report from Buyer's testing company must accompany such report of any defects. Within seven (7) calendar days from the date Seller receives Buyer's written notice of any defects, Seller will advise Buyer or Buyer's Attorney, in writing, as to how Seller shall proceed. If the defects are those that Seller has already disclosed, then Buyer shall consummate the purchase transaction according to the terms of the Agreement and this Rider.

If the defects are not defects disclosed by Seller, then Seller shall have the option of: a) Treat the condition and repair the defect at Seller's own cost and expense, in which event Buyer agrees to consummate the purchase transaction according to the terms of the Agreement and this Rider; or b) Give the Buyer a credit for the cost of repair, at settlement, in which event Buyer agrees to consummate the purchase transaction according to the terms of the Agreement and this Rider. If a credit is given, buyers agree to sign a release; or c) Terminate the Agreement and this Rider and refund to the Buyer their deposit or earnest money. Should Seller elect to terminate, the Buyer shall still have the right to consummate the purchase transaction, taking the Property in "as is" condition, with whatever defects exist. To exercise this right, Buyer must provide Seller with written notice of such intention within four (4) days from receipt of Seller's notice of its election to terminate.

In addition, Buyer shall have the right to make a final inspection of the Property ("walk through") 48 hours prior to settlement to be sure that the condition of the home has not deteriorated from the date of the Agreement. Buyer must immediately notify Seller of any new condition that exists. Immediately prior to settlement Buyer may make final inspection to determine that the condition of the home has not deteriorated in the prior 48 hours (ordinary wear and tear excepted).

**Settlement as Final:** Buyer's (a) failure to notify Seller in writing of any defects within the time limits provided in this Rider or (b) acceptance of the Deed at settlement shall constitute Buyer's full acceptance of the condition of the Property and a waiver of Buyer's right to object to its condition or assert any claim related to the Property at any time in the future. This provision shall survive delivery of the Deed and the closing. Pro-rations: All pro-rations are final. No re-pro-rations will be made after the closing.

**Toxic or Hazardous Substances:** Buyer assumes all risk of loss, damage or injury which may arise as a result of, or may be in any way connected with, the presence of radon gas, asbestos mold, synthetic stucco or any other toxic or hazardous substance in or about the Property. Buyer fully and forever releases and discharges Seller, its officers, employees and agents from any and all claims, liabilities, expenses and damages, whether now or hereafter known, which Buyers have or may hereafter have against Seller, its officers and agents. Buyer releases and indemnifies Seller, its officers, employees and agents from and against any loss, damage, cost or expense (including attorney's fees) relating to any substances in or about the Property, which claim is made by Buyer, or any person Buyer allows to reside in or about the Property or come in contact with the Property. This provision shall survive delivery of the Deed and closing.

**Purchase Price:** The Purchase Price for the Property shall be: $

**Title Company:** The company to issue the title insurance policy shall be: Sarah M. Wilkins, Attorney & Counselor at Law

**Title/Closing Contact:** Terry 630-629-3203

**Closing:** The closing shall be through the agency listed above for Title.

**Additional Provisions:**
**Arbitration:** Seller does not agree to participate in any arbitration or mediation in the event of any dispute arising from this transaction.

**Credits:** Any and all credits granted by the seller to the buyer must appear on the Closing Disclosure. Seller shall not have any obligation to grant any credit that does not appear on the Closing Disclosure.

**Execution of Agreement and Rider:** Neither Seller nor Buyer is bound by the Agreement or this Rider unless and until the Agreement and this Rider are executed by both Seller and Buyer.

**Severability:** In the event that any provision of this Rider conflicts with the applicable law of the jurisdiction in which the Property is located, such conflict shall not effect other provisions of this Rider which can be given effect without the conflicting provision.

SELLER: American International Relocation Solutions, LLC

By: Duly Authorized *Amanda Flucker* — 1354FE4D2C9C461...

6/8/2018
DATE

BUYERS: *[signature]* — C7EB81957FEC44F...

6/6/2018
DATE