**In the United States District Court
for the Northern District of Illinois
Eastern Division**

| | |
|---|---|
| Melinda Sgariglia, | |
| Plaintiff, | Case No.: 1:19-cv-05684 |
| vs. | Honorable Robert W. Gettleman |
| American International Relocation Solutions, LLC, et al., | Honorable Gabriel A. Fuentes |
| Defendants. | |

**Defendant American International Relocation Solutions, LLC's LR 56.1(b)(3) Statement of Additional Material Undisputed Facts**

Pursuant to L.R. 56.1(b)(3), Defendant American International Relocation Solutions, LLC ("Aires") submits the following additional material undisputed facts in response to Plaintiff's L.R. 56.1 Statement of Material Undisputed Facts (Dkt. 205):

1. Aires entered into a contract with Gordon Food Service Inc. ("GFS"), to provide relocation services to its employees. (Ex. 1, GFS Contract, ¶ I.A.). However, the contract states that "[t]he relationship between [GFS] and Aires…is that of independent contractor and not that of principal and agent." (Ex. 1, ¶ I.A.).

2. Nicholas Gonring was one such employee of GFS, but there is no contractual agency relationship between Aires and the Gonrings. (Dkt. 91-1, ¶¶ 18-19; Ex. 2, Real Estate Purchase and Sale Agreement.)

1

3.       Sgariglia had two attorneys from the same firm participating in the attorney-review process, Mr. Thomas Hawbecker and Mr. Kirk Langefeld. (Ex. 3, Deposition of K. Langefeld, at 13:4-9; Pl. MSJ[1] Ex. 32 at 14:22-24.)

4.       Mr. Hawbecker testified that attorneys will fully disclose information to one another, to the extent that they get that information from their clients. (Ex. Pl. MSJ Ex. 32 at 106:2-14.)

5.       Sarah Wilkins was the real estate attorney involved in the closing and attorney-review process with Sgariglia. (Ex. 4, Aires Answers to Plaintiff's Interrogatories, Ex. 4.)

6.       Wilkins' client was Aires. (Ex. 4.) Wilkins represented "Aires and Aires only," as she told Sgariglia's attorney. (Ex. 5, July 24, 2018 Email.)

7.       Neither Mr. Hawbecker, Mr. Langfeld, nor Sgariglia ever contacted the Gonrings. (Ex. 3 at 28:12-14; Pl. MSJ Ex. 32 at 48:3-12; Pl. MSJ Ex. 45 at 172:16-24; 173: 1-10.)

8.       Neither Mr. Hawbecker, Mr. Langfeld, nor Sgariglia ever asked if they could contact the Gonrings. (Ex. 3 at 29:2-4; Pl. MSJ Ex. 32 at 48:3-12; Pl. MSJ Ex. 45 at 172:16-24; 173: 1-10.)

9.       Neither Mr. Hawbecker, Mr. Langfeld, nor Sgariglia ever attempted to contact the Gonrings. (Ex. 3 at 28:12-14; 28:20-24; 29:1-7; Pl. MSJ Ex. 32 at 48:3-12; Pl. MSJ Ex. 45 at 172:16-24; 173: 1-10.)

10.     Neither Mr. Hawbecker, Mr. Langfeld, nor Sgariglia ever asked Sarah Wilkins or anyone involved in the attorney-review process whether they or Aires were speaking to the

---

[1] To simplify the Court's review, Defendant Aires refers the court to exhibits filed in connection with Plaintiff's Motion for Summary Judgment (Dkt. 206) ("Pl. MSJ") whenever possible. Aires marks these occasions by citing to Pl. MSJ followed by the exhibit number used by Plaintiff when filing her Motion.

Gornings as part of the closing process. (Ex. 3 at 41:5-12; Pl. MSJ Ex. 32 at 48:3-12; Pl. MSJ Ex. 45 at 172:16-24; 173: 1-10.)

11. No one informed Sgariglia that she could not contact the Gonrings directly. (Pl. MSJ Ex. 45 at 175:3-7.)

12. Aires referred to the Gonrings as the homeowners multiple times in its correspondence with Sgariglia's attorneys. (*See e.g.,* Pl. MSJ Ex. 36; Pl. MSJ Ex. 38; Ex. 6, Home Inspection Response Letter.)

13. In a June 18, 2018 letter, Wilkins, attorney for Aires, twice referred to the Gonrings as the "homeowners" and not the "prior homeowners." (Ex. 6.)

14. On June 22, 2018, Kirk Langefeld, another Sgariglia attorney, responded to the Home Inspection Response Letter and wrote "Ok" next to the paragraphs where Wilkins referred to the Gonrings as the "homeowners." (Ex. 6.)

15. Langefeld again accepted Aires' statements that "homeowners made no claims against their homeowner's insurance within the last five years" in a July 3, 2018 letter to Wilkins. (Ex. 7, July 3, 2018 letter.)

16. Langefeld was the only attorney to sign the attorney review letters after Hawbecker's initial June 14, 2018 letter. (Pl. MSJ Ex. 37; Ex. 7.)

17. On July 12, 2018, Wilkins sent Hawbecker a Title Commitment dated June 13, 2018. (Ex. 8, Title Commitment.)

18. In that Title Commitment, the Title was vested in Nicholas Gonring and Kelsey Gonring, husband and wife, as Tenants by The Entirety. (Ex. 8.)

19. Around that same time, Sgariglia requested three extensions to obtain a loan commitment. (Ex. 9, Extension Requests.)

3

20. In deposition testimony, Sgariglia's attorney Hawbecker testified that if he had known that the Gonrings were the owners of the condominium, the attorney review process would have taken a different tone. (Pl. MSJ Ex. 32 at 42:2-58). As for Sgariglia's other attorney, Langefeld, when asked at his deposition if he had known that the Gonrings were the owners, would he have acted differently, he testified "I would say no." (Ex. 3, at 35:17-23.)

Date: July 28, 2023

Respectfully submitted,

American International Relocation Solutions, LLC

/s/ Arthur J. McColgan
Arthur J. McColgan
Matthew W. Casey
Walker Wilcox Matousek LLP
One N. Franklin Street, Suite 3200
Chicago, IL 60606
amccolgan@walkerwilcox.com
mcasey@walkerwilcox.com
*Attorneys for American International Relocation Solutions, LLC*

**Certificate of Service**

I hereby certify that on July 28, 2023, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Valerie Hosek