**In the United States District Court
for the Northern District of Illinois
Eastern Division**

| | |
|---|---|
| Melinda Sgariglia, | |
| Plaintiff, | Case No.: 1:19-cv-05684 |
| vs. | Honorable Robert W. Gettleman |
| American International Relocation Solutions, LLC, et al., | Honorable Gabriel A. Fuentes |
| Defendants. | |

**Defendant's Response to Plaintiff's Motion for Partial Summary Judgment**

Defendant American International Relocation Solutions, LLC d/b/a Aires submits this response to Plaintiff's (Sgariglia) Motion for Partial Summary Judgment (Dkt. 206) and states as follows:

**Introduction**

Sgariglia's Motion contends that Aires fraudulently concealed ownership of the condominium at 2726 West Cortez Street, Unit 1, Chicago, Illinois (the "Property"), and for the first time in her Motion that Aires was hiding its communications with the Gonrings and "colluding" with them, and asserts that there are no genuine issues of material fact regarding these matters.[1] Her Motion as against Aires is a scant four pages and conflates her claims against the Gonrings with her claims against Aires. Under Illinois law, Sgariglia must prove five elements to prove her fraudulent concealment count against Aires. She has proven none.

---

[1] Plaintiff's L.R. 56.1 Statement of Material Undisputed Facts ("Plaintiff's Statement") is inconsistent with the Local Rules. First, Plaintiff's Statement is 93 paragraphs long, which exceeds the limit imposed by L.R. 56.1(d)(5) by over ten paragraphs. Second, "the court may disregard any asserted fact" that is not supported by a citation to the record. L.R. 56.1(d)(2). Plaintiff's Statement contains several paragraphs lacking appropriate citations (*See, e.g.*, Plaintiff Stmt. Mat. Facts, ¶¶ 18, 57, 81, 82).

Ownership of the Property is not a material fact that Aires hid from Sgariglia. But even if this court determined ownership was a material fact, Sgariglia's fraud claim still fails. Sgariglia must prove that Aires was under a duty to disclose ownership, that Aires failed to disclose it, that Aires intended Sgariglia to believe that Aires owned the Property, that she could not discover ownership through a reasonable inquiry, that she would have acted differently had she known who owned the Property, and that her reliance on this false belief caused her damages.

Although Aires was not required to correct Sgariglia's use of the term "prior" owner, Aires made clear throughout the purchasing process that it was a relocation company and that the Gonrings were the owners. Under the Illinois Residential Real Property Disclosure Act, Aires is exempt from liability so long as it made the Gonrings disclosure statements available to Sgariglia. The intent of the Disclosure Act is to preclude liability for an entity that never resided in or had management responsibilities for the home. Sgariglia filed her lawsuit because she alleges that she was not told about water infiltration in the building before she closed on the Property. Aires never had that information, and the Disclosure Act recognizes that. Only the Gonrings had the knowledge necessary and the obligation to complete the disclosure statements.

Furthermore, if Sgariglia was unclear on ownership, she or her attorneys could have discovered that the Gonrings were the owners through basic due diligence, let alone a reasonable inquiry. Instead, her attorneys assumed Aires owned the Property. Moreover, Sgariglia cannot prove she would have acted differently had she known who the owners were. Finally, Sgariglia's alleged false belief about the ownership of the Property in no way resulted in her damages.

In addition, Sgariglia, for the first time in her Motion, alleges that Aires concealed communications with the Gonrings and that Aires "colluded" with the Gonrings. Sgariglia never

made these allegations in her complaint against Aires, and thus she is barred from introducing such claims here.

The Court should deny Sgariglia's Motion for Partial Summary Judgment.

## Legal Standard

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court should grant a motion for summary judgment only if it appears that no reasonable trier of fact could find for the nonmovant on the designated admissible evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A disputed fact is material if it "might affect the outcome of the suit under the governing law." *Hoffman-Dombrowski v. Arlington Intern. Racecourse, Inc.*, 254 F.3d 644, 650 (7th Cir. 2001) (quoting *Anderson*, 477 U.S. at 428). An issue is "genuine" only if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). The court must draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The movant bears the initial burden of proving that no genuine issue of material fact exists. *Id.* If the movant meets its initial burden, the party opposing the motion must respond with specific references to the affidavits, parts of the record, and other supporting materials the movant relied on. *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004).

In Illinois, to succeed on a fraudulent concealment claim, a plaintiff must plead and prove that (1) the defendant concealed a material fact when it had a duty to speak; (2) the defendant intended to induce a false belief; (3) the plaintiff could not have discovered the truth through her own reasonable inquiry, or was prevented from making a reasonable inquiry, and she justifiably

relied on the defendant's silence as a representation that the fact did not exist; (4) the plaintiff would have acted differently had she been aware of the concealed information; and (5) the plaintiff's reliance resulted in damages. *Abazari v. Rosalind Franklin Univ. of Med. and Sci.*, 2015 IL App (2d) 140952, ¶ 27.

## Argument

Sgariglia's Motion, as it concerns Aires, consists of three alleged material facts that Aires allegedly concealed: (1) no one told Sgariglia's closing attorney, Thomas Hawbecker, that Aires was not the owner of the Property; (2) no one told Hawbecker that Aires's closing attorney, Sarah Wilkins, was communicating with the Gonrings; and (3) the Gonrings and Aires colluded by "brushing off" Hawbecker's demands. (Mot., p. 9.) Sgariglia only alleged the first issue in her Complaint (Dkt. 44), which the evidence proves is wrong. Sgariglia argues the other two for the first time in her Motion, and the Court should disregard them, but those allegations are also false. Still, as discussed in more detail below, Sgariglia fails to prove that Aires fraudulently concealed any of these facts for several reasons. First, none of these three issues are material because Sgariglia would not have done anything differently with this information. Second, Aires was under no duty to speak during the closing period because there was no fiduciary relationship between the parties, nor was this a situation where Aires was in a superior position to Sgariglia. Third, Sgariglia cannot prove that Aires intended to induce her to close on the Property by making any allegedly false statements. Fourth, Sgariglia presents no evidence that she would have done anything different with that information.

1. **Aires did not fraudulently conceal ownership of the Property from Sgariglia.**

Sgariglia's argument that Aires concealed ownership of the Property is unfounded for several reasons. (Mot. p. 8-9.) First, ownership is not a material fact in this case. The purpose of

the Disclosure Act is for the people who last occupied the property to provide prospective buyers with information about material defects in the residential real property before the signing of a contract. 765 ILCS 77/35. No matter if Aires held title to the Property, it never could have provided Sgariglia with this information because it never resided in nor had management responsibilities for the home. *Bouton v. Bailie*, 2014 IL App (3d) 130406, ¶ 14. That information always had to come from the Gonrings. Sgariglia does not dispute that Aires is a relocation services company, that it never resided in or managed the Property, and that it made the Disclosure Report available to her. *See id.* at ¶¶ 14-15 (intent of section 15(7) of Disclosure Act is to insulate relocation entity from liability rather than prior owners). Although Sgariglia is not suing Aires under the Disclosure Act, she filed this lawsuit because she was not told about water infiltration into the building, not because she did not know who owned the Property she bought.

Second, even if ownership was a material fact, Aires never concealed ownership and consistently clarified its role as a relocation company. In addition, the relevant documents clearly indicated that the Gonrings were the owners. (Plaintiff Stmt. Mat. Facts, ¶¶ 38, 44; Aires Add. Stmt. Mat. Facts, ¶ 18.) Third, Aires had no obligation to correct Kirk Langefeld's use of "prior" owner in the attorney review letter. (Plaintiff Stmt. Mat. Facts, ¶ 65.) Fourth, Sgariglia could have easily uncovered this allegedly concealed fact through minimal investigation, let alone a reasonable inquiry: Aires provided Sgariglia with a title commitment before closing; Sgariglia could have posed the question to Aires; or she could have contacted the Gonrings directly. (Aires Add. Stmt. Mat. Facts, ¶¶ 17, 18.) The information Sgariglia really wanted was about water leaks, not about who owned the Property. Only the Gonrings (or perhaps the Condo Association) could have answered those questions. Lastly, Sgariglia fails to demonstrate that she would have acted differently had she known the Gonrings were the owners.

### a. Ownership is not a material fact.

A plaintiff must prove that the defendant concealed a material fact to prove her claim for fraudulent concealment. *Schrager v. N. Cmty. Bank,* 328 Ill. App. 3d 696, 706 (1st Dist. 2002). A material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase. *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 505 (1996).

Given the claims at issue, ownership of the Property is completely immaterial. There is no claim that Sgariglia would not have bought the Property had she known the Gonrings owned it. There is no evidence that Sgariglia would have acted differently if she knew the Gonrings were the owners and not Aires. In fact, there is clear evidence that Sgariglia would not have acted differently, which is explained in detail below.

### b. Aires never concealed who owned the Property.

Even if it is determined that ownership is a material fact, Aires never concealed who the owners of the Property were. Wilkins consistently communicated to Sgariglia and her attorneys that Aires was a third-party relocation company and never occupied the property, as evidenced in the record. (Response to Plaintiff Stmt. Mat. Facts, ¶¶ 57, 66, 67.) Besides conclusory allegations, Sgariglia has not provided any evidence to suggest that Aires represented themselves as the current owners of the Property. Rather, there is a plethora of evidence that shows that Sgariglia knew that the Gonrings were the owners of the Property.

On June 14, 2018, Hawbecker & Garver, LLC, the closing attorneys for Sgariglia, sent Wilkins the first of many review letters regarding the sale of the Property. (Response to Plaintiff Stmt. Mat. Facts, ¶ 56.) In the June 14 letter, signed by Hawbecker, Sgariglia's attorney never referred to a "prior owner," only "seller," and "homeowner." (Plaintiff Stmt. Mat. Facts, ¶ 56.)

On June 18, 2018, Wilkins sent an Attorney Modifications Response Letter where she identified herself as the attorney for Seller, American International Relocation Solutions, LLC. (Response to Plaintiff Stmt. Mat. Facts, ¶ 57.) She never identified Aires as the owner of the Property. (Plaintiff Stmt. Mat. Facts, ¶ 57.) That same day, Wilkins sent Hawbecker a Home Inspection Response Letter. (Aires Add. Stmt. Mat. Facts, ¶ 13) In that letter, Wilkins twice referred to the Gonrings as the "homeowners" and not the "prior homeowners." (Aires Add. Stmt. Mat. Facts, ¶ 13.)

On June 22, 2018, Kirk Langefeld, another Sgariglia attorney, responded to the Home Inspection Response Letter and wrote "Ok" next to the paragraphs where Wilkins referred to the Gonrings as the "homeowners." (Aires Add. Stmt. Mat. Facts, ¶ 14.) On July 2, 2018, Wilkins responded to Langefeld's June 22, 2018, letter. (Plaintiff Stmt. Mat. Facts, ¶ 66.) In that response, Wilkins referred to the Gonrings as the homeowners: "Seller reports that homeowners made no claims against their homeowner's insurance within the last five years." (Response to Plaintiff Stmt. Mat. Facts, ¶ 67.) On July 3, 2018, Langefeld accepted Aires's statement. (Aires Add. Stmt. Mat. Facts, ¶ 15.) On July 12, 2018, Wilkins sent Hawbecker a Title Commitment dated June 13, 2018. (Aires Add. Stmt. Mat. Facts, ¶ 17.) In that Title Commitment, the title was vested in Nicholas Gonring and Kelsey Gonring, husband and wife, as Tenants by The Entirety. (Aires Add. Stmt. Mat. Facts, ¶ 18.) The closing took place on July 25, 2018. (Plaintiff Stmt. Mat. Facts, ¶ 78.) Therefore, Sgariglia and her attorneys had the title commitment more than two weeks before closing. Yet neither Sgariglia nor her attorneys made any inquiries about homeownership during that time. The issue was certainly not a material one to them at the time.

Although Sgariglia does not bring it up in her motion, she alleges in her Complaint that, in one of the attorney review letters, she requested Aires to contact the "prior owner" for

information about water damage or leaking and insurance claims. (Dkt. 44, ¶ 15.) Sgariglia further alleged in her Complaint that she "relied upon Defendant AIRES' representation that it was the current owner and that The Gonrings were the prior owners, which caused her attorney to refrain from demanding direct communication with the actual owners of the Condominium." (*Id.* at ¶ 61.)

Aires was under no obligation to correct Sgariglia's attorneys' use of "prior owners," as discussed below. Additionally, other than this one use of "prior owner," Sgariglia's attorneys never used this phrase again. Moreover, as will be explained in more detail below, neither Sgariglia nor her attorneys were prevented from contacting the Gonrings directly.

**c. Aires had no duty to speak, and Sgariglia did not prove otherwise.**

Despite the overwhelming evidence to the contrary, if Sgariglia could prove that Aires concealed ownership, she would still have to show that Aires had a duty to speak. In her motion, Sgariglia simply argues, "[Hawbecker] trusted that counsel would be forthcoming and honest." (Mot., p. 9.) That is the full extent of Sgariglia's argument that Aires had a duty to speak: her attorney's assumption of trust. But the parties did not have the type of relationship where Sgariglia placed any trust and confidence in Aires, thereby placing Aires in a position of superiority over her. Aires and Sgariglia completed an arm's-length transaction and were both represented by experienced legal counsel. No one was superior to the other.

A defendant may have a duty to disclose a material fact if it was in a fiduciary or confidential relationship with the plaintiff, or if a plaintiff places trust and confidence in the defendant who then is in a position of influence and superiority over the plaintiff. *Guvenoz v. Target Corp.*, 2015 IL App (1st) 133940, ¶ 107. Sgariglia does not allege in her Complaint or in her Motion that she and Aires were in a fiduciary or confidential relationship. Instead, Sgariglia

alleges in her Complaint and argues in her Motion that Hawbecker trusted Wilkins. (Plaintiff Stmt. Mat. Facts, ¶ 55; Mot.; p. 9.) But trust alone is not enough to create a duty to speak, and Sgariglia cites to no case law that suggests an arm's-length real estate transaction where both parties have legal counsel creates a fiduciary or confidential relationship.

Instead, a position of influence and superiority may come from a friendship, agency, or experience. *Guvenoz,* 2015 IL App (1st) at ¶ 107. However, the standard for establishing a special relationship is stringent. The defendant must exhibit clear dominance, either due to possessing superior knowledge derived from overwhelming influence or because of the other party's weakness, dependence, or justifiable trust placed in them. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 572 (7th Cir. 2012).

In her Motion, Sgariglia does not argue that the parties had a special relationship, nor does she identify any evidence in the record that would suggest they did. Sgariglia has also failed to produce any evidence to show that Aires had an overwhelming influence over her. There is no friendship, agency relationship, or significant disparity in experience between Aires and Sgariglia. Furthermore, both parties were represented by legal counsel during the entire sale of the Property, demonstrating the exact opposite relationship between the parties.

Finally, Sgariglia has failed to prove that Aires engaged in deceptive conduct or the suppression of material facts. If Aires intended to deceive Sgariglia about ownership of the Property, it failed miserably. As explained throughout this Response, Aires referred to themselves as a relocation company or sellers, and not once as the homeowners of the Property. (Plaintiff Stmt. Mat. Facts, ¶¶ 57, 66; Aires Add. Stmt. Mat. Facts, ¶¶ 12, 13, 15.) Sgariglia's only evidence is her own attorney, in a single letter, requesting Aries to contact the "prior

owner." (Dkt. 44, ¶ 15.) Sgariglia is grasping at straws by arguing that her own counsel's assumption proves intentional deception by Aires. It does not. The issue is not close.

Thus, Sgariglia has failed to prove that Aires had a duty to speak.

### d. Sgariglia failed to prove that she could not have discovered the truth through reasonable inquiry.

Sgariglia does not allege in her Complaint how she could not have discovered the truth through a reasonably inquiry, nor does she address it in her Motion. To prove a fraudulent concealment claim, a plaintiff must show they could not have discovered the truth through reasonable inquiry. *Vandenberg v. Brunswick Corporation,* 2017 IL App (1st) 170181, ¶ 31.

Even if she did allege it, there is no possible way that she could prove it. On July 12, 2018, Aires gave Sgariglia's attorney a copy of title commitment. (Aires Add. Stmt. Mat. Facts, ¶ 17.) That title commitment clearly states that the Gonrings, and not Aires, are the current title holders to the Property. (Aires Add. Stmt. Mat. Facts, ¶ 17.) All Sgariglia or her attorneys had to do was read the commitment, which is far from an unreasonable inquiry. But even if that was not enough, Sgariglia had other reasonable options that she failed to exercise. For instance, she could have asked Wilkins who currently owned the Property, or she could have run her own title search. (Aires Add. Stmt. Mat. Facts, ¶¶ 7–9.) Sgariglia and her attorneys failed to make any of these reasonable inquires.

Furthermore, Sgariglia could have directly contacted the Gonrings if she was unsure of ownership. However, Sgariglia argues that neither she nor her attorneys had direct communication with the Gonrings due to two conflicting reasons: (1) Aires was acting as the agent of the Gonrings, and (2) Aires misled Sgariglia and her attorneys into believing that they were the current owners. (Dkt. 44, ¶¶ 51, 61.) These conflicting allegations apparently hindered Sgariglia and her attorneys from reaching out to the Gonrings. (*Id.* at ¶¶ 59-60.)

Sgariglia had the opportunity to personally contact the Gonrings to address ownership. During her deposition, when asked if anyone had informed her that she was prohibited from directly contacting the Gonrings, Sgariglia testified, "No." (Aires Add. Stmt. Mat. Facts, ¶ 11.) Moreover, as discussed above, Aires did not mislead Sgariglia and her attorneys into believing that they were the current owners.

All this evidence demonstrates that Sgariglia could have determined ownership of the Property through a reasonable inquiry. She failed to do so; therefore, her fraud claim fails.

### e. Sgariglia failed to prove that she would have acted differently if she was aware that the Gonrings owned the Property.

Sgariglia must prove she would have acted differently had she known about the concealed information concerning ownership. *Vandenberg,* 2017 IL App (1st) at ¶ 31. Sgariglia alleged in her Complaint that she "relied upon Defendant AIRES' representation that it was the current owner and that The Gonrings were the prior owners, which caused her attorney to refrain from demanding direct communication with the actual owners of the Condominium." (Dkt. 44, ¶ 61.). Sgariglia never alleged that her attorneys would have otherwise reached out to the Gonrings directly, even if she did, she cannot prove that her attorneys would have done so. Sgariglia and her attorneys never testified that is what they would have done differently either. Hawbecker simply testified that the review process would have taken a "different tone", not that the sale would have changed in any way. (Aires Add. Stmt. Mat. Facts, ¶ 20.) And Langfeld testified that he would not have acted differently if he knew the Gonrings were the owners. (Aires Add. Stmt. Mat. Facts, ¶ 20.) Sgariglia testified that neither she nor her real estate attorney were ever informed that they could not contact the Gonrings directly, contradicting her allegation that they were prevented from doing so. (Aires Add. Stmt. Mat. Facts, ¶ 11.)

Additionally, besides arguing that she would have contacted the Gonrings directly, Sgariglia does not specify how she would have acted differently if she did contact them directly. What difference would that have made anyways? There are no allegations in her Complaint or arguments in her motion that she would have asked different questions than the ones she posed to Aires. If she did allege that, there is no evidence that the Gonrings would have provided her with different information than what they provided to Aires. As a result, Sgariglia is unable to prove an essential element to her claim.

  **f. Sgariglia failed to prove that her reliance on this "false belief" resulted in any injury**.

Any injury that Sgariglia suffered is the result of the Gonrings allegedly withholding information, not from a question about who owned the Property. Even if Sgariglia could prove (1) that Aires fraudulently concealed who the true owner of the Property was; (2) that Aires had a duty to explain to Sgariglia that her own attorney's use of "prior" owner was wrong; (3) that Sgariglia had no way of knowing who owned the Property; and (4) that Sgariglia or her attorneys would have acted differently during the sale, Sgariglia failed to prove that she suffered any damages by relying on Aires's alleged concealment. Aires never could have given Sgariglia the information she claims caused the damages in this case.

  **2. Sgariglia has no fraudulent concealment claim against Aires for her new allegations that Aires hid that it communicated with the Gonrings or that Aires colluded with the Gonrings.**

Sgariglia never alleged that Aires hid communications with the Gonrings as part of her fraud count against Aires, nor did she allege that Aires and the Gonrings "colluded." She makes these arguments for the first time in her Motion. The Court should disregard these arguments

entirely because Aires never had the opportunity for discovery on these issues, and there remain numerous questions of fact.

Still, the elements she needs to prove for fraudulent concealment apply equally to these allegations as they do to ownership. With respect to communications between the defendants, Sgariglia never believed that Wilkins did not communicate with the Gonrings, and the attorney review letters prove that. One of Sgariglia's closing attorneys, Langefeld, asked Aires to contact the prior owner as the seller has direct contact with the prior owner. ( Plaintiff Stmt. Mat. Facts, ¶ 65.) Clearly Sgariglia and her attorneys knew Aires was communicating with the Gonrings. Second, even if Sgariglia was correct that Aires concealed this fact (which it did not), Sgariglia does not even argue that she could not have discovered this information with a reasonable inquiry. Hawbecker testified that he never tried to contact the Gonrings. (Aires Add. Stmt. Mat. Facts, ¶ 9.). Neither Hawbecker nor Langefeld sent any communication asking Aires if it was in contact with the Gonrings. (Aires Add. Stmt. Facts, ¶ 10.) Third, the only thing Sgariglia argues that she would have done differently is that Hawbecker would have taken a different tone in his attorney review letters and "he would not have accepted Aires's representations." (Plaintiff Stmt. Mat. Facts, ¶ 64.) But that is essentially meaningless when the Gonrings were the ones who had the information Sgariglia sought. Also, Hawbecker was not the attorney who handled the review past his initial letter on June 14, 2018; Langefeld was. (Aires Add. Stmt. Mat. Facts, ¶ 16.) What Hawbecker would have done differently is irrelevant. Finally, Sgariglia does not argue in her motion and certainly cannot prove that her reliance on any of Aires's statements caused her damage. Sgariglia's damages are entirely monetary that resulted from payments she had to make to her homeowners' association or to repair her own unit. (Plaintiff Stmt. Mat. Facts, ¶¶ 88-93.)

Sgariglia attributes those damages to what the Gonrings allegedly failed to disclose, not anything Aires did. (Mot., p. 3.)

Concerning "collusion," the two sentences Sgariglia dedicates to this argument make little sense, and Sgariglia does not elaborate on what she means with this statement. (Mot., p. 9.) The undisputed facts of this case show that the parties exchanged five attorney review letters, and that Sgariglia ultimately accepted Aires's representations. (Response to Plaintiff Stmt. Mat. Facts ¶¶ 56, 57, 65, 66; Aires Add. Stmt. Mat. Facts, ¶¶ 13, 14, 15.) There was no "brush off" because Langefeld accepted Aires's responses in full during the attorney review period, and the closing went through. (Plaintiff Stmt. Mat. Facts, ¶ 78; Aires Add. Stmt. Mat. Facts, ¶¶ 14, 15.) Also, Sgariglia makes no arguments to prove the remaining elements of a fraudulent concealment claim: what material fact was concealed, what duty did Aires have to disclose, what did Aires intend Sgariglia to believe, what specifically did Sgariglia rely on, what would Sgariglia have done differently, and how was she damaged? Without more, Hawbecker's opinion that Aires's conduct was "sneaky" is irrelevant. *See Abazari,* 2015 IL App (2d) 140952 at ¶ 19 (as a general rule, fraud claim cannot be based on matter of opinion).

## Conclusion

Sgariglia's three claims against Aires in her motion for summary judgment—Aires hid ownership; Aires was communicating with the Gonrings; and Aires colluded with the Gonrings—not only fail to prove her fraud count against Aires, but they are also provably false. Aires never concealed who owned the Property, never hid from Sgariglia that it was in contact with the Gonrings, and never colluded with the Gonrings to sell Sgariglia a leaky house. But even if those allegations were all true, failing to offer information alone is not enough to prove fraudulent concealment. Sgariglia has proven none of the remaining elements of her claim (and

is alleging additional false statements in her motion for the first time). Sgariglia filed a lawsuit because she believes she was duped into buying a condo that allegedly leaked. Because Aires is a relocation company that never occupied the Property, it had no knowledge of the Property's condition and therefore had no ability to fraudulently conceal anything about the Property's condition. Aires respectfully requests that this Court deny Sgariglia's Motion for Partial Summary Judgment.

Date: July 28, 2023    Respectfully submitted,

American International Relocation Solutions, LLC


/s/ Arthur J. McColgan

Arthur J. McColgan
Matthew W. Casey
Walker Wilcox Matousek LLP
One N. Franklin Street, Suite 3200
Chicago, IL 60606
amccolgan@walkerwilcox.com
mcasey@walkerwilcox.com
*Attorneys for American International Relocation Solutions, LLC*

**Certificate of Service**

I hereby certify that on July 28, 2023, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Valerie Hosek