IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELINDA SGARIGLIA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> AMERICAN INTERNATIONAL ) <br> RELOCATION SERVICES, LLC, d/b/a ) <br> AIRES, an Illinois limited liability ) <br> company, NICHOLAS GONRING, and ) <br> KELSEY GONRING, ) <br> ) <br> Defendants. ) <br> ) <br> NICHOLAS GONRING and KELSEY ) <br> GONRING, ) <br> ) <br> Third Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> 2726 WEST CORTEZ CONDOMINIUM and ) <br> JOHN GORR, ) <br> ) <br> Third Party Defendants. ) | Case No. 1:19-cv-05684 <br><br> Honorable Robert M. Dow, Jr. <br><br> Magistrate Judge Young B. Kim <br><br> Jury Demanded |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT AIRES' MOTION FOR SUMMARY JUDGMENT**

Defendant AIRES brings its Motion for Summary Judgment, making the same arguments it made in its Response to Plaintiff's Motion for Summary Judgment. Plaintiff incorporates her Motion for Summary Judgment with exhibits and her Reply to Aires Response in support of her Motion for Summary Judgment in this response. Plaintiff will attempt not to be repetitive.

1.       <u>Aires Concealed Itself As the Owner of The Property.</u>

Aires argues that it did not conceal the true owner of the Property, and this statement is contradicted by both attorneys for Sgariglia. Attorney Thomas Hawbecker signed the attorney

1

review letters that are the subject of this real estate closing. (Plaintiff Stmt of Fact, ¶56; see AIRES Response ¶56). He reasonably assumed that the Gonrings had transferred the property to AIRES. (Plaintiff Stmt of Fact, ¶59; see AIRES Response ¶59). Aires disclosure form identifies them as "Buyer." (Plaintiff Stmt of Fact, ¶29; see AIRES Response ¶29). Furthermore, Aires own Purchase and Sale Agreement provided to Plaintiff and dated as of June 6, 2018, states that the terms are contingent upon the Seller becoming the "contractual owner." (See Plaintiff Response to Aires Stmt of Fact, ¶57). Never once does attorney for Aires state that the legal owners are the Gonrings and that they are not actually the Buyers, despite said representations in their own documents that they were the Buyers.

Defendant Aires arguments that it was clear as to ownership with its title report is contradicted by Plaintiff's own attorneys. Both experienced lawyers testified that they believed that the owner of the Property in question was Aires. (See Plaintiff Statement of Material Facts, 59; see Aires Response, ¶59; see also Plaintiff Response to Aires 56.1 Statement of Facts, ¶68). Mr. Hawbecker testified that typically, at closing, there are two deeds in relocation closings. (See Plaintiff Response to Aires Stmt of Fact, ¶60). Their use of the words, "prior owner" in the attorney review letters is a clear indication that they assumed that the Gonrings were no longer title owners. (Plaintiff Stmt of Fact, ¶60-63; see AIRES Response ¶60-63). At that point, Aires counsel knew that the Plaintiff's attorney assumed that Aires was the owner. It was the duty of Aires counsel to clarify and disclose that the Gonrings were the owners, as full candid disclosure is necessary under the attorney review process. By ignoring this statement, she tacitly agreed that the Gonrings were former owners that could not be reached for full disclosure.

Further, Aires argument about contacting the Gonrings ignores the legal implications of the attorney review process. A "modification" of a contract is a change in one or more respects

2

which introduces new elements into the details of the contract, or cancels some of them, but leaves the general purpose and effect undisturbed. Hartwig Transit, Inc.v. Menolascino, 113 Ill. App. 3d 165, 170, 446 N.E.2d 1193, 1195 (1983); International Business Lists, Inc., v. American Telephone & Telegraph Co., 147 F.3d 636, 640 (7th Cir. 1998) (applying Illinois law). These are legally binding modifications that can only be made between parties to a contract, and which may be enforced in court. (See, generally, *Schwindler v. Austin Bank*, 809 N.E.2d 180 (Ill. App. Ct. 2004) where the appellate court analyzed and enforced a modification to the contract.) The argument is not about a conversation over coffee. This is a legally binding document. As the attorneys believed the Gonrings were no longer title owners, they would have no legal obligations to Plaintiff.

2. Aires Concealed its Communications with the Gonrings

Both counsel for Plaintiff expressed surprise that Aires counsel was communicating with Gonrings and even taking their direction. This was never disclosed to Plaintiff or her attorneys. The emails demonstrate that the Gonrings assumed that Aires counsel was their attorney, and she indeed took their orders. (Plaintiff Stmt of Fact, ¶68-75; see AIRES Response ¶68-75). Upon reading the emails, Thomas Hawbecker described such conduct as follows: " It's just sneaky. Very sneaky, right. They're controlling the responses that we're getting, yet shielding behind I'm the relo company, never occupy the property, don't disclose." Such collusion and failure to disclose is a false statement of material fact, as both attorneys testified this is important information for them during attorney review, and no testimony or evidence is presented that demonstrates that ownership and communication are not important.

3. Aires Had A Duty to Disclose

Aires now claims that it can just conceal facts without repercussions. But this is not the

law. The attorney review process allows for modifications to the contract. The covenant of good faith and fair dealing is implied in every contract unless the parties explicitly state otherwise. See *Vincent v. Doebert*, 539 N.E.2d 856, 862 (Ill. App. Ct. 2d Dist. 1989). One does not need a fiduciary relationship to disclose in contracts. For instance, if someone is trying to purchase milk, and the seller fails to disclose that the they were aware of the milk's spoilage from the farmer, one cannot hide behind any legal doctrine and claim they had no duty to reveal milk was spoiled. This is ridiculous. The seller would of course be sued for breach and even consumer fraud for knowingly concealing what the farmer informed them. Here, there is an implied legal doctrine that requires counsel to be truthful.

Counsels for Aires did have superiority over Plaintiff and her lawyers. She could not be aware that during attorney review, counsel was taking direction from the Gonrings. Indeed, letters from counsel stated explicitly that their office "would not have contact with the homeowners." (Plaintiff Response to Aires Stmt of Fact, ¶59; see Aires Exhibit 28). This was an outright lie. No legal doctrine permits an attorney to take direction from a party, and later claim that she did not even communicate with that party when asked about information that is within that party's knowledge.

4. <u>No Reasonable Inquiry Would Reveal Ownership That is Not Recorded</u>

Despite Aires' claims to the contrary, there is no way for Plaintiff to know about ownership in the case of relocation companies. As stated in his testimony, attorney Hawbecker testified there are two deeds at closing for relocation companies. Aires own documents identify themselves as "Buyers." Just as Plaintiff was not aware that Aires and the Gonrings were in communication, they were also not aware of what documents were executed between them. There is no public record where a relocation company presents two deeds at closing, as is

4

standard.

Importantly, no public record would reveal that Aires counsel was taking direction from the Gonrings. This was revealed in emails where Plaintiff's counsel are not cc'ed. (Plaintiff Stmt of Fact, ¶68-75; see AIRES Response ¶68-75). In addition, there is no public record to disabuse them of the belief that the Gonrings had nothing to do with the transaction with Aires, when they specifically state that they "our office has no contact with the transferee." (Plaintiff Response to Aires Stmt of Fact, ¶59; Aires Exhibit 28). The evidence reveals plainly that two very experienced lawyers both reasonably believed that Aires was the owner and that the Gonrings were not in communication with counsel for Aires, and that they were not part of the contract.

5. <u>Plaintiff and her Attorneys Relied Upon the Truth of Aires Statements</u>.

Plaintiff Sgariglia relied upon the statements made by Aires, as she testified. Her attorney testified that he would have not allowed for Aires to make representations but would have demanded them from the Gonrings. (Plaintiff Stmt of Fact, ¶64). Plaintiff herself testified that she relied upon the truth of the statements, to her financial detriment. (Plaintiff Stmt of Fact, ¶85-87).

6. Aires in The Agent for the Gonrings.

Aires can only be two things in a real estate contract when transferring property in exchange for money. It is either the owner or the agent for the owner. In no other circumstance may any person simply transfer property belonging to another person. Aires and The Gonrings entered into a Relocation Purchase and Sale Agreement on July 25, 2018. Their contract with the Gonrings required a conveyance of the property, at their direction, to either them or to their designee. (Plaintiff Response to Aires Stmt of Fact, ¶8; see Aires Exhibit 3). As the property

5

was never conveyed to Aires, they nonetheless signed the real estate contract with Plaintiff and indisputably acted as the seller, on behalf of the explicit consent of the Gonrings. The evidence of emails is overwhelming that the Gonrings were controlling the attorney for Aires, giving clear directions that Aires counsel followed. (Plaintiff Stmt of Fact, ¶68-75; see AIRES Response ¶68-75). The evidence of agency is in their own correspondence and contracts.

7. <u>Aires Blocked Plaintiff from Discovering the Insurance Claims.</u>

As the letters between counsel demonstrate, Plaintiff's attorneys repeatedly asked for information as to the condition of the property and insurance claims. They rebuffed those request and hid under their blanket statements of being a relocation company. Yet Aires attorneys were in direct communication with the Gonrings, who were controlling the entire attorney review process. By failing to disclose the nature of the relationship and the identity of the owners, they failed to disclose facts that could have led Plaintiff to seek more solid answers from a direct source. Instead, Aires threw sand in her eyes and pretended that it had no knowledge of any facts and they were not communicating with the Gonrings at all. Nowhere in any of the attorney review letters does counsels for AIRES, Terry Wilkins and Sarah Wilkins, disclose that they were in communication with the Gonrings during the sale. (Plaintiff Stmt of Fact, ¶71; see AIRES Response ¶71). The Gonrings thought they were being represented by the Wilkins lawyers, who they called "our attorneys" or "attorneys working on our behalf." (Plaintiff Stmt of Fact, ¶71, 73; see AIRES Response ¶71, 73). Plaintiff and her counsel were unaware of such communication, having only learned about it through discovery in this case. ((Plaintiff Stmt of Fact, ¶70; see AIRES Response ¶70).
.

I.     **CONCLUSION**

Plaintiff Sgariglia respectfully asks this honorable Court to deny AIRES' Motion for Summary Judgment and instead, enter judgment against t against Defendant AIRES for Fraudulent Concealments as to liability. Plaintiff requests that the matter be presented for trial on damages only.

                                        Melinda Sgariglia,

                                        By: /s/ Carol Oshana

                                        One of her attorneys

Carol Oshana
OSHANA LAW
20 N. Clark Street, Suite 3000
Chicago, IL 60602
Oshanalaw@yahoo.com
ARDC #: 6243613

September 12, 2023