**In the United States District Court
for the Northern District of Illinois
Eastern Division**

| | |
|---|---|
| Melinda Sgariglia, | |
| Plaintiff, | Case No.: 1:19-cv-05684 |
| vs. | Honorable Robert W. Gettleman |
| American International Relocation Solutions, LLC, et al., | Honorable Gabriel A. Fuentes |
| Defendants. | |

## Aires's Reply in Support of Motion for Summary Judgment

Defendant American International Relocation Solutions, LLC ("Aires") submits this Reply in Support of its Motion for Summary Judgment ("Motion") (Dkt. 217) against Plaintiff, Melinda Sgariglia, and states as follows:

### Introduction

The Court should grant summary judgment for Aires because Sgariglia has failed to prove any elements required for her single claim against Aires for fraudulent concealment. Sgariglia's Opposition to Aires's Motion ("Opposition") (Dkt. 235) lacks any relevant authority, and the record does not support her factual assertions.[1] She cannot rest her argument on what she believes the law is or what she thinks the law should be. There is no genuine dispute of material fact that Aires had no duty to disclose the ownership of Sgariglia's condominium (the "Condo"),

---

[1] Plaintiff's Responses to Defendant American International Relocation Solutions, LLC's LR. 56.1 Statement of Material Undisputed Facts (Dkt. 234) ("Plaintiff's Response to Aires's Facts") is improper under the Local Rules. In its response, a party must admit, deny, or admit in part and deny in part each asserted fact. Local Rule 56.1(e)(2). A response may not set forth any new facts, meaning facts that are not fairly responsive to the asserted fact to which the response is made. *Id.* Plaintiff's Response to Aires's Facts is overrun with superfluous factual assertions (*see, e.g.,* Plaintiff's Response to Aires's Facts ¶¶ 7, 29, 34, 37, 40, 41, 50, 55) or lacks citations to the factual record as required under Local Rule 56.1(e)(3) (*see, e.g.,* Plaintiff's Response to Aires's Facts ¶¶ 8, 18, 33, 38). Plaintiff also includes legal arguments, which is improper under Local Rule 56.1(e)(2) (*see, e.g.,* Plaintiff's Response to Aires's Facts ¶¶ 38, 48, 54, 59, 63.) The Court should disregard all Plaintiff's improper statements.

1

nor that its attorney was speaking to the Gonrings. Nor can Sgariglia prove that she could not have discovered this information by *reasonable* inquiry. The arguments in Sgariglia's Opposition, Sgariglia's own motion for summary judgment (Dkt. 206), and the factual record fail to establish the essential elements of her claim against Aires, and thus, this Court should grant summary judgment for Aires.

## Argument

**1. Aires did not conceal itself as owner.**

The first element a plaintiff must prove in a fraudulent concealment claim is that the defendant concealed a **material** fact. *Schrager v. N. Cmty. Bank*, 328 Ill. App. 3d 696, 706 (1st Dist. 2002) (emphasis added). Sgariglia cites no case law about fraudulent concealment in her Opposition, nor does she make any argument or present any facts that the issue of who held title to the Property was material. (*See* Dkt. 235 at 1-3.) Failure to do so is fatal to Sgariglia's claim against Aires.

Sgariglia's only authority is case law where a court determined the legal effect of an amendment to a contract. *See Hartwig Transit, Inc. v. Menolascino*, 113 Ill. App. 3d 165, 170, (1st Dist. 1983) (determining legal effect of amendment in breach of sublease case); *Int'l Bus. Lists, Inc., v. Am. Tel. & Tel. Co.*, 147 F.3d 636 (7th Cir. 1998) (determining whether new agreement was modification of existing contract or replaced prior contract). These cases have zero relevance to whether Aires concealed a material fact.

Aires assumes that Sgariglia means to argue that ownership was material because if she knew the Gonrings were the owners, her attorneys would have spoken to the Gonrings. Sgariglia fails to explain how speaking to the Gonrings, who provided the information Aires shared with Sgariglia, would have changed anything in this case. In fact, one of Sgariglia's closing attorneys

2

has *never* talked to the homeowners in a relocation closing, even when he receives responses similar to Aires's in other closings. (Pl. Resp. Aires Stmt. Mat. Facts ¶ 48.) Aires offered no guarantee, warranty, or representation of the property, and Sgariglia still purchased the Condo and signed a Hold Harmless Agreement releasing "Nicholas and Kelsey Gonring" from any and all claims. (Pl. Resp. Aires Stat. Mat. Facts, ¶¶ 34, 66.) Clearly, Sgariglia did not consider information as to who the Gonrings were "material."

Even assuming ownership was material, which it was clearly not, Aires did not conceal ownership of the Condo. Sgariglia argues that her attorney "reasonably" assumed that the Gonrings had transferred the property to Aires but makes no effort to describe why this fact matters nor why the assumption was reasonable. (Dkt. 235 at 4.) Aires repeatedly referred to the "owners" and "homeowners" in communications with Sgariglia's attorneys. (*See, e.g.,* Pl. Resp. Aires Stmt. Mat. Facts ¶¶ 41, 52, 59.) Sgariglia also argues, illogically, that because the contract modifications are "legally binding," Aires concealed ownership of the Condo. (Dkt. 235 at 3). Putting aside that Sgariglia cited no legal authority for this proposition, Aires did not do anything to break a legally binding contract. This Court already dismissed with prejudice Sgariglia's breach of contract claim against Aires. (Dkt. 31.)

If Sgariglia did not know who the owners of the Condo were, or if she wishes that she spoke to the people who her attorneys *knew* had been the last occupants of the Condo, that is her attorneys' failure, not Aires's. As Sgariglia and her attorneys knew, Aires was a relocation company that never occupied the property and therefore never had information about the property's condition, as the Illinois Residential Real Property Disclosure Act recognizes. No matter who was the "owner" of the Condo at the time of sale or closing, only the Gonrings had

3

knowledge about the property's condition, not Aires. Therefore, ownership cannot be a material fact.

2. **Aires had no duty to disclose ownership or communications with the Gonrings.**

Neither Sgariglia's own Motion (Dkt. 206) nor her Opposition to Aires's Motion (Dkt. 235) make any cognizable argument for why Aires had a duty to speak, an element of her fraudulent concealment claim. *See Guvenoz v. Target Corp.,* 2015 IL App (1st) 133940, ¶ 106. This Court has already stated that the facts "do not suggest a relationship of trust and confidence that would place AIRES in a position of influence and superiority, as that type of relationship typically arises by reason of friendship, agency, or experience." (Dkt. 108 at 10) (citation omitted). Plaintiff does not address any other theory that would impose a duty to speak. Without a duty to speak, Aires cannot be found liable for fraudulent concealment. *See id.*

Sgariglia's analysis here is flawed for two reasons. First, Sgariglia's Opposition makes references to breach of contract. (See Dkt. 235 at 3.) Sgariglia argues that the "attorney review process allows for modifications to the contract. The covenant of good faith and fair dealing is implied in every contract unless the parties explicitly state otherwise." Then Sgariglia blatantly asserts in her farmer and milk analogy that a seller of knowingly spoiled milk "would of course be sued for breach." (See Dkt. 235 at 3.) This has no relevance to Sgariglia's fraud claim against Aires.

This Court dismissed Sgariglia's breach of contract claim with prejudice. (Dkt. 31.) In essence, Sgariglia's Opposition attempts to backdoor a breach of contract claim into this case as support for a claim for fraudulent concealment. But as this Court held, Sgariglia failed to identify what duty the sales contract imposed on Aires. (Dkt. 31 at 16.) Yet, Sgariglia continues her efforts to impose a duty. Sgariglia's arguments are not relevant to this Court's determination of

Aires's Motion. Simply because the parties were negotiating a contract does not impose a duty upon Aires to speak. Furthermore, Plaintiff does not cite any case law relevant to her fraudulent concealment claim. (See Dkt. 235 at 3-4.)

Second, Sgariglia claims, again without citing any legal authority, that because Aires "was taking direction from the Gonrings," Aires had superiority over her and her lawyers. Sgariglia's lawyers *had to know* that Aires was speaking to the Gonrings based on the attorney review letters. Sgariglia's attorney literally asked Aires's attorney to forward a list of personal property "**to the owners.**" (Pl. Resp. Aires Stmt. Mat. Fact ¶ 59). And Aires attorney confirmed that "List **has been forwarded on to Aires to be sent to the homeowner.**" (*Id.* at ¶ 60.) Sgariglia cannot seriously contend that her attorneys did not know that Aires had contact with the Gonrings.

3. **Sgariglia failed to prove that she could not have discovered the facts she claims were withheld from her through reasonable inquiry.**

Even if Sgariglia had established that ownership was material and that Aires had a duty to disclose (which she did not), Sgariglia fails to prove she could not have discovered, through reasonable inquiry, the facts she claims Aires withheld. *See Vandenberg v. Brunswick Corp.*, 2017 IL App (1st) 170181,¶ 31. Sgariglia argues that there was "no way for Plaintiff to know about ownership in the case of relocation companies." (Dkt. 235 at 4.) Sgariglia's only factual support for this argument is that "there is no public record" of ownership where a relocation company presents two deeds at closing and "no public record" of Aires's communications with the Gonrings. (Dkt. 235 at 4-5.)

Aires cannot be liable for fraudulent concealment based on Sgariglia's own attorneys' careless assumptions about ownership. Sgariglia's assertions that there would be no public record when a relocation company presents two deeds at closing, and that such a process is "standard,"

5

has no citation at all. At best, it is anecdotal. Sgariglia provided no evidence that her attorneys could not ascertain ownership of the property. In fact, the evidence establishes they did not even *try*. (Pl. Resp. Aires Stat. Mat. Facts ¶ 63.)

Aires provided Sgariglia's attorneys with a title commitment listing only the Gonrings as the owners (Pl. Resp. Aires Stmt. Mat. Facts ¶ 55), and Aires referred to the "owners" or "homeowners" multiple times. (Pl. Resp. Aires Stmt. Mat. Facts ¶¶ 41, 59, 60.) If Sgariglia's attorneys truly were in the dark, which they were not, all they had to do was *ask* who the owners were. They did not. Neither attorney contacted the Gonrings. (Pl. Resp. Aires Stat. Mat. Facts ¶ 63.) Both admitted that they could have. (Pl. Resp. Aires Stat. Mat. Facts ¶ 63.)

Sgariglia argues, again irrelevantly, that there is no public record of Aires communication with the Gonrings. (Dkt. 235, p. 5.) Unless knowing that Aires was speaking to the Gonrings was (1) a material fact; (2) that Aires concealed when it had a duty to speak; (3) that would have caused Sgariglia to act differently; and (4) Sgariglia relied upon, it does *not* matter if Sgariglia could find a "public record" of Aires's communications with the Gonrings. *See Abazari v. Rosalind Franklin Univ. of Med. and Sci.*, 2015 IL App (2d) 140952, ¶ 27 (outlining elements for fraudulent concealment claim). Regardless, Sgariglia did know that Aires was speaking to the Gonrings, as discussed above.

  4. **Sgariglia failed to prove that reliance on Aires's alleged concealment resulted in any injury.**

Sgariglia barely addresses her requirement to prove that she relied on anything Aires allegedly concealed to her detriment. Sgariglia argues that her attorney would have insisted upon speaking to the Gonrings, and that she relied upon the truth of "the statements, to her financial detriment." (Dkt. 235 at 5.) First, Sgariglia's citation to the record is incorrect, as it does not include her testimony that she relied upon any statement by Aires to her financial detriment.

6

Plaintiff's Statement of Facts instead merely asserts that Sgariglia "relied on the Sellers to tell the truth." (Dkt. 205, ¶¶ 85-87.)[2] Second, Sgariglia does not prove how going to the Gonrings would have changed her position toward Aires. Aires explicitly told Sgariglia that it made no promises to Sgariglia about the condition of the property. (Pl. Resp. Aires Stmt. Mat. Facts, ¶ 34.) Sgariglia would not have gained any further retributory powers against Aires for the condition of the property if she talked to the Gonrings.

5. **Aires was not the Gonrings' agent.**

Sgariglia's argument that Aires was the Gonrings' agent is, like the rest of Sgariglia's Opposition, devoid of citation to any legal authority.[3] (Dkt. 235 at 5-6.) Sgariglia baselessly asserts: "Aires can only be two things in a real estate contract when transferring property in exchange for money. It is either the owner or the agent for the owner. In no other circumstance may any person simply transfer property belonging to another person." (Dkt. 235 at 5.) Similarly, Sgariglia proclaims the "evidence of emails is overwhelming that the Gonrings were controlling the attorney for Aires, giving clear directions that Aires counsel followed." (Dkt. 235 at 6). Sgariglia does not discuss whether the Gonrings had the requisite control over Aires for Aires to be considered the Gonrings agent as a matter of law. She also never pleaded any such thing in her operative complaint. In fact, Sgariglia makes no attempt to engage with the case law on principal-agency relationship. Furthermore, Sgariglia does not, and cannot, explain why she would have contacted the Gonrings directly if she knew that Aires was their agent. But this is the only argument she indirectly provides for why that fact would be material. Again, this is fatal to her fraudulent concealment claim against Aires.

---

[2] Moreover, paragraphs 85-87 of Plaintiff's Statement of Facts should be disregarded as they are beyond the number of paragraphs permitted by L.R. 56.1(d)(5).
[3] Sgariglia's own motion for summary judgment (Dkt. 206) and statement of facts (Dkt. 205) do not mention a principal-agency relationship between Aires and the Gonrings.

6. **Sgariglia yet again fails to provide evidentiary support that Aires concealed insurance claims from her.**

Sgariglia's resurrected argument that Aires stopped Sgariglia from learning about insurance claims has nothing to do with insurance claims. (Dkt. 235 at 6).[4] Instead, Sgariglia reiterates her earlier arguments that Aires failed to disclose that it was in communication with the Gonrings, and failed to disclose that the Gonrings were the owners. As discussed above, these arguments fail to establish a fraudulent concealment claim against Aires. Finally, this Court has already stated it was "not convinced that Plaintiff 'would have acted differently' in pursuing information concerning insurance claims had she been aware that the Gonrings still owned the Unit." (Dkt. 108 at 13, n. 3.)

## Conclusion

For the foregoing reasons, Aires requests that this Court grant its Motion for Summary Judgment and dismiss Sgariglia's claim for fraudulent concealment against Aires.

Date: October 6, 2023

Respectfully submitted,

/s/ Arthur J. McColgan
Arthur J. McColgan
Matthew W. Casey
Walker Wilcox Matousek LLP
One N. Franklin Street, Suite 3200
Chicago, IL 60606
amccolgan@walkerwilcox.com
mcasey@walkerwilcox.com
*Attorneys for American International Relocation Solutions, LLC*

---

[4] Sgariglia's own motion for summary judgment (Dkt. 206) does not argue that Aires failed to disclose insurance claims.

**Certificate of Service**

I hereby certify that on October 6, 2023, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Joseph Tucker