# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELINDA SGARIGLIA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:19-cv-05684 |
| v. ) | |
| ) | Honorable Robert W. Gettleman |
| AMERICAN INTERNATIONAL ) | |
| RELOCATION SERVICES, LLC, d/b/a ) | Magistrate Judge Gabriel A. Fuentes |
| AIRES, an Illinois limited liability ) | |
| company, NICHOLAS GONRING, and ) | Jury Demanded |
| KELSEY GONRING, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF NICHOLAS GONRING

I, Nicholas Gonring, hereby declare pursuant to 28 U.S.C. §1746:

1. I am over 18 years of age and competent to testify to the matters set forth below, of which I have personal knowledge.

2. On or about May 10, 2016, my wife, Kelsey Gonring, and I purchased Unit 1 ("**Unit 1**") in a three-condo building located at 2726 W. Cortez Ave., Chicago, IL (the "**Building**"). Unit 1 is located on the bottom floor of the Building; Unit 2 is located on the second floor of the Building; and Unit 3 is located on the third (and top) floor of the Building.

3. By way of our ownership in Unit 1, my wife and I were members of the Building's condominium association (the "**Association**").

4. Throughout the time that my wife and I lived in the Building, John Gorr ("**Gorr**") was the owner of the top unit, Unit 3.

5. On December 4, 2017, my wife and I received an email from Gorr about water infiltration in Unit 3. A copy of this email is attached to the Gonrings' LR 56.1 Statement of

Additional Undisputed Material Facts as **Exhibit D**. This email was the first time I became aware of any significant water infiltration into Unit 3.

6. After this, the Association engaged Bral Restoration, LLC (**"Bral"**) to conduct exploratory work into the cause of water infiltration into Unit 3. Bral recommended tuck-pointing and sealing the block. Bral Report and Quote dated May 3, 2018, attached to the Gonrings' Statement of Additional Facts as **Exhibit E**.

7. The Association obtained a second quote for the proposed work from Arrow Masonry and Exteriors, Inc. (**"Arrow"**). A copy of the Arrow Quote is attached to the Gonrings' Statement of Additional Facts as **Exhibit F**. Ultimately, the Association voted to move forward with the quote from Arrow, which was backed by a 5-year warranty on material and labor and related guarantee on leak prevention.

8. In the Spring of 2018, my family was relocated to Michigan for my job. My employer contracted a relocation company, AIRES, to help us relocate and facilitate the sale of Unit 1.

9. In connection with the sale of Unit 1, on May 21, 2018, I filled out and executed a Residential Real Property Disclosure Report, pursuant to 765 ILCS 77/35 (the **"Disclosure Report"**). A copy of the Disclosure Report is attached to the Gonrings' Statement of Additional Facts as **Exhibit G**.

10. The Disclosure Report provided the instruction: "These disclosures are not intended to cover the common elements of a condominium, but only the actual residential real property including limited common elements allocated to the exclusive use thereof that form an integral part of the condominium unit." Ex. G.

PFS:008071.0001.3337862.1

11.     During my ownership of Unit 1, I did not experience any leaking or water infiltration into the unit and was not aware of any structural issues in the unit.  I disclosed that I was not aware of leaks or material defects in the roof, ceilings, or chimney, and not aware of material defects in the walls, windows, doors, or floors.  Ex. G, ¶¶5-6.

12.     On May 30, 2018, I signed the Seller's Property Disclosure Statement that was a form prepared by AIRES (the **"AIRES Disclosure"**).  A copy of the AIRES Disclosure is attached to the Gonrings' Statement of Additional Facts as **Exhibit H**.

13.     As the AIRES Disclosure sought information about the Building and not just Unit 1, I disclosed that I was aware of water leakage at the Building.  My wife included a handwritten statement that "Unit 3 had leaks on west facing windows → HOA sealed building to resolve Unit 3 leak."  Ex. H, p. 2.

14.     Additionally, in the AIRES Disclosure, I disclosed that I was aware of shared or common areas or maintenance agreements for the Building.  By a handwritten statement, my wife further stated: "Tuckpointing & sealing of Building exterior."  Ex. H, p. 5.

15.     I agreed with both of the statements written by my wife and executed the AIRES Disclosure.

16.     Arrow completed its work on the Building by June 4, 2018.

17.     On July 25, 2018, my wife and I sold Unit 1 to the Plaintiff, Melinda Sgariglia.

18.     The exploratory work performed by Bral was the only exploratory work of the Building that my wife and I participated in or of which we were aware of during our ownership of Unit 1.

19.     At no time during our ownership of Unit 1 was I aware or informed of the presence of mold in the Building; issues with the roof of the Building; issues with the exterior glass block

mold in the Building; issues with the roof of the Building; issues with the exterior glass block windows; issues with the stoop to the Building; issues or leaking in the terrace roofs (located on Unit 2 and Unit 3 of the Building); defects in the garage; issues in the roof deck; or issues in the windows located in Unit 1.

Declarant further sayeth naught.

I, Nicholas Gonring, declare under penalty of perjury that the foregoing is true and correct.

Executed on July 3t, 2024

_____
Nicholas Gonring

PFS:008071.0001.3337862.1

Scanned with CamScanner