IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELINDA SGARIGLIA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-05684 |
| v. | ) | |
| | ) | Honorable Robert W. Gettleman |
| AMERICAN INTERNATIONAL RELOCATION SERVICES, LLC, d/b/a AIRES, an Illinois limited liability company, NICHOLAS GONRING, and KELSEY GONRING, | ) ) ) ) ) | Magistrate Judge Gabriel A. Fuentes  Jury Demanded |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NICHOLAS AND KELSEY GONRING'S REPLY IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT ON DAMAGES**

Defendants Nicholas and Kelsey Gonring (together, the **"Gonrings"**), by their attorneys Jordan A. Finfer and Elizabeth L. Archerd of the law firm of Patzik, Frank & Samotny Ltd., for their Reply in support of their Cross-Motion for Summary Judgment on Damages (Dkt. #264) (**"Gonrings' Cross-Motion"**), state as follows:

**Introduction**

As the Gonrings established in their Cross-Motion, Plaintiff has suffered no damages from the specific water infiltration issue that the Court found the Gonrings liable for concealing in connection with the Sale.[1] Despite this fact, in Plaintiff's Reply Memorandum in support of her Cross-Motion (Dkt. #272) (**"Plaintiff's Reply"**), she continues to argue, without support, that she is entitled to recover amounts she expended for defects in that Building that were not discovered

---

[1] Any capitalized terms not defined herein shall have the meaning assigned in the Gonrings' Memorandum of Law in Support of Cross-Motion for Summary Judgment on Damages and Opposition to Plaintiff's Motion for Summary Judgment for Damages (Dkt. #265) (**"Gonrings' Memorandum of Law"**).

1

until months (and in some instances, years) after the Gonrings moved out of the Building. This position is entirely unsupported by Illinois law.

In both her Cross-Motion and Reply, in an attempt to pin all of her home financial obligations on the Gonrings, Plaintiff tosses around the vague phrases "construction defects" and "defects in the original construction", while not specifically describing the source of the defects for which she now seeks recovery. *See, e.g.*, Plaintiffs' Cross-Motion at 3, 4 and Plaintiff's Reply at 2, 3. The Court didn't find the Gonrings' liable for hiding a multitude of construction defects. The Court found that the Gonrings' statement on their disclosure forms, that work performed by Arrow had resolved water infiltration through the windows and doors of Unit 3 that they were aware of, was false because at the time they made this statement, the work was not completed (although there is no dispute it was completed soon after). Plaintiff makes no attempt to tie her claimed damages to *this* concealment.

Even worse, in her Reply, Plaintiff actively misrepresents the contents of two documents – an investigative report completed by Engineering Systems Inc. (the **"ESi Report"**), labeled "Exhibit 9" to Plaintiffs' Response to the Gonrings' LR 56.1 Statement of Additional Undisputed Facts (Dkt #273) (**"Plaintiffs' Resp. to Statement of Facts"**); and an estimate provided by Gralak Tuckpointing, Waterproofing and Masonry Sealing (the **"Gralak Quote"**), labeled "Exhibit 20" attached to Plaintiffs' Resp. to Statement of Facts. Plaintiff falsely claims that both documents identify defects that are not even mentioned and selectively quotes from these documents in a misleading manner. These dishonest efforts to fabricate evidence demonstrate the flimsiness of Plaintiff's damages claims and must be rejected.

For the reasons described in the Gonrings' Cross-Motion and herein, summary judgment should be entered against Plaintiff and in favor of the Gonrings.

## Argument

**A. The Gonrings are not liable for costs to remediate mold or repair the roof, glass block windows, mortar joints, front stoop, terrace roofs, garage, roof decks, or front-facing windows in Unit 1, as there is no evidence that the Gonrings either knew of or concealed, defects in these elements.**

As the Gonrings established in their Cross-Motion, Plaintiff is seeking to recover amounts spent to repair defects that were not discovered until after they moved out of the Building, including mold remediation and repairs to the roof, glass block windows, mortar joints, the front stoop, terrace roofs, the garage and roof deck, and front-facing windows in Unit 1. Gonrings' Memorandum of Law, 8-11. Plaintiff has not – and cannot – show that the Gonrings had actual knowledge of or deliberately concealed these defects. Knowledge is an essential element of Plaintiff's claims. *See Fox v. Heimann*, 375 Ill. App. 3d 35, 47, 872 N.E.2d 126, 138 (1st Dist. 2007) ("The defendants' knowledge of the falsity of the statement, or a deliberate concealment with the intent to deceive, is an essential element of common law fraud"); *Woods v. Pence*, 303 Ill. App. 3d 573, 576, 708 N.E.2d 563, 565 (3d Dist. 1999) (violation of the Disclosure Act must be done knowingly). As a matter of law, Plaintiff cannot recover for defects of which the Gonrings had no knowledge.

In an attempt to overcome these fatal deficiencies, in her Reply brief, Plaintiff asserts that that the ESi Report and Gralak Quote, obtained by the Association during the Gonrings' residency, disclosed the now-complained of damages – specifically, that these documents identified damages in the front stoop, block windows, and terrace roofs.[2] Reply, 1-2. A review of these documents confirms that this argument is false. Instead, Plaintiff blatantly misquotes the contents of these

---

[2] In her Reply, Plaintiff makes no attempt to articulate specific facts that show the Gonrings' had knowledge of defects in the garage and roof deck or front-facing windows in Unit 1. For the reasons described in the Gonrings' Cross-Motion, summary judgment should be entered in favor of the Gonrings as to these elements.

3

documents in an attempt to fabricate evidence in support of her claims. This tactic should be rejected outright.

First, Plaintiff claims – without citing to any specific portion – that the ESi Report identifies the defects in the front stoop, block windows, and leaking in the terrace roofs. Reply, 2. This statement is entirely unsupported by the ESi Report itself. In connection with Plaintiff's Cross-Motion, Allendorfer testified that the Association had to completely rebuild the front stoop due to poor construction. Allendorfer Aff., ¶27. But this "poor construction" is not identified in the ESi Report. The ESi Report includes pictures depicting the front stoop, included in the ESi Report without description, and a single statement that Gorr requested contact information for a concrete contractor. Reply, 2. This is insufficient to support Plaintiff's claim. Plaintiff has produced no evidence, in either the ESi Report or otherwise, to show that the Gonrings knew that the front stoop was "poorly constructed" and would need to be rebuilt. Plaintiff has also not articulated, either in her Cross-Motion, Reply, or previous Motion for Partial Summary Judgment Based Upon Liability (Dkt. #206), any false statement or concealment by the Gonrings regarding the front stoop. It is axiomatic that a false statement or concealment is essential to Plaintiff's fraud-based claims. Without this evidence, Plaintiff cannot recover damages in connection with this element.

More egregiously, however, the ESi Report makes no mention of either the block windows or alleged leaks in the terrace roofs. Plaintiffs' Resp. to Statement of Facts, Ex. 9. This directly contradicts Plaintiff's argument that these defects were revealed to the Gonrings – and concealed from Plaintiff – in the ESi Report. Reply, 2. Plaintiff's argument that this report identified defects to the block windows or terrace roofs, which is wholly unsupported by the document itself, must be disregarded.

Second, Plaintiff misleadingly argues that the Gralak Quote "specifically cited a cracked block window". Reply, 2. While technically true that the Gralak Quote "cites" a cracked block window, the context omitted by Plaintiff is important. At page 6, the Gralak Quote states: "Replacement one broken glass block at the 3rd floor west wall window opening. Free of charge with estimate." Plaintiffs' Resp. to Statement of Facts, Ex. 20, Gorr 00208. But Plaintiff isn't seeking to recover the cost of replacing one piece of broken glass (nor could she, given that this item affects only Unit 3). Instead, Plaintiff alleges that the Association repaired leaks to the glass block windows and "compromised" mortar joints. Allendorfer Aff., ¶27. Neither the Gralak Quote, the ESi Report, or any other evidence produced by Plaintiff suggests that the Gonrings had any knowledge of leaks to the glass block windows or issues in the mortar joints; quite simply, Plaintiff has failed to produce a scintilla of evidence in support of her claim that the Gonrings had actual knowledge of these issues.

In order to prevent the entry of summary judgment as to these elements, Plaintiff must do more than just argue that the Gonrings had knowledge of these defects – defects which were not raised in her Motion for Partial Summary Judgment Based Upon Liability and accordingly, which the Court has *not* ruled that the Gonrings concealed. "The primary purpose of summary judgment is to dispose of claims that have no factual support." *Vukadinovich v. Bd. of Sch. Trustees of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002). "Thus, in order to overcome the undisputed facts set forth in a defendant's motion for summary judgment, a plaintiff cannot rest on the allegations in his complaint but must point to affidavits, depositions, or other evidence of an admissible sort that a genuine dispute of material fact exists between parties." *AGCS Marine Ins. Co. v. Chillicothe Metal Co., Inc.*, 651 F. Supp. 3d 954, 959 (C.D. Ill. 2023). As to the glass block windows, mortar joints, the front stoop, terrace roofs, the garage and roof deck, and front-facing

windows in Unit 1, Plaintiff has presented no factual support to show either that the Gonrings knew of these defects, *or* that they concealed these defects from her in any statement they made in connection with the sale of Unit 1. Without providing any factual support, summary judgment must be granted in favor of the Gonrings.

    **B. The Gonrings did not conceal defects in the roof trusses, which were not discovered until after they moved out.**

As with the arguments debunked above, Plaintiff broadly asserts, without pointing to any specific support in the document, that the Gralak Quote "reveal[s] roof defects". Reply, 2. This document, however, did not disclose deterioration in the roof trusses, which is the "roof defect" for which Plaintiff seeks reimbursement in her Cross-Motion. Allendorfer Aff., ¶¶20-21. The Gralak Quote recommended only flashing and tuck pointing to the parapet wall – decidedly external repair work. Plaintiffs' Resp. to Statement of Facts, Ex. 20 (Gorr 00208-09). As recommended, this work was completed by Arrow Masonry before Plaintiff moved into the Building. Gonrings' Statement of Additional Facts, Ex. F. The ESi Report further confirmed the Gonrings' belief that there were no defects in the roof. Plaintiffs' Resp. to Statement of Facts, Ex. 9, p. 3 ("There was no evidence of issues with the roofing membrane").

In Plaintiff's Cross-Motion, she does not claim any defects to the parapet walls of the roof, Instead, as explained by Allendorfer, the Association's contractor discovered interior structural deterioration to the roof trusses in April 2019. Allendorfer Aff., ¶¶20-21. There is no evidence that the Gonrings knew of, much less concealed any issues with the roof trusses – damage that Allendorfer described as "hidden deterioration" that wasn't discovered until he opened up the ceilings and walls on the top floor in 2019, well after the Gonrings had moved out. Allendorfer Aff., ¶20.

Plaintiff is not entitled to recover every cent she has ever expended in connection with her ownership of Unit 1. Instead, she can recover only for those damages that are "a proximate, and not remote, consequence of the fraud." *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, 59 F. Supp. 3d 865, 886 (N.D. Ill. 2014). "[P]roximate causation limits recovery to 'those damages which might foreseeably be expected to follow from the *character* of the misrepresentation itself.'" *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 61, 643 N.E.2d 734, 748 (1994) (citing W. Prosser, Torts § 110, at 732 (4th ed. 1971)). This interior, hidden damage to the roof trusses bears no reasonably foreseeable relation to the Gonrings' statements about work to correct water infiltration at door and window openings of the Building. Given that the defects in the roof trusses were not discovered until ten months after the Gonrings sold Unit 1 to Plaintiff, clearly, they could not have concealed these issues in connection with the Sale. Plaintiff has provided no basis for the court to impose the cost to remedy this defect on the Gonrings.

**C. There is no dispute that mold was not discovered in the Building until after the Gonrings moved out.**

Plaintiff is further not entitled to recover damages relating to mold remediation – another issue that was not discovered until after they moved out of the Building. Rather than pointing to any concealment by the Gonrings, Plaintiff merely spends two sentences arguing that the Gonrings should have to pay for this work because "[p]ersistent water in drywall naturally results in mold." Reply, 2. This argument is not only unsupported by any documentary evidence or testimony from Plaintiff's experts, but also flouts the standards imposed by applicable law. In order to hold a defendant liable under either the Disclosure Act or a theory of common law fraud, a plaintiff must do more than argue that a defendant "should have known" about a defect; she must prove that a defendant had actual knowledge of that defect. *See Butler v. Harris*, 2014 IL App (5th) 130163 (affirming judgment in favor of defendant-sellers on claim for violation of the Act where plaintiffs'

7

witnesses testified that defendants "should have" known about septic system issues because the rock was built up, the water was running out, and there was an odor, but there was no evidence that defendants had actual knowledge of the problems in question); *see also Fox v. Heimann*, 375 Ill. App. 3d at 47 (holding that plaintiff is required to prove that defendants knew of falsity of statements to prove common law fraud).

Moreover, and tellingly ignored in Plaintiff's Reply, the Court's previous rulings on this matter confirm that the Gonrings cannot be liable for this defect, which was only discovered after the Sale. In granting summary judgment in favor of the Third Party Defendants, this Court found that the Third Party Defendants did not know about mold in Unit 3, owned by Gorr, as of June 14, 2018; instead, the evidence conclusively established that Gorr did not discover mold in his unit until July 31, 2018. Dkt. #244, pp. 21-22. This finding similarly applies to the Gonrings. Just as the Third Party Defendants had no actual knowledge until at least July 31, 2018, the Gonrings could not have actual knowledge of mold in the Building until after the time it was discovered – after Plaintiff moved into the Building. As a matter of law, Plaintiff cannot prevail on a claim against the Gonrings for concealing mold where there is no dispute that they lacked actual knowledge of this defect.

### D. Plaintiff did not suffer any damages to remedy the water infiltration that the Gonrings concealed.

There is no genuine dispute of fact that the Arrow work resolved the water infiltration in the Building at the door and window openings – the sole issues that the Gonrings were aware of – prior to the time Plaintiff moved into the Building. Gonrings' Statement of Additional Facts, ¶17 and Ex. I; Gorr Dec., ¶6. In an attempt to manufacture a dispute of fact, Plaintiff argues that the Arrow work did not address the issues outlined in the ESi Report because it did not address roof leaks or leaks from defective or improperly installed windows/doors. Reply, 2-3. This assertion

8

is plainly false. Plaintiff pulls her quote from the Warranty Section of the Arrow contract, which states that Arrow does not guarantee leak prevention from, *inter alia*, "roof leaks, defective or improperly installed windows/doors". Gonrings' Statement of Additional Facts, Ex. F, p. 2. But the actual scope of work confirms that Arrow did address the issues described in the ESi Report. *See* Plaintiffs' Resp. to Statement of Facts, Ex. 9, p. 5 (identifying water infiltration, "particularly at window and door openings", and recommending that a masonry contractor install proper flashing); Gonrings' Statement of Additional Facts, Ex. F, p. 1 (Arrow scope of work for grinding, tuckpointing, caulking, flashing installation, and sealing, including at window and door perimeters).

In finding the Gonrings liable for fraudulent concealment and a violation of the Disclosure Act, the Court held that the statements in the Disclosure Form and AIRES Disclosure, that Arrow work had been completed and resolved the then-present water infiltration, was not true at the time the Gonrings completed those disclosures. Dkt. #244, 23. But to prevail on her claims, Plaintiff must show more than that she "merely receiv[ed] a disclosure report containing false information." *Provenzale v. Forister*, 318 Ill. App. 3d 869, 877, 743 N.E.2d 676, 682 (2d Dist. 2001). Instead, for both claims, she is required to prove that she suffered actual damages as a direct result false statement itself. *Id*. (to prevail on a claim under the Disclosure Act, plaintiff is required to show that she suffered damages from the violation); *see also Fox v. Heimann*, 375 Ill. App. 3d 35 at 47 (to prevail on fraud claim, a plaintiff is required to show that she suffered injury as a direct result of the concealment). As the Arrow work was completed and paid for prior to Plaintiff moving in and repaired the issues of which the Gonrings were aware, she has not proven any injury from this concealment. Accordingly, summary judgment in favor of the Gonrings is warranted.

### E. Plaintiff is not entitled to recover her claimed consequential damages.

As explained in the Gonrings' Cross-Motion, Plaintiff's claimed consequential damages are not recoverable. First, as elucidated above, Plaintiff incurred her claimed consequential damages to fix issues that are not related to the limited issues that the Gonrings concealed. Second, Plaintiff incurred these claimed consequential damages to repair defects that weren't discovered until after the Gonrings had moved out of the Building; these undiscovered defects could not have been reasonably contemplated by the Gonrings at the time of the Sale contract and as a matter of law, are not recoverable. *See* Gonrings' Cross-Motion, 11-13.

While an award of attorneys' fees is permissive (but not mandatory) under the Disclosure Act, an award of fees is not appropriate in this case. Plaintiff's lawsuit was not brought to recover damages related to the water infiltration that the Gonrings knew of (and was remedied prior to Plaintiff moving into the Building). Instead, Plaintiff filed this action to recover amounts spent to repair defects that Plaintiff and the Association discovered long after the Gonrings moved out. In this circumstance, Plaintiff's request for fees should be denied. *See Cantrall v. Bergner*, 2016 IL App (4th) 150984, ¶23, 78 N.E.3d 959, 965 ("In multicount cases, where the parties have each won and lost on different claims, it may be inappropriate to award attorney fees to either party").

### Conclusion

As demonstrated in the Gonrings' Cross-Motion and reiterated herein, Plaintiff did not suffer any damages caused by the Gonrings' concealment. Plaintiffs' efforts to mislead this Court by misrepresenting the contents of documentary evidence does not change this fact. Accordingly, summary judgment should be granted in favor of the Gonrings on the issue of damages.

Dated: September 18, 2024  NICHOLAS GONRING and KELSEY GONRING

By: */s/ Jordan A. Finfer*
One of their attorneys

PFS:008071.0001.3372711.1

Jordan A. Finfer (ARDC #6296373)
Elizabeth Archerd (ARDC #6329394)
Patzik, Frank & Samotny Ltd.
200 S. Wacker Drive, Suite 2700
Chicago, IL  60606
Phone:  312-551-8300
jfinfer@pfs-law.com
earcherd@pfs-law.com

## **CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, under penalty of perjury, hereby certifies that DEFENDANT NICHOLAS AND KELSEY GONRING'S REPLY IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT ON DAMAGES was electronically filed on September 18, 2024 using the court's CM/ECF system and will then send same to all ECF-registered counsel of record.

*/s/ Melissa Siedlecki*

PFS:008071.0001.3372711.1