2021 WL 916079, at *6 (N.D. Ill. Mar. 10, 2021). Since the recovery of attorneys' fees and costs is prohibited in Illinois for a common law damages action, "[a]ny right to recovery must derive from contract or statute." Webb v. Fin. Indus. Regulatory Auth., Inc., 889 F.3d 853, 857 (7th Cir. 2018). Thus, any right to recovery here must derive from the violation of the Disclosure Act rather than from the common law fraudulent concealment claim. Under the Disclosure Act, it is within a court's discretion to choose whether to award reasonable attorneys' fees incurred by the prevailing party. See 765 ILCS 77/55; Cantrall v. Bergner, N.E.3d 959, 965 (Ill. App. 4th Dist. 2016). In its discretion, the court declines to do so here. To the extent that plaintiff intends to file a bill of costs that does not include attorney's fees, plaintiff may do so as a matter of course. 28 U.S.C. §1920 ("A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.").

## CONCLUSION

For the above reasons, plaintiff's motion for summary judgment (Doc. 261) is granted in part and denied in part. Defendants' cross motion for summary judgment (Doc. 264) is granted in part and denied in part. The court awards a total of $171,355.79 in damages to plaintiff for the following:

1. Plaintiff's 44% share $13,649.00 of Association expenses for mold remediation ($6,005.56);

2. Plaintiff's 44% share of $120,000.00 of Association expenses for masonry repairs performed by Allendorfer ($52,800.00);

3. Plaintiff's 44% share of $10,530.00 of Association expenses incurred for exploratory work performed by Hier ($4,633.20);

4. Plaintiff's 44% share of $92,190.00 of Association expenses incurred for roof and truss repairs performed by Allendorfer ($40,563.60);

5. Plaintiff's 44% share of $12,125.00 of Association expenses incurred for additional water infiltration prevention work, including sealant, tuckpointing, exterior glass block window replacement performed by Allendorfer ($5,335.00);

6. Plaintiff's 44% share of $5,700 of Association expenses incurred for terrace roof repairs performed by Allendorfer ($2,580.00);

7. Plaintiff's cost to repair the Unit 1 front windows, as quoted by Allendorfer ($24,000.00); and

8. Plaintiff's borrowing costs associated with her 401(k) withdrawal and 401(k) loan, which were necessary to finance the above repairs ($35,438.43).

The court grants defendants' cross motion for summary judgment on the issues of: (1) stairs & stoop repair; (2) garage roof repair; and (3) construction of the new garage deck.

Plaintiff's motion for leave to file a petition for attorney's fees (Doc. 261) is denied.


**ENTER:**


**Robert W. Gettleman**
**United States District Judge**

**DATE: October 18, 2024**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELINA SGARIGLIA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 CV 5684 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| AMERICAN INTERNATIONAL | ) | |
| RELOCATION SERVICES, LLC d/b/a | ) | |
| AIRES, NICHOLAS GONRING, and | ) | |
| KELSEY GONRING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| NICHOLAS GONRING and KELSEY | ) | |
| GONRING, | ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 2726 WEST CORTEZ CONDOMINIUM and | ) | |
| JOHN GORR, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**<u>MEMORANDUM OPINION & ORDER</u>**

Plaintiff Melinda Sgariglia ("plaintiff") brings her second amended complaint against

defendants Nicholas and Kelsey Gonrings ("the Gonrings") and American International

Relocation Services, LLC d/b/a Aires ("Aires"). Count I alleges that the Gonrings violated the

Illinois Residential Real Property Disclosure Act ("the Illinois Disclosure Act"), 765 ILCS 77/1;

Count II alleges common law fraudulent concealment against the Gonrings; and Count III alleges

common law fraudulent concealment against Aires.[1]

---

[1] Judge Dow, to whom this case was previously assigned, dismissed plaintiff's claim for breach of contract against
the Gonrings and Aires on February 26, 2020. <u>See</u> <u>Sgariglia v. Am. Int'l Relocation Servs., LLC</u>, No. 19-CV-5684,

1

The Gonrings then brought a third-party complaint against the 2726 West Cortez Association ("the Association") and John Gorr ("Gorr"). Count I of the third-party complaint alleges that the Association violated Section 22.1 of the Condominium Property Act, 765 ILCS 605/22.1; Count II alleges breach of fiduciary duty against Gorr; Count III alleges breach of contract against the Association; and Count IV seeks contribution from the Association. Judge Dow denied the Gonrings' motion for summary judgment on plaintiff's counts against it on September 16, 2021, <u>Sgariglia v. Am. Int'l Relocation Servs., LLC</u>, No. 19-CV-5684, 2021 WL 4226195 (N.D. Ill. Sept. 16, 2021). On June 22, 2023, plaintiff moved for partial summary judgment (Docs. 205, 206) and seeks judgment against the Gonrings for liability on Counts I and II, and against Aires for liability on Counts III. On July 27, 2023, the Association and Gorr renewed their motion for summary judgment on all counts against them (Docs. 215. 216), and on July 28, 2023, Aires also moved for summary judgment on plaintiff's single count against it (Doc. 217).

For the reasons discussed below, the court grants Aires's motion for summary judgment (Doc. 217) on Count III of plaintiff's second amended complaint, and denies plaintiff's partial motion for summary judgment against Aires on that claim (Docs. 205, 206). The court grants plaintiff's partial motion for summary judgment of liability (Docs. 205, 206) against the Gonrings on Counts I and II of her second amended complaint. Last, the court grants the Association and Gorr's motion for summary judgment (Docs. 215, 216) on all counts against them in the Gonrings' third-party complaint.

## **BACKGROUND**

The court takes the relevant facts from the parties' Local Rule 56.1 statements and

---

2020 WL 919253, at *8 (N.D. Ill. Feb. 26, 2020).

supporting exhibits.[2]  The instant case arises out of the sale of a condominium unit located at

2726 West Cortez in Chicago, Illinois ("the Building").  The Building contains three units, and is

governed by the Association, which is comprised of the owners of those units.  The Gonrings

owned Unit 1 from May 2016 until July 25, 2018, and Gorr owned Unit 3 and was president of

the Association at all relevant times.

On or about October 15, 2017, Gorr filed a claim with Erie Insurance Group ("Erie")

pursuant to the Association's insurance policy for "water damage to the building which was

discovered on October 9, 2017."  Erie retained Engineering Systems, Inc. ("ESI") to examine the

water infiltration issue, and on October 19, 2017, ESI compiled a report that summarized its

recommendations.  According to ESI, "[w]ater infiltration is occurring at various locations in the

structure, but particularly at window and door openings."  The report explains that "[t]he water

infiltration is occurring because of deficiencies in the original construction of the building with

the predominate issue being improper flashing at wall openings."  ESI recommended that the

owner retain a masonry contractor for exploratory work to determine where any water infiltration

was occurring, and to install proper flashing that would allow water to flow out of the building.

Based on ESI's report, Erie denied the Association's claim in November 2017.

On November 9, 2017, the Association held a meeting to discuss the issues with the

Building's split-faced block and "the need to tuckpoint the entire building."  On December 4,

2017, Gorr emailed the other members of the Association, including the Gonrings, to forward

ESI's report.  In his email, Gorr stated,

> "Hey guys, just wanted to forward the results of the inspection from the building
> insurance claim I put in for the water damage at my unit. . . . Most of the water
> issues at my place are above windows and doors, which is where the water would

---

[2] Where the parties have not complied with Local Rule 56 requirements, the court disregards those facts and legal arguments.  Given the extensive number of statements of material facts and responsive statements of additional material facts involved in the instant motions, most facts presented by the parties are properly before the court.

collect and leak into my unit. . . . After 5 years of being unable to solve this with
minor fixes, I believe we have to move forward with the large repair."

Gorr also informed them that,

"I've done everything I can over the years to repair on my own and it's just
getting worse every year.  At this point I believe it needs to become a building
issue.  To the best of my knowledge, it appears to me that the Condo documents
would include this as a common element repair and would be paid for by the
association.  This also means it breaks down by unit percentage.  (44% Unit 1,
26% Unit 2, 30% Unit 3)."

Kelsey Gonring ("Kelsey") responded on February 20, 2018, after Gorr forwarded

various estimates for repairs.  Kelsey explained that "[g]iven the amount of interior, unit specific,

exploratory work (drywall, windows) that needs to be completed, we are not comfortable with

the [Association] covering this cost."  She also stated that "[o]nce the issue is properly

diagnosed, we intend to review each issue individually in the context of the [homeowner

association] guidelines, specifically what is considered 'common elements' and what is unit

owner responsibility, and once that is agreed upon, we can determine the appropriate financial

responsibility of each unit."[3]

In the same email, Kelsey stated that, as part of their purchase of Unit 1, "we were given

a signed document stating that no issues with any of the units had been raised with the

[Association] and no documented common element work had been done or was expected to be

done in the next 2 years."  Further, Kelsey wrote that "if we were aware of this issue upon

purchase, our negotiation would have been conducted quite differently."

On February 22, 2018, Gorr responded that "[i]t's not a unit-specific problem, they just

have to tear out the drywall in my unit to diagnose.  The windows are not leaking, the building is

---

[3] The Association's bylaws define "common elements" to include, among other things, the "walls," and "limited
common elements" to include "[t]he part of the Common Elements contiguous to and serving a single Unit
exclusively as an inseparable appurtenance therefore including . . . such portions of the perimeter walls, floors and
ceilings, windows, doors and all fixtures and structures therein which lie outside the Unit boundaries."

4

leaking, the wall above my door is leaking, the vent on my ceiling is dripping water," and stated that the issues were "most likely" due to "some" issues, including improper flashing above windows and doors, tuckpointing cracks, and water absorbed through the Building's split-faced block. Moreover, Gorr emphasized that "[t]his issue will only cause more damage to the building the longer we wait so I'm pushing hard to get something to happen here."

On March 19, 2018, the members of the Association met to discuss the problem, and Gorr and the Gonrings voted in favor of exploratory work to determine responsibility for repairs using Bral Restoration, LLC ("Bral"). The Association paid for Bral's exploratory work based on pro rata share of ownership, and Bral forwarded its report on May 3, 2018. According to plaintiff, Bral found that the existing flashing on the window and door on the third floor allowed water leakage through the walls of Unit 3, and the Association was responsible for covering the repairs because walls are a common element. The Gonrings dispute whether Bral determined that the issues were related to the wall flashing system; rather, the Gonrings emphasize Bral's determination that "allowing a proper through wall flashing system to be installed would not prevent water from penetrating at locations in between the openings." (Emphasis added).

On May 7, 2018, Kelsey obtained an estimate from Arrow Masonry ("Arrow") to perform work on the Building, and signed a contract with Arrow at the Association's meeting that day. The proposed scope of work included "spot grinding, spot tuckpointing, caulking, flasing [sic] installation and sealing of the east (70' x 48'), west (70' x 48') and north (24' x 48') elevations of split face block." The quote included work on "all 3 elevations" to limited common elements, but not changes to the flashing system. Kelsey stated in her affidavit that the Association contracted with Arrow because Arrow's proposed contract was less expensive and backed by a five-year warranty on material and labor, as well as a guarantee on leak prevention.

5

Around May 17, 2018, after the Association hired Arrow but before Arrow began its work, the Gonrings signed a listing agreement for Unit 1, naming the Gonrings as the "Seller." The Gonrings relocated to Michigan for Nicholas Gonring's work at Gordon Food Service, Inc., which contracted with defendant Aires, a relocation company, to help its employees with their move. Accordingly, Aires "facilitated the sale of [the Gonrings' unit]," which was listed on May 21, 2018.

On May 19 and 21, 2018, the Gonrings completed and executed an Illinois Residential Real Property Disclosure Report ("Illinois disclosure report"), as required by the Illinois Disclosure Act, 765 ILCS 77/1. The disclosure form cites to the Disclosure Act to define "residential real property," which includes "condominium units including the limited common elements allocated to the exclusive use thereof that form an integral part of the condominium unit." Further, the form notes that "[t]hese disclosures are not intended to cover the common elements of a condominium, but only the actual residential real property including limited common elements allocated to the exclusive use thereof that form an integral part of the condominium unit."

Thus, the Gonrings "made disclosures regarding the sale of their Unit, not the building as a whole," in their Illinois disclosure report. Because the disclosure report clarified that "[t]hese disclosures are intended to reflect the current condition of the premises and do not include previous problems, if any, that the seller reasonably believes have been corrected," the Gonrings answered "no" when prompted to disclose whether they were aware of any "leaks or material defects in the roof, ceilings, or chimney," as well as material defects "in the walls, windows, doors or floors." In her affidavit, Kelsey stated that the Gonrings never experienced water infiltration or leaking in their unit during their ownership and occupancy of Unit 1, and they

were not aware of any structural damage or issues relating to Unit 1. Amanda Flucker, an agent of Aires, also completed an Illinois Realtors Residential Real Property Disclosure Form on June 6, 2018, with large "X"s across the form and a statement that reads, "We are a relocation company, and as such, have never occupied this property. We make no guarantee, warranty, or representation about the condition of this property."

On May 29 and 30, 2018, the Gonrings each signed a Seller Property Disclosure Statement ("the Aires disclosure report") on a form provided by Aires, which lists the Gonrings as "Sellers" and Aires as "Buyer." In the Aires disclosure report, the Gonrings disclosed that they were aware of "past water leakage in the house or other structures," and that "Unit 3 had leaks on west facing windows," but the "[Association] sealed building to resolve Unit 3 leak." When prompted to disclose whether they were aware of past or present "deterioration or other problems with the walls, foundations or other structural components," the Gonrings answered "no," and they also indicated that they had not filed any insurance claims on their homeowner's insurance policy for Unit 1 in the past five years. They disclosed, however, "[t]uckpointing & sealing of Building exterior," when prompted to disclose shared or common areas or maintenance agreements.

On May 30, 2018, the Gonrings paid their pro rata share of the Association's down payment for Arrow's work on the Building, which began on May 31, 2018. The Gonrings paid the balance on June 8, 2018, and Arrow completed its work by June 6, 2018. Plaintiff disputes whether the Gonrings and Gorr believed that Arrow truly remediated the water infiltration issue in Unit 3 and other common elements. The Gonrings counter that split-faced block needs to be maintained because it is porous, and proper maintenance for split-faced block includes sealing approximately every five years due to the nature of the block, which Hawbecker (plaintiff's

counsel) explained in his deposition.

On June 7, 2018 (shortly after Arrow completed its work), plaintiff made an offer to purchase the Gonrings' unit, and signed a Condominium Real Estate Purchase and Sale Contract with Aires, which listed Aires as "Seller," on June 8, 2018. Aires, however, was not the owner of Unit 1. Rather, the Gonrings retained title throughout the course of the sale, and the Gonrings transferred title to plaintiff via warranty deed upon closing. Hawbecker testified that the most common protocol for sales with a relocation company would be for the owner to transfer the property to Aires, and Aires to transfer the property to the buyer. Hawbecker testified that these sales generally have simultaneous deeds at closing. In the instant case, however, the parties used a "deed bypass" with only one transfer. Hawbecker stated that this sale was the only time he had seen a deed bypass.

Plaintiff received the Gonrings' Illinois disclosure report and Aires disclosure report, as well as a Section 22.1 Disclosure Statement ("22.1 disclosure statement") from Gorr, the Association's president. Gorr signed the 22.1 disclosure statement on June 14, 2018, after receiving an email from Kelsey with the form attached. Kelsey wrote that there did not "seem like there is a question pertaining to leaks there would be no need to go into detail about issues in your unit or the building." Ultimately, the 22.1 disclosure statement indicates that were no "capital expenditures anticipated by the Association for the current or next two fiscal years that would require a special assessment and/or increase in the monthly assessment to the unit owners." Gorr sent the statement to plaintiff's counsel after Kelsey explained that it was "[p]robably best if [plaintiff] gets it from you."

Gorr sent the 22.1 disclosure statement via email, and specified that the Association would release its May 7, 2018, meeting minutes. These meeting minutes state that the

Association accepted Arrow's quote for its proposed scope of work, and the Building was last sealed in 2012. The Association did not send the November 9, 2017, meeting minutes, which show that the Association approved financing through special assessment, or the March 19, 2018, meeting minutes, which show capital expenditures and a special assessment. In her email to Gorr in his capacity as Association president, Kelsey stated that "[w]e can provide minutes for the meeting where we decided on hiring Arrow. No need to go into a detailed history of how and why we came to that conclusion since that is not what they are asking for."

Also on June 14, 2018, Hawbecker sent an attorney review letter to Sarah Wilkins ("Wilkins"), Aires's attorney, to "verify that the Condo Association has not experienced any instances of water (interior or exterior) leaking into the Property and/or any water damage during Seller's ownership of the Property," in addition to "any insurance claims within the last 5 years" and "any other matter concerning this property or the Seller that may interfere with the Buyer's enjoyment and marketability of the property." Wilkins, while identifying Aires as the "Seller," refused to answer Hawbecker's inquiries because, "[a]s a third-party corporate relocation company, Seller is unable to make verifications regarding whether the Property has experienced water leaking or water damage," or "representations or warranties regarding whether insurance claims have been made against the Property."

According to Hawbecker, Aires held itself out to be the owner because it was the seller, and if Aires had told him that it was not the owner, his questions and correspondence in attorney review would have been different.[4] For example, on June 22, 2018, one of plaintiff's attorneys asked Aires to contact the "prior owner" for information because "the seller has direct contact with the prior owner," and plaintiff's counsel assumed that the Gonrings had already conveyed

---

[4] Conversely, Kirk Langefeld, another one of plaintiff's counsel, said that he would <u>not</u> have acted differently if he knew that Aires did not own Unit 1.

the unit to Aires. Defendants counter that representing Aires as the seller is not the same as holding Aires out to be the owner. For example, on June 18, 2018, Wilkins sent a home inspection response letter to Hawbecker, stating that "Seller [r]eports that the Property's HVAC has never been serviced by the homeowners," and "as the homeowners report, the flickering of one light in the main living space is not the result of a building issue." In their correspondence, Wilkins continued to refer to the Gonrings as the "homeowners."

Hawbecker testified that attorneys in real estate closings generally trust each other to fully disclose information. In her deposition, plaintiff stated that she relied on Aires's representations, in part because plaintiff's sales contract with Aires permitted proposed modifications to the contract if their representations changed. On July 2, 2018, Wilkins communicated to Hawbecker that, as a third-party company that never occupied the unit, Aires could not make additional representations or warranties, but that the homeowner-provided disclosures: "make[ ] no mention of water infiltration issues within the Property"; no insurance claims were made with the Gonrings' homeowners insurance within the last five years; and there were no current or pending complaints.

Plaintiff complains that the Gonrings were communicating with Wilkins, and it was misleading for Aires to communicate with the Gonrings without informing her. On July 3, 2018, Kelsey emailed Wilkins and another Aires attorney that "Nick and I have reviewed the buyer's response and have decided to agree to the buy's terms ($3,000 closing credit and 125% tax proration) outlined in the attached document." On July 5, 2018, Nicholas emailed Aires's counsel and expressed his frustration with their lack of communication with "attorneys that are working on our behalf through Aires." When Hawbecker saw the email, he testified that, "It's just sneaky. Very sneaky, right. [The Gonrings are] controlling the responses that we're getting,

10

yet shielding behind [Aires is a] relo company, never occupy the property, don't disclose."
Nicolas also asked, "when can we expect our attorneys to approve the addendum that we have
verbally come to terms with," because "[w]e need this done today." That same day, however,
Aires's counsel emailed Aires and stated, "Our office receives direction from you (AIRES). We
are not authorized to take direction directly from a transferee [like the Gonrings] without your
input."

Gorr listed his own unit around the same time as the Gonrings, and five days after signing
the 22.1 disclosure statement. On June 26, 2018, Gorr entered into a contract to sell Unit 3, but
the sale fell through after the buyers' inspector found excessive moisture in the unit. A second
contract fell through for the same reason. On July 13, 2018, Gorr emailed the Gonrings that his
window had moisture after it rained, and advised that, since "it has been documented as a building
issue," he would put money in escrow to a potential buyer of his unit for his share of the "future
work." The parties dispute whether this email demonstrates that water intrusion continued to be
an issue. According to the Gonrings, there is a distinction between water intrusion and mere
moisture detection. At this point, however, Arrow returned and applied a second layer of
elastomeric sealant, which Kelsey believed addressed "any possible issue." Gorr emailed Kelsey
that "I hope the secondary work resolved it for good[;] the moisture monitoring will help me to
determine that." The Gonrings did not hear anything from Gorr about moisture or water intrusion
after this point.

On July 23, 2018, two days prior to closing, Kirk Langefeld ("Langfeld") (another one of
plaintiff's counsel) asked Terry Wilkins ("Terry"), an Aires paralegal, to confirm what personal
property would be left in the unit along with a list to "forward to the owners." Terry explained
that Aires's counsel "would not have contact with the homeowners. BUT we will forward the List

11

to AIRES to have them forward same." Langefeld later asked again, and Wilkins responded, "No. Aires was not a party to that separate agreement. . . . Therefore, my office cannot confirm anything about the furniture because we represent Aires and Aires only."

The Gonring's sale of Unit 1 to plaintiff closed on July 25, 2018. The Gonrings entered into a Relocation Real Estate Purchase and Sale Agreement ("the relocation agreement") with Aires. In the relocation agreement, Aires agreed to pay the Gonrings $510,000, and required that "Seller will execute and deliver to BUYER or its nominee a Power of Attorney, a warranty deed or its equivalent conveying good, clear and marketable title to the BUYER or its nominee." As discussed above, the Gonrings then transferred Unit 1 to plaintiff via warranty deed. Attorney Paul Garver ("Garver"), from Hawbecker's office, attended the closing. Plaintiff accepted the deed directly from the Gonrings to plaintiff without objection by herself or Garver.

On July 31, 2018, Gorr hired MI&T Mold Inspection Testing ("MI&T") to test his unit for mold, and MI&T found that it tested positive. As a result, Gorr removed the floorboards in Unit 3 on September 7, 2018, and discovered mold damage in his unit's subflooring and behind the walls. Gorr emailed plaintiff on September 7, 2018, and stated:

> "Hey Melinda - this is going to be an unfortunate way for us to start talking. I've been very busy trying to sell my place for the past few months and have had several setbacks. I'm not sure what was communicated to you during closing but there has been a history of water intrusion to the building. This has occurred primarily in my unit from leaks through the split face block. The history of water intrusion has been thoroughly documented over some years and was clearly communicated along the way to the other unit owners.
>
> We had the building sealed with elastomeric sealant a few months back so we're fairly confident that the water has stopped getting into the building. However, with the recent inspections on my place a few items have been brought up that have shed light on a new problem. I recently tested positive for elevated levels of mold in my unit. That triggered me to look at replacing some floorboards. Upon removing the floorboards we discovered that the subfloor was severely damaged in many areas and there is mold behind some walls, please see the attached pictures. From what started out as me replacing some floorboards has turned into

12

a large and costly problem that was caused by a building issue. I have spoken with a few contractors about the next steps and the appropriate resolve is to remove some of the subfloor, and much of the drywall on the perimeter of my unit, treat the mold, and then repair and repaint."

Based on subsequent remediation expenditures, plaintiff filed her original complaint against the Gonrings and Aires on June 20, 2019.

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden, and the court must view all facts in the light most favorable to the nonmovant and draw all reasonable inferences in their favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). But the nonmovant must do more than raise "some metaphysical doubt as to the material facts." Id. at 586. Rather, the nonmovant "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Where both parties file motions for summary judgment, the court applies the same standards of review. See Wis. Alumni Research Found. v. Xenon Pharm., Inc., 591 F.3d 876, 882 (7th Cir. 2010). The court views all facts and inferences in the light most favorable to the nonmovant on each motion, on an individual and separate basis. Id.

## DISCUSSION

The court begins by evaluating plaintiff and defendant Aires's cross-motions for summary judgment on Count III of plaintiff's second amended complaint against Aires. Plaintiff maintains one claim against Aires for fraudulent concealment, which she conflates with her claim against the Gonrings.[5] To succeed on her claim for fraudulent concealment under Illinois

---

[5] Plaintiff argues that Aires colluded with the Gonrings in their fraudulent concealment, but she does not allege

13

law, plaintiff must establish the elements of fraudulent misrepresentation, in addition to

demonstrating that Aires intentionally omitted or concealed a material fact that it was under a

duty to disclose to plaintiff. See Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 571 (7th Cir.

2012). To establish a claim for fraudulent misrepresentation, plaintiff must show: (1) a false

statement of material fact; (2) that Aires knew or believed the statement was false; (3) Aires

intended to induce plaintiff to act; (4) plaintiff acted in reliance on the truth of the statement; and

(5) damage to plaintiff resulting from that reliance. See id. at 569 (quoting Dloogatch v. Brincat,

920 N.E.2d 1161, 1166 (Ill. App. 2009)).

According to plaintiff, there is no genuine dispute that Aires fraudulently concealed

several facts from plaintiff during the sale of Unit: that the Gonrings maintained ownership over

Unit 1; that Aires acted as an agent for the Gonrings; and that there were construction defects in

Unit 1, resulting in insurance claims on the Building. Aires counters that there is no genuine

dispute that it is not liable for fraudulent concealment because plaintiff has failed to prove that:

(1) any of these facts were material in her decision to purchase Unit 1; (2) Aires intended

plaintiff to rely on false information; (3) Aires had a duty to disclose the relevant information;

(4) plaintiff could not discover these facts through reasonable inquiry or inspection; (5) plaintiff

would have acted differently with this information; and (6) plaintiff relied on Aires's alleged

concealment to her detriment. The court agrees with Aires that no reasonable jury could

conclude that Aires fraudulently concealed material facts from plaintiff.

Plaintiff has failed to provide evidence to support several aspects of her claim that Aires

fraudulently concealed that the Gonrings owned Unit 1. First, plaintiff has not provided

---

collusion in her complaint and brings this argument for the first time at summary judgment. Even if the Gonrings
were "shielding themselves behind the relocation company, AIRES," as plaintiff argues, whether the Gonrings
intended plaintiff to rely on false information is a question separate from whether Aires intended plaintiff to rely on
false information.

evidence that Aires intentionally omitted or concealed a material fact about ownership from plaintiff or plaintiff's counsel. Plaintiff held a mistaken belief about Aires's ownership (or more accurately, Aires's <u>lack</u> of ownership), but there is no evidence that Aires caused plaintiff to hold this belief through misrepresentation or concealment, or knew that she continued to believe it. Rather, the evidence shows that Aires and its counsel clarified to plaintiff on various occasions that Aires was a third-party relocation company, and if plaintiff or her counsel were confused about the relationship between "seller," "buyer," "owner," and "contractual owner," they could have asked for clarification. Ultimately, because plaintiff accepted title for Unit 1 directly from the Gonrings, not Aires, without objection, plaintiff cannot claim that she did not know that the Gonrings owned the unit.

Plaintiff argues that Aires did not correct her impression that the Gonrings were the "prior owners," and her counsel acted based on the "kinship implicit between legal professionals that impl[ies] that each attorney reposes his or her trust in the other to offer truthful and complete responses." This "kinship" may oblige Aires and its counsel to correct clear misunderstandings of material fact, but plaintiff has not provided any evidence of a duty to scour the record for plaintiff's misunderstandings, especially after Aires clarified its relationship to the unit on several occasions. Further, there is no evidence that plaintiff was rendered unable to determine ownership with due diligence, given that she was represented by counsel herself.

Last, even if Aires failed to satisfy its obligation to disclose ownership, or to correct plaintiff's mistaken impression of ownership, plaintiff has not provided evidence that disclosure would have changed the result. Although Hawbecker testified that the attorney review process would have taken "a different tone" if he had known that the Gonrings, not Aires, owned Unit 1, Langefeld (who represented plaintiff during the attorney review process) testified to the contrary.

15

Moreover, Hawbecker himself testified that generally non-bypass relocation company sales proceed with "simultaneous" deeds at closing, suggesting that relocation companies do not "own" the relevant property during the attorney review process in any case. Regardless, if the process had "a different tone," plaintiff does not explain how Aires's disclosure would have given plaintiff additional information about water infiltration. As Aires explained multiple times, it never occupied or managed Unit 1.

The court also concludes that no reasonable jury could find that Aires fraudulently concealed from plaintiff that Aires acted as an agent for the Gonrings, or that construction defects in Unit 1 resulted in insurance claims on the Association's policy. Plaintiff has provided no evidence that Aires knew about construction defects in Unit 1. Rather, the evidence shows that Aires, like plaintiff, relied on the Gonrings' disclosures for information regarding the condition of Unit 1. When Aires completed its own Aires disclosure report, it drew "X"s across each page and stated that, "We are a relocation company, and as such, have never occupied this property. We make no guarantee, warranty, or representation about the condition of this property."

Further, while plaintiff provides evidence that the Gonrings communicated with Aires during the attorney review process and believed that they controlled Aires, plaintiff offers no evidence that the Gonrings were the ultimate decisionmakers who controlled the flow of information to plaintiff. The Gonrings may have maintained the authority to approve closing cost credit and tax proration, but the evidence shows that Aires's counsel clarified to Aires that the Gonrings did not have control over its counsel, who were "not authorized to take direction directly from a transferee without [Aires's] input." It is unreasonable to argue that Aires shielded the Gonrings' control over its decisions when the evidence shows that it, and its

16

counsel, avoided delegating such control.

Consequently, because no reasonable jury could find that Aires fraudulently concealed any material fact from plaintiff, the court grants defendant Aires's motion for summary judgment on the remaining claim against it (Count III of plaintiff's second amended complaint), and denies plaintiff's partial motion for summary judgment against Aires on Count III.

Next, the court evaluates plaintiff's partial motion for summary judgment of liability against the Gonrings on Count I for violating the Disclosure Act and Count II for fraudulent concealment. It begins with plaintiff's claim for fraudulent concealment, which uses the same standard as her fraudulent concealment claim against Aires.

According to plaintiff, there is no genuine dispute that the Gonrings fraudulently concealed: their continued ownership of Unit 1 during the attorney review process; their alleged control over Aires and its counsel; and construction defects in Unit 1, which resulted in insurance claims on the Association's insurance. At the outset, the court agrees with the Gonrings that plaintiff has not provided evidence that the Gonrings made representations which concealed their ownership of Unit 1, or that they controlled Aires and its counsel during the review process, as discussed above.

It is a separate issue whether plaintiff is entitled to summary judgment on its claim that the Gonrings fraudulently concealed the construction defects in Unit 1. Plaintiff argues that the Gonrings' fraud began with their disclosure reports, and it continued when Kelsey advised Gorr to avoid going into detail about the leaks in the Association's 22.1 disclosure statement and to provide limited meeting minutes.[6]

---

[6] Plaintiff also complains that the Gonrings did not update their disclosures when Gorr advised them of moisture detection in his unit on July 13, 2018. In response, the Gonrings argue plaintiff improperly attempts to assert plaintiff's breach of contract claim, which Judge Dow dismissed. The court agrees with the Gonrings, and rejects plaintiff's argument.

The Gonrings counter that there is a genuine dispute whether they fraudulently concealed construction defects from plaintiff and her counsel. They argue that they were required only to disclose unresolved, material defects that were specific to Unit 1, not resolved, routine maintenance work to the Building. According to the Gonrings, they answered truthfully when Aires, via the Aires disclosure form, asked whether they were aware of any past or present water leakage in the "house or other structures." On that report, the Gonrings stated that "Unit 3 had leaks on west facing windows," but the "[Association] sealed building to resolve Unit 3 leak."

The court, however, finds that there is no genuine dispute that the Gonrings fraudulently concealed that the Building, including Unit 1, had unresolved, material defects. Whether the Gonrings genuinely believed that Arrow remediated the water infiltration issue after it first completed its work is irrelevant.[7] The important issue is whether the Gonrings believed that their building was free of unresolved, material defects when they completed their Aires disclosure report. Because Arrow did not begin its work until May 31 and did not complete its work until approximately June 6, the Gonrings have provided no evidence that the Building was free of material defects when they completed their disclosure statement on May 29 and 30.

The Gonrings also argue that they were not required to disclose Arrow's prospective work on the unit because split-faced block must be maintained due to its porous nature, and proper maintenance includes sealing around every five years. They emphasize that the Building was last sealed in 2012, and the Association hired Arrow in 2018. The need for routine maintenance, however, does not explain why Gorr experienced water infiltration issues for years prior to Arrow's work. Moreover, the Gonrings' routine maintenance argument is undercut by Kelsey's own statement that "if we were aware of this issue [with water infiltration] upon

---

[7] The parties dispute whether Arrow's quote, even if completed successfully, would have remediated the water infiltration issue, based on Bral's report.

purchase, our negotiation would have been conducted quite differently," as well as her original skepticism that the water infiltration issue in Unit 3 implicated the Gonrings' collective responsibility.

Thus, the court finds that a reasonable jury, faced with plaintiff's proffered evidence, could not conclude that there was a genuine dispute whether the Gonrings fraudulently concealed that their unit had material construction defects. The evidence shows that the Gonrings granularly dissected each disclosure request to minimize the information available to plaintiff about the water infiltration in the Building and its ramifications for Unit 1, including Gorr's claim on the Association's insurance. Accordingly, the court grants plaintiff's motion for summary judgment on Count II of her second amended complaint against the Gonrings.

The court now turns to plaintiff's motion for summary judgment on Count I of her second amended complaint, which claims that the Gonrings violated the Illinois Disclosure Act, 765 ILCS 77/1. Under the Disclosure Act, a seller of residential real property, including condominium units and "the limited common elements allocated to the exclusive use thereof that form an integral part of the condominium unit," must fill out the Residential Real Property Disclosure Report. See 765 ILCS 77/5; 765 ILCS 77/20. A seller "who discloses any information on the Residential Real Property Disclosure Report that he knows to be false shall be liable in the amount of actual damages and court costs, and the court may award reasonable attorney fees incurred by the prevailing party." 765 ILCS 77/55. The seller, however "is not liable for any error, inaccuracy, or omission of any information delivered pursuant to this Act if (i) the seller had no knowledge of the error, inaccuracy, or omission, [or] (ii) the error, inaccuracy, or omission was based on a reasonable belief that a material defect or other matter not disclosed had been corrected." 765 ILCS 77/25(a).

19

Plaintiff complains that the Gonrings answered "no" when asked whether they were aware of defects in the foundation, as well as "leaks or defects in the roof" and "material defects in the walls, windows, doors or floors," despite knowing that these limited common elements were materially defective due to water infiltration, or at least the risk of it, that would not be ameliorated with sealant alone. The Gonrings counter that the Disclosure Act did not require them to disclose defects in common elements or other units' limited common elements, especially when they reasonably believed that the problem had been corrected. According to the Gonrings, because Unit 1 does not have a roof, and because they did not experience any water infiltration in their unit's walls, windows, or doors, they were unaware of material defects in their unit. The Gonrings emphasize their perspective that Arrow determined that tuckpointing and sealing would remediate the problem.[8]

The court disagrees with the Gonrings. As discussed above, the evidence shows that Arrow did not start its remediation work, which included window and door perimeter sealing on "all 3 elevations," until after the Gonrings completed and executed their Illinois disclosure report. Even if the Gonrings reasonably believed that sealing alone would resolve any construction defects in the Building, no reasonable jury could find that the Gonrings were not obligated to disclose the defect when they executed their report. The Gonrings state that they never experienced water infiltration in Unit 1, but they cannot claim that they misunderstood Arrow's scope of work because they helped pay for it. The evidence shows that the continued risk of water infiltration was a material defect because Kelsey herself stated that they would have conducted their negotiations for Unit 1 "quite differently" if the Gonrings had known about it.[9]

---

[8] They also argue that there is a genuine dispute whether ESI's report evaluated the entire Building or limited its inspection to Unit 3, and whether Bral's report determined that the water infiltration issue was related to the wall flashing system.

[9] Under the Disclosure Act, a "material defect" is "a condition that would have a substantial adverse effect on the

Thus, the court grants plaintiff's motion for summary judgment on Count I of her second amended complaint.

Last, the court evaluates the Association and Gorr's motion for summary judgment on all counts against them in the Gonrings' third-party complaint. In the third-party complaint, Count I alleges that the Association violated Section 22.1 of the Condominium Property Act, 765 ILCS 605/22.1; Count II alleges breach of fiduciary duty against Gorr; and Count III alleges contribution against the Association. The court starts by granting summary judgment on Count III because, as the third-party defendants Association and Gorr argue, the Illinois Supreme Court has held that there is no right of contribution for intentional torts. See Gerill Corp. v. Jack L. Hargrove Builders, Inc., 128 Ill. 2d 179, 205 (1989). Plaintiff's claims against third-party plaintiffs (the Gonrings) consist of only intentional torts (knowing violation of the Disclosure Act and fraudulent concealment), so a reasonably jury could not find in the Gonrings' favor on Count III.

The crux of Counts I and II is whether third-party defendants submitted a fraudulent 22.1 disclosure statement to the Gonrings by failing to disclose that they knew, or should have known about, the need for a future special assessment for mold remediation in Gorr's unit. Third-party defendants argue that there is no genuine dispute that their 22.1 disclosure statement was accurate when they issued it on June 14. On June 14, the Association paid for Arrow's completed remediation work, and it did not anticipate additional capital expenditures or special assessments in the current and succeeding two years. The evidence shows that Gorr did not discover mold in his unit until he hired MI&T on July 31, and did not know the location of the mold until he removed the floorboards on September 7.

---

value of the residential real property or that would significantly impair the health or safety of future occupants of the residential real property." 765 ILCS 77/35.

The Gonrings counter that there is a genuine dispute whether Gorr truthfully completed the 22.1 disclosure statement based on his knowledge of continued issues with his unit. They argue that "[b]y having Arrow return to seal the Building a second time, the evidence suggests that Gorr himself suspected that water infiltration into his unit had not stopped," but he "kept silent throughout the completion of the Association Disclosure and Gonrings' sale of Unit 1" and chose not to disclose "in order to push forward the sale of his own unit."

The court agrees with third-party defendants that the Gonrings have not provided affirmative evidence that Gorr or the Association knew about or should have known about the mold in Gorr's unit when Gorr issued the Association's 22.1 disclosure statement, or that Arrow would need to return to reseal the Building. In fact, in his email to plaintiff on September 7, Gorr explicitly refers to the mold issue as "a new problem." The court grants third-party defendants' motion for summary judgment on Counts I and II of the Gonrings' third-party complaint.

The sole remaining count is Count III for breach of contract against the Association. The Gonrings argue that the Association breached its contract by "failing to remediate the issues with the limited common elements associated with Gorr's unit," as required by its governing declarations. The court agrees with third-party defendants that there is no genuine dispute that the Association took steps to remediate the water infiltration issues with Gorr's unit, first by hiring Bral and later by hiring Arrow. The evidence shows that Gorr worked to combat, and eventually overcome, skepticism among his fellow board members for the Association to take action against a problem with the Building. Further, as discussed above, there is no evidence that the Association knew of the mold prior to July 31, and after detecting mold, the Association acted to remediate it. Accordingly, the court grants third-party defendants' motion for summary

22

judgment on all counts of the Gonrings' third-party complaint.

## CONCLUSION

For the reasons stated above, the court grants Aires's motion for summary judgment (Doc. 217) on Count III of plaintiff's second amended complaint. The court grants in part and denies in part plaintiff's partial motion for summary judgment on the question of liability in her second amended complaint (Docs. 205, 206). The court grants summary judgment in plaintiff's favor on Counts I and II, and denies her motion for summary judgment on Count III. Last, the court grants third-party defendants' motion for summary judgment (Docs. 215, 216) on all counts against them in the Gonrings' third-party complaint.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:   November 2, 2023**

APPEAL,CASREF,FUENTES,MIDP,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.1) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:19-cv-05684
## Internal Use Only

| | |
|---|---|
| Sgariglia v. American International Relocation Services, LLC, et al | Date Filed: 08/23/2019 |
| Assigned to: Honorable Robert W. Gettleman | Date Terminated: 10/18/2024 |
| Case in other court: Circuit Court of Cook County Illinois, 2019 CH 07429 | Jury Demand: Defendant |
| | Nature of Suit: 290 Real Property: Other |
| Cause: 28:1332 Diversity-Petition for Removal | Jurisdiction: Diversity |

**Plaintiff**

**Melinda Sgariglia**
*Condominium Owner*

represented by **Carol L. Oshana**
Oshana Law
20 N. Clark Street
3100
Chicago, IL 60602
312-404-8390
Email: oshanalaw@yahoo.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**2726 West Cortez Association**
*TERMINATED: 11/02/2023*

represented by **Ross Michael Good**
The Good Law Group
800 E Northwest Hwy
Suite 814
Palatine, IL 60074
847-600-9576
Email: ross@thegoodlawgroup.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Gorr**
*TERMINATED: 11/02/2023*

represented by **Ross Michael Good**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**American International Relocation Services, LLC**
*an Illinois Limited Liability Corporation*
*TERMINATED: 11/02/2023*
*doing business as*
Aires
*TERMINATED: 11/02/2023*

represented by **Arthur Joseph McColgan , II**
Walker Wilcox Matousek LLP
One North Franklin Street
Ste 3200
Chicago, IL 60606
312-244-6702
Email: amccolgan@walkerwilcox.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward P. Gibbons**
Walker Wilcox Matousek LLP
One North Franklin Street
Suite 3200
Chicago, IL 60606
312 244 6700
Fax: Active
Email: egibbons@walkerwilcox.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Caitlin Mallory Mcauliffe**
Walker Wilcox Matousek Llp
1 North Franklin Street
Suite 3200
Chicago, IL 60606
(312) 244-6700
Fax: Not a member
Email: cmcauliffe@walkerwilcox.com
*ATTORNEY TO BE NOTICED*

**Kevin Kojs**
Walker Wilcox Matousek LLP
One North Franklin Street
Suite 3200
Chicago, IL 60606
312-244-6700
Email: kkojs@walkerwilcox.com
*ATTORNEY TO BE NOTICED*

**Matthew W Casey**
Walker Wilcox Matousek
1 N. Franklin Street
Suite 3200
Chicago, IL 60606
(312) 244-6722
Fax: Not a member
Email: mcasey@walkerwilcox.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nicholas Gonring**                      represented by   **Jordan Aaron Finfer**
Patzik, Frank & Samotny Ltd.
200 South Wacker Drive
Suite 2700
Chicago, IL 60606
312-551-8300
Fax: Active
Email: jfinfer@pfs-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul A McCarthy**
Rhoades McKee PC

55 Campau Avenue NW
Suite 300
Grand Rapids, MI 49503
616-233-5133
Fax: 616-233-5269
Email: mccarthy@rhoadesmckee.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Loretta Archerd**
Patzik, Frank & Samotny Ltd.
200 S. Wacker Drive
Suite 2700
Chicago, IL 60606
(312) 205-4464
Fax: Not a member
Email: earcherd@pfs-law.com
*ATTORNEY TO BE NOTICED*

**Scott Matthew Kaplan**
Blank Rome LLP
444 W. Lake Street
Ste 1650
Chicago, IL 60606
312-776-2600
Fax: 312-776-2601
Email: scott.kaplan@blankrome.com
*TERMINATED: 09/26/2022*

**Defendant**

**Kelly Gonring**                           represented by **Jordan Aaron Finfer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul A McCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Loretta Archerd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Matthew Kaplan**
(See above for address)
*TERMINATED: 09/26/2022*

**ThirdParty Plaintiff**

**Kelly Gonring**                           represented by **Jordan Aaron Finfer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul A McCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Loretta Archerd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Matthew Kaplan**
(See above for address)
*TERMINATED: 09/26/2022*

<u>**ThirdParty Plaintiff**</u>

**Nicholas Gonring**                              represented by  **Jordan Aaron Finfer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul A McCarthy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Loretta Archerd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott Matthew Kaplan**
(See above for address)
*TERMINATED: 09/26/2022*

V.

<u>**Third Party Defendant**</u>

**2726 West Cortez Association**                 represented by  **David Alan Eisenberg**
*TERMINATED: 11/02/2023*                                        Loftus & Eisenberg, Ltd.
161 N. Clark
Suite 1600
Chicago, IL 60601
312-576-0898
Fax: Not a member
Email: david@loftusandeisenberg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ross Michael Good**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Third Party Defendant**</u>

**John Gorr**                                    represented by  **David Alan Eisenberg**
*TERMINATED: 11/02/2023*                                        (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Nicholas Loftus**
Loftus & Eisenberg, Ltd.
161 N. Clark St.
16th Floor
Chicago, IL 60601
312-772-5396
Fax: Active
Email: alex@loftusandeisenberg.com
*ATTORNEY TO BE NOTICED*

**Ross Michael Good**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/23/2019 | 1 | NOTICE of Removal from Cook County, case number (2019 CH 07429) filed by American International Relocation Services, LLC, d/b/a Aires, an Illinois Limited Liability Corporation Filing fee $ 400, receipt number 0752-16168943. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(McColgan, Arthur) (Entered: 08/23/2019) |
| 08/23/2019 | 2 | CIVIL Cover Sheet (McColgan, Arthur) (Entered: 08/23/2019) |
| 08/23/2019 | | CASE ASSIGNED to the Honorable Robert M. Dow, Jr. Designated as Magistrate Judge the Honorable Young B. Kim. Case assignment: Random assignment. (td, ) (Entered: 08/23/2019) |
| 08/26/2019 | 3 | ATTORNEY Appearance for Defendant American International Relocation Services, LLC, d/b/a Aires, an Illinois Limited Liability Corporation by Edward P. Gibbons (Gibbons, Edward) (Entered: 08/26/2019) |
| 08/26/2019 | 4 | ATTORNEY Appearance for Defendant American International Relocation Services, LLC, d/b/a Aires, an Illinois Limited Liability Corporation by Arthur Joseph McColgan, II (McColgan, Arthur) (Entered: 08/26/2019) |
| 08/26/2019 | 5 | ATTORNEY Appearance for Defendant American International Relocation Services, LLC, d/b/a Aires, an Illinois Limited Liability Corporation by Matthew W Casey (Casey, Matthew) (Entered: 08/26/2019) |
| 08/26/2019 | 6 | MAILED Notice of Removal letter to all counsel of record. (smm, ) (Entered: 08/26/2019) |
| 08/26/2019 | 7 | NOTICE TO THE PARTIES - The Court is participating in the Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in this Notice which includes a link to the (MIDP) Standing Order and a Checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the following documents (Notice of Mandatory Initial Discovery and the Standing Order) on each new party when the |

| | | |
|---|---|---|
| | | Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served. (smm, ) (Entered: 08/26/2019) |
| 08/29/2019 | 8 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American International Relocation Services, LLC (McColgan, Arthur) (Entered: 08/29/2019) |
| 08/29/2019 | 9 | MEMORANDUM by American International Relocation Services, LLC in support of Motion to Dismiss for Failure to State a Claim 8 (McColgan, Arthur) (Entered: 08/29/2019) |
| 08/29/2019 | 10 | NOTICE of Motion by Arthur Joseph McColgan, II for presentment of Motion to Dismiss for Failure to State a Claim 8 before Honorable Robert M. Dow Jr. on 9/10/2019 at 09:15 AM. (McColgan, Arthur) (Entered: 08/29/2019) |
| 08/30/2019 | 11 | ATTORNEY Appearance for Defendants Kelly Gonring, Nicholas Gonring by Jordan Aaron Finfer (Finfer, Jordan) (Entered: 08/30/2019) |
| 08/30/2019 | 12 | ATTORNEY Appearance for Defendants Kelly Gonring, Nicholas Gonring by Elizabeth Loretta Archerd (Archerd, Elizabeth) (Entered: 08/30/2019) |
| 08/30/2019 | 13 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Kelly Gonring, Nicholas Gonring (Finfer, Jordan) (Entered: 08/30/2019) |
| 08/30/2019 | 14 | NOTICE of Motion by Jordan Aaron Finfer for presentment of Motion to Dismiss for Failure to State a Claim 13 before Honorable Robert M. Dow Jr. on 9/10/2019 at 09:15 AM. (Finfer, Jordan) (Entered: 08/30/2019) |
| 09/10/2019 | 15 | MINUTE entry before the Honorable Robert M. Dow, Jr: Motion hearing held. Motions to dismiss for failure to state a claim 8 , 13 , are taken under advisement; response is due 10/8/2019; reply is due 10/22/2019; the Court will issue a ruling by mail. Deadline for MIDP is 11/8/2019. Mailed notice (cdh, ) (Entered: 09/10/2019) |
| 10/08/2019 | 16 | MOTION by Plaintiff Melinda Sgarigilia for extension of time to file response/reply (Attachments: # 1 Exhibit)(Oshana, Carol) (Entered: 10/08/2019) |
| 10/08/2019 | 17 | NOTICE of Motion by Carol L. Oshana for presentment of motion for extension of time to file response/reply 16 before Honorable Robert M. Dow Jr. on 10/15/2019 at 09:15 AM. (Oshana, Carol) (Entered: 10/08/2019) |
| 10/10/2019 | 18 | RESPONSE by Defendants Kelly Gonring, Nicholas Gonring to motion for extension of time to file response/reply 16 (Archerd, Elizabeth) (Entered: 10/10/2019) |
| 10/15/2019 | 19 | MINUTE entry before the Honorable Robert M. Dow, Jr: Motion for extension of time to file response/reply 16 is granted; response due 11/8/2019; reply due 11/8/2019. Mandatory initial disclosure deadline is 11/18/2019. Notice of motion date of 10/15/2019 is stricken and no appearances are necessary on that date. Mailed notice (cdh, ) (Entered: 10/15/2019) |
| 10/18/2019 | 20 | MEMORANDUM by Melinda Sgarigilia in Opposition to Motion to Dismiss for Failure to State a Claim 13 , Motion to Dismiss for Failure to State a Claim 8 (Attachments: # 1 Exhibit, # 2 Exhibit)(Oshana, Carol) (Entered: 10/18/2019) |
| 10/18/2019 | 21 | NOTICE by Melinda Sgarigilia re memorandum in opposition to motion 20 (Oshana, Carol) (Entered: 10/18/2019) |
| 10/22/2019 | 22 | REQUEST for Clerk of Court to refund filing fee in the amount of $400.00, receipt no. 075216168943, regarding notice of removal, 1 *Sgarigilia v. American* |

| | | |
|---|---|---|
| | | *International Relocation Services, LLC d/b/a Aires, an Illinois Limited Liability Company et al* (McColgan, Arthur) (Entered: 10/22/2019) |
| 11/08/2019 | 23 | MOTION by Defendants Kelly Gonring, Nicholas Gonring for extension of time *Unopposed* (Archerd, Elizabeth) (Entered: 11/08/2019) |
| 11/08/2019 | 24 | NOTICE of Motion by Elizabeth Loretta Archerd for presentment of extension of time 23 before Honorable Robert M. Dow Jr. on 11/14/2019 at 09:15 AM. (Archerd, Elizabeth) (Entered: 11/08/2019) |
| 11/08/2019 | 25 | REPLY by Defendant American International Relocation Services, LLC to Motion to Dismiss for Failure to State a Claim 8 (McColgan, Arthur) (Entered: 11/08/2019) |
| 11/13/2019 | 26 | MINUTE entry before the Honorable Robert M. Dow, Jr: Unopposed motion for extension of time 23 is granted. Notice of motion date of 11/14/2019 is stricken and no appearances are necessary on that date. Mailed notice (cdh, ) (Entered: 11/13/2019) |
| 11/15/2019 | 27 | REPLY by Defendants Kelly Gonring, Nicholas Gonring (Finfer, Jordan) (Entered: 11/15/2019) |
| 11/18/2019 | 28 | NOTICE of Service of Responses to Mandatory Initial Discovery (MIDP) , filed by Defendants Kelly Gonring, Nicholas Gonring. (Archerd, Elizabeth) (Entered: 11/18/2019) |
| 11/18/2019 | 29 | NOTICE of Service of Responses to Mandatory Initial Discovery (MIDP) , filed by Defendant American International Relocation Services, LLC. (Casey, Matthew) (Entered: 11/18/2019) |
| 11/20/2019 | 30 | CERTIFICATE of Service *of Mandatory Disclosures* by Carol L. Oshana on behalf of Melinda Sgarigilia (Oshana, Carol) (Entered: 11/20/2019) |
| 02/26/2020 | 31 | MEMORANDUM OPINION AND ORDER. Signed by the Honorable Robert M. Dow, Jr on February 26, 2020. For the reasons set forth below, both motions to dismiss, 8 and 13 , are granted in part and denied in part. AIRES' motion to dismiss 8 is denied as to the Disclosure Act claim, because AIRES is not named as a Defendant in that claim. AIRES' motion to dismiss the fraudulent concealment and breach of contract claims is granted; however, Plaintiff is granted leave to file an amended complaint by March 25, 2020 with a revised claim against AIRES for fraudulent concealment, to the extent she can do so consistent with this opinion and Federal Rule of Civil Procedure 9(b). Plaintiff's claim against the Gonrings for breach of contract is dismissed. Plaintiff may proceed on her claims against the Gonrings for violation of the Disclosure Act and for fraudulent concealment. This case is set for status hearing on April 2, 2020 at 9:00 a.m. Mailed notice(cdh, ) (Entered: 02/26/2020) |
| 03/16/2020 | 32 | ORDER Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (ecw, ) (Entered: 03/16/2020) |
| 03/16/2020 | 33 | ORDER Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (ecw, ) (Entered: 03/17/2020) |

| 03/23/2020 | 38 | ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/23/2020: Mailed notice. (docket7, ) (Entered: 03/31/2020) |
| --- | --- | --- |
| 03/26/2020 | 34 | AMENDED complaint by Melinda Sgarigilia against All Defendants (Oshana, Carol) (Entered: 03/26/2020) |
| 03/26/2020 | 35 | NOTICE by Melinda Sgarigilia re amended complaint 34 (Oshana, Carol) (Entered: 03/26/2020) |
| 03/26/2020 | 36 | ATTORNEY Appearance for Defendants Kelly Gonring, Nicholas Gonring by Scott Matthew Kaplan (Kaplan, Scott) (Entered: 03/26/2020) |
| 03/30/2020 | 37 | MINUTE entry before the Honorable Robert M. Dow, Jr: In view of the General Orders issued in this district, the deadline for Plaintiff to file an amended complaint is extended to May 13, 2020. The status hearing set for April 2, 2020 is stricken and reset to May 20, 2020 at 9:00 a.m. Mailed notice (cdh, ) (Entered: 03/30/2020) |
| 03/30/2020 | 39 | ORDER CORRECTED ENTRY: ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance. Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice...Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020:Mailed notice(docket7, ) (Entered: 04/03/2020) |
| 04/24/2020 | 40 | MOTION by Plaintiff Melinda Sgarigilia to amend/correct *leave to file 2nd Am Complaint* (Oshana, Carol) (Entered: 04/24/2020) |
| 04/24/2020 | 41 | NOTICE of Motion by Carol L. Oshana for presentment of motion to amend/correct 40 before Honorable Robert M. Dow Jr. on 4/30/2020 at 09:15 AM. (Oshana, Carol) (Entered: 04/24/2020) |
| 04/24/2020 | 42 | ORDER Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket6, ) (Entered: 04/27/2020) |
| 04/28/2020 | 43 | MINUTE entry before the Honorable Robert M. Dow, Jr: Plaintiff's motion for leave to file second amended complaint 40 is granted. Defendant are given to 5/29/2020 to answer or otherwise plead. Notice of motion date of 4/30/2020 is stricken and no appearances are necessary on that date. Status hearing set for 5/20/2020 is stricken and reset to 6/4/2020 at 10:00 a.m. Parties are directed to file a joint status report by 6/2/2020. Mailed notice (cdh, ) (Entered: 04/28/2020) |

| 04/29/2020 | 44 | *2nd* AMENDED complaint by Melinda Sgarigilia against Melinda Sgarigilia (Oshana, Carol) (Entered: 04/29/2020) |
|---|---|---|
| 04/29/2020 | 45 | NOTICE by Melinda Sgarigilia re amended complaint 44 (Oshana, Carol) (Entered: 04/29/2020) |
| 05/26/2020 | 46 | ORDER ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket7, ) (Entered: 05/26/2020) |
| 05/29/2020 | 47 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American International Relocation Services, LLC *American International Relocation Solutions, LLC's Rule 12(b)(6) Motion to Dimiss* (McColgan, Arthur) (Entered: 05/29/2020) |
| 05/29/2020 | 48 | MEMORANDUM by American International Relocation Services, LLC in support of Motion to Dismiss for Failure to State a Claim 47 *American International Relocation Solutions, LLC's Brief in Support of Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint* (McColgan, Arthur) (Entered: 05/29/2020) |
| 05/29/2020 | 49 | ANSWER to Complaint *Plaintiff's Second Amended Verified Complaint* by Kelly Gonring, Nicholas Gonring (Attachments: # 1 Notice of Filing)(Kaplan, Scott) (Entered: 05/29/2020) |
| 06/02/2020 | 50 | STATUS Report by Melinda Sgariglia (Oshana, Carol) (Entered: 06/02/2020) |
| 06/02/2020 | 51 | NOTICE by Melinda Sgariglia re status report 50 (Oshana, Carol) (Entered: 06/02/2020) |
| 06/03/2020 | 52 | MINUTE entry before the Honorable Robert M. Dow, Jr: Upon review of the joint status report 50 filed on 6/2/2020, the motion to dismiss filed by Aires 47 is taken under advisement; response is due by 6/26/2020; reply is due by 7/10/2020. Briefing on the anticipated motion for leave to file third-party complaint will proceed as follows: motion is due by 6/15/2020; response is due by 6/29/2020; reply is due by 7/6/2020. The Court will issue rulings by mail. In view of the disagreement on a schedule for discovery, the Court orders as follows: written discovery may proceed as to all parties, but depositions may not be taken without leave of court until after the Court has issued a ruling on the motion to dismiss and the motion for leave to file third-party complaint. Status hearing set for 6/4/2020 is stricken and will be reset after the Court rules on the pending and anticipated motions. Mailed notice(cdh, ) (Entered: 06/03/2020) |
| 06/03/2020 | 53 | MINUTE entry before the Honorable Robert M. Dow, Jr: Consistent with the Fourth Amended General Order, the status hearing set for 6/4/2020 is stricken and reset to 7/11/2020 at 10:30 a.m. Time is excluded under the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A) through 7/11/2020 based on the Court's finding that the ends of justice served by the exclusion of time outweigh the interests of the parties and the public in a speedy trial given the need to protect the health and safety of defendants, defense counsel, prosecutors, court staff, and the public by reducing the number of in-person hearings to the greatest extent possible. If counsel would like an earlier or different date, they should so indicate in the joint status report required to be filed by 6/9/2020 under Judge Dow's Standing Order issued on 5/26/2020. Mailed notice (cdh, ) (Entered: 06/03/2020) |

| 06/11/2020 | 54 | MINUTE entry before the Honorable Robert M. Dow, Jr:Status hearing set for 7/11/2020 is stricken and reset to 7/14/2020 at 9:00 a.m. Joint status report is due by 7/9/2020. Mailed notice (cdh, ) (Entered: 06/11/2020) |
| 06/12/2020 | 55 | THIRD party complaint by Kelly Gonring, Nicholas Gonring against 2726 West Cortez Association, John Gorr . (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Kaplan, Scott) (Entered: 06/12/2020) |
| 06/15/2020 | | SUMMONS Issued as to Third Party Defendant John Gorr (dxb, ) (Entered: 06/15/2020) |
| 06/15/2020 | | SUMMONS Issued as to Third Party Defendant 2726 West Cortez Association (dxb, ) (Entered: 06/15/2020) |
| 07/03/2020 | 56 | RESPONSE by Melinda Sgarigliain Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American International Relocation Services, LLC *American International Relocation Solutions, LLC's Rule 12(b)(6) Motion to Dismiss* 47 (Oshana, Carol) (Entered: 07/03/2020) |
| 07/03/2020 | 57 | First MOTION to Defer Responsive Pleading Deadline (MIDP) *to Motion to Dismiss 2nd Am Complaint*, filed by Plaintiff Melinda Sgariglia. (Oshana, Carol) (Entered: 07/03/2020) |
| 07/03/2020 | 58 | *Plaintiff* NOTICE of Motion by Carol L. Oshana for presentment of Motion to Defer Responsive Pleading Deadline 57 before Honorable Robert M. Dow Jr. on 7/8/2020 at 09:15 AM. (Oshana, Carol) (Entered: 07/03/2020) |
| 07/07/2020 | 59 | MINUTE entry before the Honorable Robert M. Dow, Jr: Plaintiff's motion for extension of time to file response to motion to dismiss 57 is granted to and including 7/6/2020; reply is due by 7/13/2020. In view of this briefing schedule and the Court's prior guidance in regard to discovery [see 52], the joint status report deadline of 7/9/2020 and the status hearing set for 7/14/2020 are stricken and will be reset after the Court rules on the pending motion. Mailed notice (cdh, ) (Entered: 07/07/2020) |
| 07/10/2020 | 60 | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk6, Docket) (Entered: 07/10/2020) |
| 07/13/2020 | 61 | REPLY by Defendant American International Relocation Services, LLC to Motion to Dismiss for Failure to State a Claim 47 *American International Relocation Solutions, LLC's Reply Brief in Support of Rule 12(B)(6) Motion to Dismiss* (McColgan, Arthur) (Entered: 07/13/2020) |
| 08/13/2020 | 62 | WAIVER OF SERVICE returned executed by Kelly Gonring, Nicholas Gonring. 2726 West Cortez Association waiver sent on 8/4/2020, answer due 10/5/2020. (Attachments: # 1 Notice of Filing)(Kaplan, Scott) (Entered: 08/13/2020) |
| 08/13/2020 | 63 | WAIVER OF SERVICE returned executed by Kelly Gonring, Nicholas Gonring. John Gorr waiver sent on 8/4/2020, answer due 10/5/2020. (Attachments: # 1 Notice of Filing)(Kaplan, Scott) (Entered: 08/13/2020) |

| 09/29/2020 | 64 | ATTORNEY Appearance for Third Party Defendants 2726 West Cortez Association, John Gorr by David Alan Eisenberg (Eisenberg, David) (Entered: 09/29/2020) |
| 09/29/2020 | 65 | MOTION by Third Party Defendant John Gorr for summary judgment (Loftus, Alexander) (Entered: 09/29/2020) |
| 09/29/2020 | 66 | MEMORANDUM by John Gorr in support of motion for summary judgment 65 (Loftus, Alexander) (Entered: 09/29/2020) |
| 09/29/2020 | 67 | RULE 56 (c)(1) Statement by John Gorr regarding motion for summary judgment 65 (Loftus, Alexander) (Entered: 09/29/2020) |
| 09/29/2020 | 68 | NOTICE of Motion by Alexander Nicholas Loftus for presentment of motion for summary judgment 65 before Honorable Robert M. Dow Jr. on 9/9/2020 at 09:15 AM. (Loftus, Alexander) (Entered: 09/29/2020) |
| 09/29/2020 | 69 | *CORRECTED* NOTICE of Motion by Alexander Nicholas Loftus for presentment of motion for summary judgment 65 before Honorable Robert M. Dow Jr. on 10/9/2020 at 09:15 AM. (Loftus, Alexander) (Entered: 09/29/2020) |
| 09/30/2020 | 70 | ATTORNEY Appearance for Defendants American International Relocation Services, LLC, Kelly Gonring, Nicholas Gonring by Allison L Wood *for non-party Sarah Wilkins* (Wood, Allison) (Entered: 09/30/2020) |
| 09/30/2020 | 71 | MOTION by Defendant American International Relocation Services, LLC to quash *for non-party Sarah Wilkins* (Wood, Allison) (Entered: 09/30/2020) |
| 10/01/2020 | 72 | MOTION by Defendant American International Relocation Services, LLC to quash *for non-party Sarah Wilkins* (Attachments: # 1 Notice of Filing Notice of Motion)(Wood, Allison) (Entered: 10/01/2020) |
| 10/02/2020 | 73 | NOTICE of Motion by Allison L Wood for presentment of motion to quash 71 , motion to quash 72 before Honorable Robert M. Dow Jr. on 10/6/2020 at 09:15 AM. (Wood, Allison) (Entered: 10/02/2020) |
| 10/05/2020 | 74 | ORDER: Motion to quash subpoena [ 71 , 72 ] is referred to Magistrate Judge Kim for disposition. Movant is directed to re-notice the motion before Judge Kim. Notice of motion date of 10/6/2020 before Judge Dow is stricken and no appearances are necessary on that date. Signed by the Honorable Robert M. Dow, Jr on 10/5/2020. Mailed notice (ph, ) (Entered: 10/05/2020) |
| 10/05/2020 | 75 | MINUTE entry before the Honorable Robert M. Dow, Jr: Motion to quash subpoena [71, 72] is referred to Magistrate Judge Kim for disposition. Movant is directed to re-notice the motion before Judge Kim. Notice of motion date of 10/6/2020 before Judge Dow is stricken and no appearances are necessary on that date. Mailed notice (cdh, ) (Entered: 10/05/2020) |
| 10/06/2020 | 76 | EXECUTIVE COMMITTEE ORDER: Case referred to the Honorable Gabriel A. Fuentes pursuant to Local Rule 72.1. Signed by Executive Committee on 10/6/2020. (ph, ) (Entered: 10/06/2020) |
| 10/06/2020 | 🔒 | (Court only) MOTIONS REFERRED: MOTION by Defendant American International Relocation Services, LLC to quash *for non-party Sarah Wilkins* 71 , MOTION by Defendant American International Relocation Services, LLC to quash *for non-party Sarah Wilkins* 72 . (ph, ) (Entered: 10/06/2020) |
| 10/06/2020 | 77 | MINUTE entry before the Honorable Gabriel A. Fuentes: This matter coming before the magistrate judge on the district court's referral (doc. # 76 ) of third-party |

| | | |
|---|---|---|
| | | Sarah Wilkins's motions to quash (docs. # <u>71</u> and <u>72</u> ), the Court notes that the two motions appear to be identical and duplicative. The Court denies the first-filed motion to quash (doc. # <u>71</u> ) without prejudice. The Court will take the second-filed motion to quash (doc. # <u>72</u> ) under advisement. Defendants/third-party plaintiffs Nicholas and Kelsey Gonring are ordered to file a response to the motion to quash by 5:00 p.m. on 10/09/20. Further briefing and/or hearing on this motion will occur only upon order of the Court. Mailed notice. (jj, ) (Entered: 10/06/2020) |
| 10/06/2020 | <u>78</u> | MOTION by Defendant American International Relocation Services, LLC to quash *for non-party Sarah Wilkins* (Wood, Allison) (Entered: 10/06/2020) |
| 10/06/2020 | <u>79</u> | *for non-party Sarah Wilkins* NOTICE of Motion by Allison L Wood for presentment of before Honorable Young B. Kim on 10/9/2020 at 11:00 AM. (Wood, Allison) (Entered: 10/06/2020) |
| 10/06/2020 | <u>80</u> | MINUTE entry before the Honorable Gabriel A. Fuentes: As the Court indicated earlier today (doc. # <u>77</u> ), on referral to Magistrate Judge Fuentes (doc. # <u>76</u> ) of non-party Sarah Wilkins's motion to quash (doc. # <u>72</u> ), a response to the motion from the Gonrings is to be filed by 5:00 p.m. on 10/09/20. The notice of motion before Magistrate Judge Kim (doc. # <u>79</u> ) is stricken. The refiled motion to quash (doc. # <u>78</u> ) appears to be identical to and duplicative of the two motions Ms. Wilkins already filed (doc.'s <u>71</u> and <u>72</u> ), so the most recent of the three motions (doc. # <u>78</u> ) is denied without prejudice. Ms. Wilkins need not file the same motion again, as it (doc. # <u>72</u> ) is under advisement. Mailed notice. (jj, ) (Entered: 10/06/2020) |
| 10/08/2020 | <u>81</u> | MINUTE entry before the Honorable Robert M. Dow, Jr: This cause coming to be heard on Third Party Defendants' motion for summary judgment, due notice having been given, Third Party Plaintiffs and Third Party Defendants having come to an agreement regarding a briefing schedule on the motion, and the Court being advised in the Premises; IT IS HEREBY ORDERED THAT: 1.Third Party Plaintiffs' response to the motion for summary judgment shall be filed on or before December 11, 2020; 2.Third Party Defendants' reply in support of their motion for summary judgment shall be filed on or before January 4, 2020; and 3.The Court shall determine whether oral arguments will be necessary on the motion for summary judgment, and if so, shall set a date upon which oral argument may be had. Emailed notice (cdh, ) (Entered: 10/08/2020) |
| 10/09/2020 | <u>82</u> | RESPONSE by Kelly Gonring, Nicholas Gonringin Opposition to MOTION by Defendant American International Relocation Services, LLC to quash *for non-party Sarah Wilkins* <u>72</u> *Defendant's/Third Party Plaintiff's Response In Opposition To Sarah Wilkin's Motion To Quash* (Attachments: # <u>1</u> Exhibit Exhibit A, # <u>2</u> Exhibit Exhibit B, # <u>3</u> Exhibit Exhibit C, # <u>4</u> Exhibit Exhibit D, # <u>5</u> Exhibit Exhibit E)(Kaplan, Scott) (Entered: 10/09/2020) |
| 10/09/2020 | <u>83</u> | NOTICE by Kelly Gonring, Nicholas Gonring re response in opposition to motion, <u>82</u> *Notice of Filing* (Kaplan, Scott) (Entered: 10/09/2020) |
| 10/13/2020 | <u>84</u> | MINUTE entry before the Honorable Gabriel A. Fuentes: On non-party Sarah Wilkins's motion to quash (doc. # <u>72</u> ), the motion is partially granted and partially denied. As to the subpoena's requested documents, the motion is denied. First, Wilkins's objection based on RPC 1.6 is overruled because the rule specifically contemplates that lawyers will reveal information about their representation to comply with a court order (see RPC 1.6(b)(6), and a subpoena constitutes a court order); this objection borders on the frivolous. If the law were as Wilkins represents, no party could ever subpoena a lawyer for information relating to that lawyer's representation of a client. Second, a plain reading of the rider indicates |

| | | |
|---|---|---|
| | | that the subpoena is not directed at documents that would be privileged or work-product, but if Wilkins determines that any responsive document in fact is privileged or work-product, she shall place such documents on a privilege log so that the validity of any of her privilege claims can be assessed, and, if need be, litigated. See *Washtenaw County Employees' Retirement Sys. v. Walgreen Co.*, No. 15 C 3187, 2020 WL 3977944 (N.D. Ill. July 14, 2020). Third, the objections based on overbreadth and availability of the documents also are overruled. The motion to quash is granted only as to Wilkins's deposition, which the Gonrings' counsel indicated would not be necessary if Wilkins produces the requested documents under the subpoena (doc. # 82 -5). Wilkins's deposition may later be sought under a separate subpoena but only if necessary, and any motion practice related to that subpoena or to any other discovery matter in this case shall contain a compliant Local Rule 37.2 certification of compliance. Mailed notice. (jj, ) (Entered: 10/13/2020) |
| 12/11/2020 | 85 | MOTION by Third Party Plaintiffs Kelly Gonring, Nicholas Gonring for extension of time *to respond to third party defendants' Motion for Summary Judgment* (Kaplan, Scott) (Entered: 12/11/2020) |
| 12/11/2020 | 86 | NOTICE of Motion by Scott Matthew Kaplan for presentment of extension of time 85 before Honorable Robert M. Dow Jr. on 12/18/2020 at 09:15 AM. (Kaplan, Scott) (Entered: 12/11/2020) |
| 12/16/2020 | 87 | MINUTE entry before the Honorable Robert M. Dow, Jr: Defendants' / Third Party Plaintiffs' unopposed motion to extend time to respond to motion for summary judgment 85 is granted. Response brief is now due on 12/28/2020; reply brief is now due on 1/11/2021. Notice of motion date of 12/18/2020 is stricken and no appearances are necessary on that date. Emailed notice (cdh, ) (Entered: 12/16/2020) |
| 12/28/2020 | 88 | MOTION by Defendants Nicholas Gonring, Kelly Gonring for summary judgment *against Plaintiff Melinda Sgariglia* (Kaplan, Scott) (Entered: 12/28/2020) |
| 12/28/2020 | 89 | MEMORANDUM *in support of Motion for Summary Judgment against Plaintiff Melinda Sgariglia* (Kaplan, Scott) (Entered: 12/28/2020) |
| 12/28/2020 | 90 | NOTICE of Motion by Scott Matthew Kaplan for presentment of motion for summary judgment 88 before Honorable Robert M. Dow Jr. on 1/12/2021 at 09:15 AM. (Kaplan, Scott) (Entered: 12/28/2020) |
| 12/28/2020 | 91 | RULE 56 56.1 Statement by Kelly Gonring, Nicholas Gonring regarding motion for summary judgment 88 *against Plaintiff Melinda Sgariglia* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R)(Kaplan, Scott) (Entered: 12/28/2020) |
| 12/28/2020 | 92 | MOTION by Third Party Plaintiffs Kelly Gonring, Nicholas Gonring to stay regarding MOTION by Third Party Defendant John Gorr for summary judgment 65 (Attachments: # 1 Affidavit of Kelsey Gonring)(Kaplan, Scott) (Entered: 12/28/2020) |
| 12/28/2020 | 93 | NOTICE of Motion by Scott Matthew Kaplan for presentment of motion to stay 92 before Honorable Robert M. Dow Jr. on 1/12/2021 at 09:15 AM. (Kaplan, Scott) (Entered: 12/28/2020) |
| 01/10/2021 | 94 | MINUTE entry before the Honorable Robert M. Dow, Jr: Motions noticed for presentment on 1/12/2021 [88, 92] will be heard telephonically at 9:15 a.m. |

| | | Participants should use the Court's toll-free, call-in number 877-336-1829. Emailed notice (cdh, ) (Entered: 01/10/2021) |
|---|---|---|
| 01/12/2021 | 95 | MOTION by Third Party Defendant John Gorr for summary judgment (Eisenberg, David) (Entered: 01/12/2021) |
| 01/12/2021 | 96 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American International Relocation Services, LLC *American International Relocation Solutions, LLC's Rule 12(b)(6) Motion to Dismiss* (McColgan, Arthur) (Entered: 01/12/2021) |
| 01/12/2021 | 97 | ORDER: Motion hearing held with counsel for all parties participating by telephone. Third Party Plaintiffs' motion to stay briefing on Third Party Defendants' motion for summary judgment 92 is granted. Defendants Nicholas and Kelly Gonring's motion for summary judgment 88 is taken under advisement; response is due by 2/16/2021; reply is due by 3/9/2021. The Court will issue a single omnibus opinion ruling on the Gonrings' motion for summary judgment and Defendant American International Relocation Services' motion to dismiss. Briefing will resume on the Third Party aspects of the case if necessary after that opinion is issued. As discussed on the record, Defendant American International Relocation Services' motion to dismiss 47 is stricken with leave to refile the motion only instanter, with all briefs to remain in place. Third Party Defendant's motion for summary judgment 65 also is stricken with leave to refile the motion only instanter, with all briefs to remain in place. Signed by the Honorable Robert M. Dow, Jr on 1/12/2021. Mailed notice(jh, ) (Entered: 01/12/2021) |
| 02/16/2021 | 98 | MOTION by Plaintiff Melinda Sgariglia for extension of time to file response/reply as to Rule 56 statement, 91 , memorandum in support of motion 89 , motion for summary judgment 88 (Oshana, Carol) (Entered: 02/16/2021) |
| 02/16/2021 | 99 | NOTICE of Motion by Carol L. Oshana for presentment of motion for summary judgment 88 , motion for extension of time to file response/reply 98 before Honorable Robert M. Dow Jr. on 2/16/2021 at 09:15 AM. (Oshana, Carol) (Entered: 02/16/2021) |
| 02/19/2021 | 100 | MINUTE entry before the Honorable Robert M. Dow, Jr: Plaintiff's motion for extension of time to file response to motion for summary judgment 98 is granted to and including 2/23/2021; deadline for reply brief is extended to 3/16/2021. Emailed notice (cdh, ) (Entered: 02/19/2021) |
| 02/23/2021 | 101 | RESPONSE by Melinda Sgarigliain Opposition to MOTION by Defendants Nicholas Gonring, Kelly Gonring for summary judgment *against Plaintiff Melinda Sgariglia* 88 *Response to 56.1* (Oshana, Carol) (Entered: 02/23/2021) |
| 02/23/2021 | 102 | MEMORANDUM by Melinda Sgariglia in Opposition to motion for summary judgment 88 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14) (Oshana, Carol) (Entered: 02/24/2021) |
| 02/24/2021 | 103 | NOTICE by Melinda Sgariglia re response in opposition to motion 101 , memorandum in opposition to motion, 102 (Oshana, Carol) (Entered: 02/24/2021) |
| 03/16/2021 | 104 | REPLY by Kelly Gonring, Nicholas Gonring to memorandum in support of motion 89 , MOTION by Defendants Nicholas Gonring, Kelly Gonring for summary judgment *against Plaintiff Melinda Sgariglia* 88 (Attachments: # 1 Notice of Filing)(Kaplan, Scott) (Entered: 03/16/2021) |

| 03/16/2021 | 105 | RULE 56 Response to Plaintiff's 56.1 Statement Statement by Kelly Gonring, Nicholas Gonring regarding motion for summary judgment 88 (Attachments: # 1 Notice of Filing)(Kaplan, Scott) (Entered: 03/16/2021) |
|---|---|---|
| 09/15/2021 | 106 | MINUTE entry before the Honorable Gabriel A. Fuentes: The magistrate judge having earlier ruled (doc. #'s 77 , 84 ) on the motion(s) to quash (doc. #'s 71 , 72 ) that were the subject of the referral (doc. # 76 ) in this case, the referral is hereby terminated. Mailed notice. (jj, ) (Entered: 09/15/2021) |
| 09/16/2021 | 107 | MEMORANDUM OPINION AND ORDER Signed by the Honorable Robert M. Dow, Jr on 9/16/2021. Plaintiff Melinda Sgariglia ("Plaintiff") brings suit against Defendants Nicholas and Kelsey Gonring (the "Gonrings") and American International Relocation Services, LLC d/b/a AIRES ("AIRES") for violation of Illinois' Residential Real Property Disclosure Act, 765 ILCS 77/1 et seq. ("Disclosure Act") and fraudulent concealment. Currently before the Court is the Gonrings' motion for summary judgment 88 . For the following reasons, the motion 88 is denied. Third- Party Defendant John Gorr's motion for summary judgment 95 is stricken without prejudice to refiling, as that motion has yet to be briefed, see 97 . This case is set for telephonic status hearing on 9/29/21 at 9:15 a.m. Participants should use the Court's toll-free, call-in number 877-336-1829 and passcode 6963747. Counsel are directed to file a joint status report by no later than 9/24/21 that includes (a) a proposed schedule for any discovery that remains to be completed; (b) a statement in regard to any settlement discussions and/or any mutual request for a referral to the assigned Magistrate Judge for a settlement conference; and (c) a proposed schedule for briefing of Third-Party Defendant Gorr's motion for summary judgment (assuming he intends to refile it). Emailed notice(cdh, ) (Entered: 09/16/2021) |
| 09/16/2021 | 108 | MEMORANDUM OPINION AND ORDER Signed by the Honorable Robert M. Dow, Jr on 9/16/2021. Plaintiff Melinda Sgariglia ("Plaintiff") brings suit against Defendant American International Relocation Services, LLC d/b/a AIRES ("AIRES") for fraudulent concealment (Count III) and against Defendants Nicholas and Kelsey Gonring (the "Gonrings") for violation of Illinois' Residential Real Property Disclosure Act, 765 ILCS 77/1 et seq. ("Disclosure Act") (Count I) and fraudulent concealment (Count II). Currently before the Court is AIRES' motion to dismiss Count III for failure to state a claim 96 .1 For the following reasons, AIRES' motion to dismiss 96 is denied. This case is set for telephonic status hearing on 9/29/21 at 9:15 a.m. Participants should use the Court's toll-free, call-in number 877-336-1829 and passcode 6963747. Counsel are directed to file a joint status report by no later than 9/24/21 that includes (a) a proposed schedule for any discovery that remains to be completed; (b) a statement in regard to any settlement discussions and/or any mutual request for a referral to the assigned Magistrate Judge for a settlement conference; and (c) a proposed schedule for briefing of Defendant Gorr's motion for summary judgment. Emailed notice(cdh, ) (Entered: 09/16/2021) |
| 09/22/2021 | 109 | MOTION by Third Party Defendant John Gorr for summary judgment (Loftus, Alexander) (Entered: 09/22/2021) |
| 09/22/2021 | 110 | MEMORANDUM by John Gorr in support of motion for summary judgment 109 (Loftus, Alexander) (Entered: 09/22/2021) |
| 09/22/2021 | 111 | RULE 56.1 Statement by John Gorr regarding motion for summary judgment 109 (Loftus, Alexander) (Entered: 09/22/2021) |

| 09/24/2021 | 112 | STATUS Report *(Joint)* by Kelly Gonring, Nicholas Gonring (Finfer, Jordan) (Entered: 09/24/2021) |
|---|---|---|
| 09/27/2021 | 113 | MINUTE entry before the Honorable Robert M. Dow, Jr: Upon review of the joint status report 112 , the Court adopts the parties' proposed discovery schedule: written discovery to be completed by 12/3/2021; fact depositions to be completed by 1/28/2022; expert disclosures to be made by 3/4/2022; expert depositions to be completed by 5/6/2022. Defendant Gorr's motion for summary judgment will be briefed as follows: response due by 11/3/2021; reply due by 12/3/2021. The Court will rule by mail. Defendant AIRES will file its answer by 10/13/2021. Status hearing set for 9/29/2021 is stricken. Finally, the Court will refer this matter to Magistrate Judge Fuentes for a settlement conference. Emailed notice (cdh, ) (Entered: 09/27/2021) |
| 09/28/2021 | 114 | EXECUTIVE COMMITTEE ORDER: Case referred to the Honorable Gabriel A. Fuentes pursuant to Local Rule 72.1. Signed by Executive Committee on 9/28/2021. (ph, ) (Entered: 09/28/2021) |
| 10/04/2021 | 115 | MINUTE entry before the Honorable Gabriel A. Fuentes: This matter coming before the magistrate judge on referral for a settlement conference (doc. # 114 ), and the magistrate judge having reviewed the most recent status report (doc. # 112 ), a pre-settlement telephonic conference with counsel is set for 11:00 a.m. on 10/7/21 to discuss format and scheduling of a video settlement conference. Counsel should be prepared to discuss their clients' preparedness for a settlement conference, and also should have available settlement conference dates for counsel and clients in November and December 2021. Counsel should contact the magistrate judge at the time of the pre-settlement conference on the number to be provided to them by the courtroom deputy. Counsel are further directed to review the Court's Standing Order for Settlement Conferences and Top Ten Ways to Defeat Settlement, both available on the Court's website. Mailed notice. (jj, ) (Entered: 10/04/2021) |
| 10/07/2021 | 116 | MINUTE entry before the Honorable Gabriel A. Fuentes: Pre-settlement telephonic conference held. The parties reported that they are prepared to participate in a settlement conference. A settlement conference is set over Cisco WebEx for 2 p.m. on 12/1/21. The parties are further instructed to submit a joint statement in "Word" format by no later than noon on 11/24/21 to Judge Fuentes' Settlement Correspondence box at Settlement_Correspondence_Fuentes@ilnd.uscourts.gov. The joint statement shall contain a list of all of the participants (for each side who will be participating by video) and the email addresses associated with each name, for the purposes of providing all of the parties with the email invites and the link to connect to the video conference. Parties are instructed to make sure all join the conference from their own email account through the "join meeting" link in their calendar event. Mediation statements in compliance with the Standing Order are due from plaintiff by 5 p.m. on 11/17/21 and from defendant by 5 p.m. on 11/22/21, to the Court's settlement correspondence mailbox and copied to opposing counsel. A pre-settlement telephonic conference is set for 11 a.m. on 11/29/21, when the parties are directed to contact the magistrate judge at the number they have been provided. Mailed notice (lp, ) (Entered: 10/07/2021) |
| 10/13/2021 | 117 | *DEFENDANT'S* ANSWER to amended complaint *(ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT [Dkt. 44])* by American International Relocation Services, LLC(Casey, Matthew) (Entered: 10/13/2021) |

| 10/14/2021 | 118 | MINUTE entry before the Honorable Gabriel A. Fuentes: Upon further consultation with the parties by email about the mediation schedule, the video settlement conference set for 12/1/21 is stricken and reset to 1:30 p.m. on 12/16/21. The mediation statement due dates are revised to 11/23/21 for plaintiff and 12/6/21 for defendants, with the earlier due dates stricken. The pre-settlement telephone conference set for 11/29/21 is stricken and reset to 11:00 a.m. on 12/13/21. Mailed notice. (jj, ) (Entered: 10/14/2021) |
|---|---|---|
| 11/02/2021 | 119 | MOTION by Defendants Kelly Gonring, Nicholas Gonring for extension of time *Unopposed Motion to Reset the Briefing Schedule on Third Party Defendants' Motion for Summary Judgment* (Kaplan, Scott) (Entered: 11/02/2021) |
| 11/02/2021 | 120 | NOTICE of Motion by Scott Matthew Kaplan for presentment of extension of time 119 before Honorable Robert M. Dow Jr. on 11/10/2021 at 09:15 AM. (Kaplan, Scott) (Entered: 11/02/2021) |
| 11/08/2021 | 121 | MINUTE entry before the Honorable Robert M. Dow, Jr: Unopposed motion to reset briefing schedule on third-party motion for summary judgment 119 is granted. Briefing schedule is revised as follows: Gonrings to respond to the Summary Judgment Motion on or before January 28, 2022; Third-Party Defendant to reply in support of the Summary Judgment Motion on or before February 25, 2022. Notice of motion date of 11/10/2021 is stricken and no appearances are necessary on that date. Emailed notice (cdh, ) (Entered: 11/08/2021) |
| 12/03/2021 | 122 | MOTION by Third Party Plaintiffs Kelly Gonring, Nicholas Gonring, Defendants Kelly Gonring, Nicholas Gonring for extension of time to complete discovery *AGREED MOTION TO EXTEND RESET THIRD PARTY DISCOVERY DEADLINES* (Attachments: # 1 Notice of Filing Notice of Motion)(Kaplan, Scott) (Entered: 12/03/2021) |
| 12/03/2021 | 123 | NOTICE of Motion by Scott Matthew Kaplan for presentment of motion for extension of time to complete discovery, 122 before Honorable Robert M. Dow Jr. on 12/14/2021 at 09:15 AM. (Kaplan, Scott) (Entered: 12/03/2021) |
| 12/06/2021 | 124 | MINUTE entry before the Honorable Gabriel A. Fuentes: The video settlement conference set for 1:30 p.m. on 12/16/21 is moved to 2:00 p.m. on that day, TIME CHANGE ONLY. Mailed notice. (jj, ) (Entered: 12/06/2021) |
| 12/06/2021 | 125 | MINUTE entry before the Honorable Robert M. Dow, Jr: Agreed motion to extend discovery deadlines 122 is granted. Notice of motion date of 12/14/2021 is stricken and no appearances are necessary on that date. Given the scope of the referral to Magistrate Judge Fuentes, this motion should have been filed before Judge Fuentes. However, because it is agreed, this Court has ruled on it in the interest of efficiency. Emailed notice (cdh, ) (Entered: 12/06/2021) |
| 12/13/2021 | 126 | MINUTE entry before the Honorable Gabriel A. Fuentes: Pre-settlement telephonic conference held. The parties reported as to their preparedness for the settlement conference, which is being rescheduled from 2 p.m. on 12/16/21 to 1 p.m. on that date, time change only. Further, the Court directs plaintiff to supplement her mediation statement by email to the settlement correspondence email box and to opposing counsel no later than noon on 12/14/21, and defendants as discussed are directed to respond to that email address and to plaintiff's counsel no later than noon on 12/15/21, all as discussed at today's conference. Mailed notice (sxw) (Entered: 12/13/2021) |
| 12/15/2021 | 127 | MINUTE entry before the Honorable Gabriel A. Fuentes: Telephonic settlement conferences held with selected counsel. Based on these settlement communications |

| | | to the court, the settlement conference scheduled for 1 p.m. on 12/16/21 is stricken, to be reconvened at a later date when all parties wish to participate in a settlement conference. The settlement referral remains open. Mailed notice (lxs, ) (Entered: 12/15/2021) |
|---|---|---|
| 01/28/2022 | 128 | MOTION by Third Party Plaintiffs Kelly Gonring, Nicholas Gonring, Defendants Kelly Gonring, Nicholas Gonring to reset BRIEFING SCHEDULE ON THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT *AGREED MOTION OF NICHOLAS AND KELSEY GONRING TO RESET THE BRIEFING SCHEDULE ON THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT* (Archerd, Elizabeth) (Entered: 01/28/2022) |
| 01/28/2022 | 129 | NOTICE of Motion by Elizabeth Loretta Archerd for presentment of motion to reset, 128 before Honorable Robert M. Dow Jr. on 2/8/2022 at 09:15 AM. (Archerd, Elizabeth) (Entered: 01/28/2022) |
| 02/04/2022 | 130 | MOTION by Defendant American International Relocation Services, LLC for extension of time to complete discovery *[Joint Motion to Extend Discovery Schedule]* (McColgan, Arthur) (Entered: 02/04/2022) |
| 02/04/2022 | 131 | NOTICE of Motion by Arthur Joseph McColgan, II for presentment of motion for extension of time to complete discovery 130 before Honorable Robert M. Dow Jr. on 2/8/2022 at 09:15 AM. (McColgan, Arthur) (Entered: 02/04/2022) |
| 02/07/2022 | 132 | MINUTE entry before the Honorable Robert M. Dow, Jr: Agreed motion to reset briefing schedule on Third-Party Defendants' motion for summary judgment 128 is granted. New schedule is as follows: Gonrings to respond to the Summary Judgment Motion on or before March 14, 2022; Third-Party Defendant to reply in support of the Summary Judgment Motion on or before April 11, 2022. Notice of motion date of 2/8/2022 is stricken and no appearances are necessary on that date. Emailed notice (cdh, ) (Entered: 02/07/2022) |
| 02/07/2022 | 133 | MINUTE entry before the Honorable Robert M. Dow, Jr: Joint motion to extend discovery schedule 130 is granted. Notice of motion date of 2/8/2022 is stricken and no appearances are necessary on that date. Emailed notice (cdh, ) (Entered: 02/07/2022) |
| 02/10/2022 | 134 | MINUTE entry before the Honorable Gabriel A. Fuentes: This matter coming before the magistrate judge on a previous referral for a settlement conference, and the parties having notified the Court by email that they have renewed interest in a settlement conference, a pre-settlement telephonic conference with counsel is set for 9:30 a.m. on 2/23/22 to discuss scheduling of a video settlement conference. Counsel should be prepared with available settlement conference dates for counsel and clients in March and April 2022. Counsel should contact the magistrate judge at the time of the pre-settlement conference on the number to be provided to them by the courtroom deputy. Counsel should also be prepared to be contacted by telephone ex parte by the magistrate judge to discuss settlement positioning and posture at any time during the settlement process. Mailed notice. (jj, ) (Entered: 02/10/2022) |
| 02/23/2022 | 135 | MINUTE entry before the Honorable Gabriel A. Fuentes: Pre-settlement telephonic conference held. The parties reported that they are prepared to participate in a settlement conference. A video settlement conference is set over Cisco WebEx for 10:30 a.m. on 3/18/22. The parties are further instructed to submit a joint statement in "Word" format by no later than noon on 3/11/22 to Judge Fuentes' Settlement Correspondence box at Settlement_Correspondence_Fuentes@ilnd.uscourts.gov. The joint statement shall |

| | | |
|---|---|---|
| | | contain a list of all of the participants (for each side who will be participating by video) and the email addresses associated with each name, for the purposes of providing all of the parties with the email invites and the link to connect to the video conference. Parties are instructed to make sure all join the conference from their own email account through the "join meeting" link in their calendar event. Mediation statements in compliance with the Standing Order are due from plaintiff by 5:00 p.m. on 3/4/22 and from defendants by 5:00 p.m. on 3/11/22, to the Court's settlement correspondence mailbox and copied to opposing counsel. A pre-settlement telephonic conference is set for 10:00 a.m. on 3/15/22, when the parties are directed to contact the magistrate judge jointly at the number they have been provided. Mailed notice. (jj, ) (Entered: 02/23/2022) |
| 03/14/2022 | 136 | MOTION by Defendants Kelly Gonring, Nicholas Gonring to reset BRIEFING SCHEDULE ON THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Archerd, Elizabeth) (Entered: 03/14/2022) |
| 03/14/2022 | 137 | NOTICE of Motion by Elizabeth Loretta Archerd to reset BRIEFING SCHEDULE ON THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT 136 . (Archerd, Elizabeth) (Docket Text modified by Clerk's Office) Modified on 3/14/2022 (rc, ). (Entered: 03/14/2022) |
| 03/14/2022 | 138 | MINUTE entry before the Honorable Robert M. Dow, Jr: Agreed Motion to Reset the Briefing Schedule on Third Party Defendants' Motion for Summary Judgment will be heard on 3/22/2022 at 09:15 AM. Participants should use the Court's toll-free, call-in num2/18ber 877-336-1829, passcode is 6963747. Emailed notice (cdh, ) (Entered: 03/14/2022) |
| 03/15/2022 | 139 | MINUTE entry before the Honorable Gabriel A. Fuentes: Pre-settlement telephonic conference held. The parties confirmed their preparedness for the video settlement conference scheduled for 10:30 a.m. on 3/18/22. Mailed notice (lp, ) (Entered: 03/15/2022) |
| 03/17/2022 | 140 | MINUTE entry before the Honorable Robert M. Dow, Jr: Agreed motion to reset briefing schedule on Third-Party Defendants' motion for summary judgment 136 is granted. New schedule is as follows: Gonrings to respond to the Summary Judgment Motion on or before April 13, 2022; Third-Party Defendant to reply in support of the Summary Judgment Motion on or before May 11, 2022. Notice of motion date of 3/22/2022 is stricken and no appearances are necessary on that date. Emailed notice (cdh, ) (Entered: 03/17/2022) |
| 03/18/2022 | 141 | MINUTE entry before the Honorable Gabriel A. Fuentes: Settlement conference held. The parties did not reach an agreement to settle the matter. All matters subject to the referral having been concluded, the referral is hereby terminated. Mailed notice (lp, ) (Entered: 03/18/2022) |
| 03/22/2022 | 142 | MINUTE entry before the Honorable Gabriel A. Fuentes: During post-settlement conference negotiations, the mediator received a response from one of the parties and directed that party to reconsider and report by 3 p.m. today. We are now almost one hour past 3 p.m. To be clear, as is now incorporated in this order, that party is ordered to respond to the mediator at the email address provided by 5 p.m. today so that the mediator may determine whether negotiations have indeed concluded.Mailed notice (sxw, ) (Entered: 03/22/2022) |
| 03/22/2022 | 143 | MINUTE entry before the Honorable Gabriel A. Fuentes: No response to the mediator's proposal was received by 5 p.m. as ordered. Settlement negotiations are concluded. The parties did not reach an agreement to settle the matter. Any motions directed at this settlement conference or the manner in which it was |

| | | |
|---|---|---|
| | | conducted should be filed by noon on 4/1/22. Mailed notice (sxw) (Entered: 03/22/2022) |
| 04/01/2022 | 144 | MOTION by Third Party Defendants 2726 West Cortez Association, John Gorr, Kelly Gonring, Nicholas Gonring for sanctions *Against Plaintiff* (Archerd, Elizabeth) Modified on 4/1/2022 (gcy, ). (Entered: 04/01/2022) |
| 04/01/2022 | 145 | CERTIFICATE Certificate of Service (Archerd, Elizabeth) (Entered: 04/01/2022) |
| 04/11/2022 | 146 | MOTION by Third Party Plaintiffs Kelly Gonring, Nicholas Gonring, Defendants Kelly Gonring, Nicholas Gonring to reset BRIEFING SCHEDULE ON THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Archerd, Elizabeth) (Entered: 04/11/2022) |
| 04/11/2022 | 147 | NOTICE of Motion by Elizabeth Loretta Archerd for presentment of motion to reset 146 before Honorable Robert M. Dow Jr. on 4/19/2022 at 09:15 AM. (Archerd, Elizabeth) (Entered: 04/11/2022) |
| 04/18/2022 | 148 | MINUTE entry before the Honorable Robert M. Dow, Jr: Unopposed motion to reset briefing schedule 146 is granted. New schedule is as follows: the Gonrings to respond to the Summary Judgment Motion on or before April 27, 2022; the Third-Party Defendants to reply in support of the Summary Judgment Motion on or before May 25, 2022. Notice of motion date of 4/19/2022 is stricken and no appearances are necessary on that date. Emailed notice (cdh, ) (Entered: 04/18/2022) |
| 04/29/2022 | 149 | MOTION to Defer Responsive Pleading Deadline (MIDP) *Unopposed Motion of Nicholas and Kelsey Gonring for Extension of Time to File Response to Third-Party Defendants' Motion for Summary Judgment*, filed by Third Party Plaintiffs Kelly Gonring, Nicholas Gonring, Defendants Kelly Gonring, Nicholas Gonring. (Archerd, Elizabeth) (Entered: 04/29/2022) |
| 04/29/2022 | 150 | *Notice of Motion for Unopposed Motion of Nicholas and Kelsey Gonring for Extension of Time to File Response to Third-Party Defendants' Motion for Summary Judgment* NOTICE of Motion by Elizabeth Loretta Archerd for presentment of Motion to Defer Responsive Pleading Deadline, 149 before Honorable Robert M. Dow Jr. on 5/6/2022 at 09:15 AM. (Archerd, Elizabeth) (Entered: 04/29/2022) |
| 05/03/2022 | 151 | MINUTE entry before the Honorable Robert M. Dow, Jr:Unopposed motion of Defendants for extension of time to file their response to Third-Party Defendants' motion for summary judgment and motion to stay under FRCP 56(d) 149 is granted to and including 5/4/2022. Notice of motion date of 5/6/2022 is stricken and no appearances are necessary on that date. Emailed notice (cdh, ) (Entered: 05/03/2022) |
| 05/04/2022 | 152 | MOTION to Defer Responsive Pleading Deadline (MIDP) *Motion of Nicholas and Kelsey Gonring to Defer Third-Party Defendants' Motion for Summary Judgment Pending Fact Discovery Pursuant To Rule 56(D)*, filed by Third Party Plaintiffs Kelly Gonring, Nicholas Gonring, Defendants Kelly Gonring, Nicholas Gonring. (Archerd, Elizabeth) (Entered: 05/04/2022) |
| 05/04/2022 | 153 | NOTICE of Motion by Elizabeth Loretta Archerd for presentment of Motion to Defer Responsive Pleading Deadline, 152 before Honorable Robert M. Dow Jr. on 5/11/2022 at 09:15 AM. (Archerd, Elizabeth) (Entered: 05/04/2022) |
| 05/09/2022 | 154 | ORDER: Defendants' motion to defer briefing on Third Party Defendants' summary judgment motion pending fact discovery under FRCP 56(d) 152 is taken |

| | | |
|---|---|---|
| | | under advisement; response is due by 5/16/2022; reply is due by 5/23/2022. The Court will issue a ruling by mail. Briefing on the Third Party Defendants motion for summary judgment is suspended until after the ruling on the Rule 56(d) motion. Notice of motion date of 5/11/2022 is stricken and no appearances are necessary on that date. Signed by the Honorable Robert M. Dow, Jr on 5/9/2022. Mailed notice (jn, ) (Entered: 05/10/2022) |
| 06/01/2022 | 155 | REPLY by Defendants Kelly Gonring, Nicholas Gonring to Motion to Defer Responsive Pleading Deadline, 152 (Attachments: # 1 Certificate of Service) (Archerd, Elizabeth) (Entered: 06/01/2022) |
| 09/07/2022 | 156 | MINUTE entry before the Honorable Robert M. Dow, Jr: Motion of Defendants/Third-Party Plaintiffs, Nicholas and Kelsey Gonring for leave to engage in fact discovery with the Third Party Defendants and defer the briefing and ruling on pending motion of Third Party Defendant Gorr for summary judgment 152 is granted as unopposed given that no brief in opposition was filed. Third Party Defendant's motion for summary judgment 109 is stricken without prejudice and with leave to refile instanter after the discovery is completed. Referral for discovery supervision to Magistrate Judge Fuentes [see 76] is reopened. Executive Committee Order to follow. Emailed notice (cdh, ) (Entered: 09/07/2022) |
| 09/07/2022 | 157 | EXECUTIVE COMMITTEE ORDER:Case referred to the Honorable Gabriel A. Fuentes pursuant to Local Rule 72.1 for discovery motions, discovery supervision, and settlement conference. Signed by Executive Committee on 9/7/2022. (jn, ) (Entered: 09/07/2022) |
| 09/08/2022 | 158 | MINUTE entry before the Honorable Gabriel A. Fuentes: This matter coming before the magistrate judge on referral for discovery supervision (doc. # 157 ), the parties are ordered to confer under Rule 26(f) and file a joint status report by no later than noon on 9/22/22 setting forth their respective plans for the remainder of Rule 56 discovery in this matter and an agreed or contested time frame for its completion. The Court will enter a further order upon receipt of the status report. Mailed notice. (jj, ) (Entered: 09/08/2022) |
| 09/09/2022 | 159 | MINUTE entry before the Honorable Gabriel A. Fuentes: This matter coming before the magistrate judge on settlement referral (doc. # 157 ), which encompasses the defendants' motion for sanctions (doc. # 144 ) plaintiff is ordered to file a response to the sanctions motion by noon on 9/22/22, per the instructions and guidance in the accompanying order. Enter Order. Mailed notice (lp, ) (Entered: 09/09/2022) |
| 09/09/2022 | 160 | ORDER. Signed by the Honorable Gabriel A. Fuentes on 9/9/2022:Mailed notice (lp, ) (Entered: 09/09/2022) |
| 09/22/2022 | 161 | STATUS Report *Joint Status Report* by Kelly Gonring, Nicholas Gonring (Archerd, Elizabeth) (Entered: 09/22/2022) |
| 09/22/2022 | 162 | MOTION by Attorney Scott M. Kaplan to withdraw as attorney for Kelly Gonring, Kelly Gonring, Nicholas Gonring, Nicholas Gonring. No party information provided (Archerd, Elizabeth) (Entered: 09/22/2022) |
| 09/22/2022 | 163 | NOTICE of Motion by Elizabeth Loretta Archerd for presentment of motion to withdraw as attorney 162 before Honorable Robert M. Dow Jr. on 9/28/2022 at 09:15 AM. (Archerd, Elizabeth) (Entered: 09/22/2022) |
| 09/23/2022 | 164 | MOTION by Plaintiff Melinda Sgariglia for extension of time to file answer regarding motion for sanctions 144 (Oshana, Carol) (Entered: 09/23/2022) |

| 09/23/2022 | 165 | NOTICE of Motion by Carol L. Oshana for presentment of (Oshana, Carol) (Entered: 09/23/2022) |
|---|---|---|
| 09/23/2022 | 166 | STATUS Report by Melinda Sgariglia (Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 09/23/2022) |
| 09/23/2022 | 167 | MINUTE entry before the Honorable Gabriel A. Fuentes: On plaintiff's motion (doc. # 164 ) to extend time to respond to defendants' motion (doc. # 144 ) for sanctions, the motion is denied without prejudice. Plaintiff's response was due on 9/22/22, the day before the extension motion was filed, and the extension motion does not state whether the motion is agreed or contested. Also, the motion asks for an extension of time to 9/31/21, a nonexistent date. Plaintiff may renew her motion for extension by filing a renewed motion by noon on 9/28/22, as the dates of 9/26/22 and 9/27/22 are important religious holidays. Plaintiff's notice of this motion for presentation before Judge Dow (doc. # 165 ) is stricken. Mailed notice. (jj, ) (Entered: 09/23/2022) |
| 09/26/2022 | 168 | ORDER: Motion of Attorney Scott Kaplan to withdraw as counsel for Defendants Nicholas and Kelsey Gonring 162 is granted. Notice of motion date of 9/28/2022 is stricken and no appearances are necessary on that date. Signed by the Honorable Robert M. Dow, Jr on 9/26/2022. Mailed notice. (rp, ) (Entered: 09/26/2022) |
| 09/28/2022 | 169 | MOTION by Plaintiff Melinda Sgariglia for extension of time to file *Response to Motion for Sanctions*, MOTION by Plaintiff Melinda Sgariglia for extension of time to file response/reply (Oshana, Carol) (Entered: 09/28/2022) |
| 09/28/2022 | 170 | NOTICE of Motion by Carol L. Oshana for presentment of motion for extension of time to file, motion for extension of time to file response/reply 169 before Honorable Gabriel A. Fuentes on 10/3/2022 at 10:30 AM. (Oshana, Carol) (Entered: 09/28/2022) |
| 09/28/2022 | 171 | *CORRECTED* NOTICE of Motion by Carol L. Oshana for presentment of motion for extension of time to file, motion for extension of time to file response/reply 169 before Honorable Gabriel A. Fuentes on 10/4/2022 at 10:30 AM. (Oshana, Carol) (Entered: 09/28/2022) |
| 09/28/2022 | 172 | MINUTE entry before the Honorable Gabriel A. Fuentes: Plaintiff's unopposed motion (doc. # 169 ) for an extension of time to respond to third-party defendants' motion for sanctions (doc. # 144 ) is granted, and the response is due and to be filed by 5 p.m. on 9/30/22. Plaintiff's notices of motion (doc. #'s 170 , 171 ) are stricken. Mailed notice. (jj, ) (Entered: 09/28/2022) |
| 09/29/2022 | 173 | MINUTE entry before the Honorable Gabriel A. Fuentes: On review of the docket, the Court notes that notwithstanding the Court's order of 9/8/22 that the parties confer under Rule 26(f) and file a joint written status report with contested or agreed Rule 56 discovery schedules in this matter, the parties chose to file separate status reports (doc. # 161 on 9/22/22, and doc. # 166 on 9/23/22, a day late) containing schedules that do not resemble each other. The parties did not agree on a schedule, but they need to take the time to confer and to attempt to reach an agreement (the separate status reports suggest, though do not establish, that this did not happen), and they need to comply with the Court's orders, including an order that the status report be joint so that the Court is not sorting through multiple proposals in multiple documents to figure out where the points of agreement and disagreement might be. The parties are kindly directed to try again. The two status reports (doc. #'s 161 and 166 ) are stricken. The parties may have until noon on 10/5/22 to file a joint report after a Rule 26(f) conference, and the report must further state the time and date of the conference, whether it was done in person or |

| | | | |
|---|---|---|---|
| | | | remotely, and the names of the attorneys who attended. If a conference could not take place through no fault of the parties, then separate reports may be filed, stating why. It is apparent to the Court that the parties may wish to discuss their different ideas on a fact discovery timeline, whether Rule 56 expert discovery would be contemplated or appropriate, and if so, how quickly any necessary or appropriate expert discovery could be done and what possible justification could exist for pushing it out to 3/31/23. Mailed notice. (jj, ) (Entered: 09/29/2022) |
| 09/30/2022 | 🔒 | 174 | RESPONSE by Melinda Sgarigliain Opposition to MOTION by Third Party Defendants 2726 West Cortez Association, John Gorr, Defendants American International Relocation Services, LLC, Kelly Gonring, Nicholas Gonring for sanctions *Against Plaintiff* 144 (Attachments: # 1 Exhibit A to H, # 2 Notice of Filing)(Oshana, Carol) (Entered: 09/30/2022) |
| 10/05/2022 | | 175 | NOTICE by Melinda Sgariglia *Joint Status Report* (Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 10/05/2022) |
| 10/05/2022 | | 176 | STATUS Report *AMENDED* by Melinda Sgariglia (Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 10/05/2022) |
| 10/05/2022 | | 177 | MINUTE entry before the Honorable Gabriel A. Fuentes: The Court has reviewed the parties' amended joint status report (doc. # 176 ), which appears to supersede the joint status report (doc. # 175 ), which is stricken. The matter is before the magistrate judge on a referral that was expanded to include discovery supervision (doc. # 157 ). But the magistrate judge's understanding was that the remaining discovery to be supervised in this matter concerned Rule 56 and summary judgment litigation (doc. # 158 ). As the Court construes the status report, the parties are agreed that Rule 56 discovery proceed, and the Court orders that it will proceed, as follows: written discovery requests to issue on or before 10/6/22; responses to such written discovery requests to be served on or before 11/7/22; fact depositions to be completed on or before 11/30/22. It was not entirely clear to the Court what discovery if any was contemplated other than Rule 56 discovery, and the Gonrings appeared to have objected to plaintiff taking "Defendant depositions" by 11/30/22 (doc. # 176 ). To be clear, fact discovery already closed in this case on 3/29/22, and expert discovery already closed on 7/6/22 (doc. # 133 ). The only discovery permitted to proceed at this point, under the schedule ordered here, is Rule 56 discovery. No other fact or expert discovery may proceed except by motion and court order after compliance with Local Rule 37.2. Mailed notice. (jj, ) (Entered: 10/05/2022) |
| 10/11/2022 | | 178 | EXECUTIVE COMMITTEE ORDER: The Honorable Robert M. Dow Jr. has been appointed Counselor to the Chief Justice of the United States. As he takes on these responsibilities, the court will at this time reassign a portion of his civil and criminal cases. IT IS HEREBY ORDERED That the cases on the attached list are to be reassigned to the other judges of this Court as indicated, pursuant to Local Rule 40.1(f). Case reassigned to the Honorable Robert W. Gettleman for all further proceedings. Honorable Robert M. Dow, Jr no longer assigned to the case. Signed by Honorable Rebecca R. Pallmeyer on 10/11/22. (nsf, ) (Entered: 10/11/2022) |
| 10/15/2022 | | 179 | MINUTE entry before the Honorable Robert W. Gettleman: The parties are directed to file a Joint Status Report on this court's form by 11/11/2022. Mailed notice (Attachments: # 1 Joint Status Report Form) (cn). (Entered: 10/15/2022) |
| 10/21/2022 | | 180 | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendants' and third-party defendants' motion for Rule 16(f) sanctions (doc. # 144 ) is denied, for the reasons stated in the accompanying order. Enter Order. Further, the Court orders the sealing of Exhibits A, B, C, E and F of Plaintiff's sanctions response (doc. # |

| | | |
|---|---|---|
| | | 174 ) because these exhibits contain confidential settlement communications that should never have been disclosed, given the parties' understanding of the confidentiality of the settlement process. The Court directs the Clerk of the Court to place Document No. 174-1 under seal in its entirety, and Plaintiff is directed to file, by 5 p.m. on 10/28/22, a redacted version of the exhibits with A, B, C, E and F redacted. Further, a joint written status report on the closure of Rule 56 discovery is due by noon on 12/1/22. Mailed notice. (jj, ) (Entered: 10/21/2022) |
| 10/21/2022 | 181 | ORDER. Signed by the Honorable Gabriel A. Fuentes on 10/21/2022. Mailed notice.(jj, ) (Entered: 10/21/2022) |
| 10/22/2022 | 182 | MINUTE entry before the Honorable Robert W. Gettleman: This court strikes its request for a status report 179 and sets a telephonic hearing for 12/15/2022 at 9:15 a.m. on the Webex platform. Parties will not be asked to start their video. Members of the public and media may listen to these proceedings by dialing (650) 479-3207 the meeting number, access code, or PIN/ID is 1809883385. Counsel of record and other essential case participants will receive an email prior to the start of the hearing with instructions to join the conference. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (cn). (Entered: 10/22/2022) |
| 12/06/2022 | 183 | MOTION by Defendant American International Relocation Services, LLC to reopen case (Attachments: # 1 Text of Proposed Order)(Casey, Matthew) (Entered: 12/06/2022) |
| 12/07/2022 | 184 | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendant AIRES's contested motion to reopen discovery (doc. # 183 ) is set for in-person hearing at 2 p.m. on 12/9/22 in Courtroom 1838 of the Dirksen U.S. Courthouse. The parties should be prepared to argue the motion at that time, and no further briefing is permitted without leave of court. Mailed notice. (lxk, ) (Entered: 12/07/2022) |
| 12/08/2022 | 185 | MINUTE entry before the Honorable Gabriel A. Fuentes: The motion hearing set for 12/9/22 at 2 p.m. is stricken and reset for 12:30 p.m. TIME CHANGE ONLY. Mailed notice. (lxk, ) (Entered: 12/08/2022) |
| 12/09/2022 | 186 | MINUTE entry before the Honorable Gabriel A. Fuentes: Motion hearing held in open court on AIRES motion to reopen discovery (doc. # 183 ). Counsel for AIRES and all defendants appeared but plaintiff's counsel did not appear, and it was represented to the Court that plaintiff's counsel did not realize the hearing was in person. The Court understands the oversight and kindly requests all counsel to read the Court's minute orders carefully so that this matter may proceed with efficiency. The Court grants the motion for the reasons stated on the record, as follows: (1) the limited written discovery as described in the motion and in open court may proceed with service of the AIRES discovery requests no later than 5 p.m. on 12/12/22, and with responses served no later than 5 p.m. on 1/12/23; (2) the five depositions sought in the motion shall proceed and be completed no later than 2/15/23; (3) the Rule 30(b)(6) deposition of AIRES shall proceed and be completed no later than 2/15/23, as no party objected to this request that plaintiff conveyed through discussions with the movant AIRES; but (4) the request plaintiff conveyed through the movant to allow plaintiff to depose the Gonrings was not before the Court and was objected to on the record by counsel for the Gonrings, so no order is entered as to that request. No discovery between now and 2/15/23 may |

| | | |
|---|---|---|
| | | be conducted except as set forth in this order. The 2/15/23 date is the final discovery cutoff date. If plaintiff wishes to depose the Gonrings, she will have to file a motion to re-open discovery for that purpose no later than noon on 12/16/22, and the motion must contain the requisite Local Rule 37.2 certification. If such motion is filed, the Gonrings must respond in writing no later than noon on 12/23/22. A further joint status report on the closure and completion of discovery in this matter, and on settlement status, is due by noon on 2/17/23. Mailed notice. (lxk, ) (Entered: 12/09/2022) |
| 12/10/2022 | 187 | MINUTE entry before the Honorable Robert W. Gettleman: Due to ongoing discovery, telephonic hearing set for 12/15/2022 is stricken and reset to 1/12/2023 9:15 a.m. on the Webex platform. Parties will not be asked to start their video. Members of the public and media may listen to these proceedings by dialing (650) 479-3207 the meeting number, access code, or PIN/ID is 1809883385. Counsel of record and other essential case participants will receive an email prior to the start of the hearing with instructions to join the conference. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (cn) (Entered: 12/10/2022) |
| 12/29/2022 | 188 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/30/2022) |
| 01/04/2023 | 189 | MINUTE entry before the Honorable Robert W. Gettleman: Due to ongoing discovery, telephonic hearing set for 1/12/2023 is stricken and reset to 2/22/2023 9:30 a.m. on the Webex platform. Parties will not be asked to start their video. Members of the public and media may listen to these proceedings by dialing (650) 479-3207 the meeting number, access code, or PIN/ID is 1809883385. Counsel of record and other essential case participants will receive an email prior to the start of the hearing with instructions to join the conference. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (cn) (Entered: 01/04/2023) |
| 01/11/2023 | 190 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-20225783. (McCarthy, Paul) (Entered: 01/11/2023) |

| 01/11/2023 | <u>191</u> | MINUTE entry before the Honorable Robert W. Gettleman: Attorney Paul A McCarthy's motion for leave to appear *pro hac vice* on behalf of Kelly Gonring and Nicholas Gonring <u>190</u> is granted. Mailed notice (cn). (Entered: 01/11/2023) |
|---|---|---|
| 02/06/2023 | <u>192</u> | ATTORNEY Appearance for Defendant American International Relocation Services, LLC by Kevin Kojs (Kojs, Kevin) (Entered: 02/06/2023) |
| 02/07/2023 | <u>193</u> | ATTORNEY Appearance for Defendant American International Relocation Services, LLC by Caitlin Mallory Mcauliffe (Mcauliffe, Caitlin) (Entered: 02/07/2023) |
| 02/08/2023 | <u>194</u> | ATTORNEY Appearance for Plaintiffs 2726 West Cortez Association, John Gorr, Third Party Defendants 2726 West Cortez Association, John Gorr by Ross Michael Good (Good, Ross) (Entered: 02/08/2023) |
| 02/10/2023 | <u>195</u> | MOTION by Defendant American International Relocation Services, LLC for extension of time *to take depositions* (McColgan, Arthur) (Entered: 02/10/2023) |
| 02/10/2023 | <u>196</u> | MINUTE entry before the Honorable Gabriel A. Fuentes: Defendant AIRES's unopposed motion (doc. # <u>195</u> ) to modify the discovery schedule to permit the fact depositions of third-party witnesses Hawbecker and Langefeld on or before 3/1/23 is granted, with no other discovery permitted during the extended period. The 2/17/23 status report date is stricken and reset to noon on 3/2/23 concerning the closure of discovery and whether there is any interest in a reconvened settlement conference. Mailed notice. (lxk, ) (Entered: 02/10/2023) |
| 02/13/2023 | <u>197</u> | MINUTE entry before the Honorable Robert W. Gettleman: Due to ongoing discovery <u>196</u> , telephonic hearing set for 2/22/2023 is stricken and reset to 4/4/2023 9:15 a.m. on the Webex platform. Parties will not be asked to start their video. Members of the public and media may listen to these proceedings by dialing (650) 479-3207 the meeting number, access code, or PIN/ID is 1809883385. Counsel of record and other essential case participants will receive an email prior to the start of the hearing with instructions to join the conference. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (cn). (Entered: 02/13/2023) |
| 03/02/2023 | <u>198</u> | STATUS Report *DEFENDANTS' JOINT STATUS REPORT* by American International Relocation Services, LLC (Casey, Matthew) (Entered: 03/02/2023) |
| 03/02/2023 | <u>199</u> | STATUS Report *Plaintiff* by Melinda Sgariglia (Attachments: # <u>1</u> Notice of Filing) (Oshana, Carol) (Entered: 03/02/2023) |
| 03/03/2023 | <u>200</u> | MINUTE entry before the Honorable Gabriel A. Fuentes: On review of the plaintiff's and defendants' separate status reports (doc. # <u>198</u> , <u>199</u> ), and with all discovery closed and not all parties interested in a reconvened settlement conference, the referral is terminated. Judge Honorable Gabriel A. Fuentes no longer referred to the case. Mailed notice. (lxk, ) (Entered: 03/03/2023) |
| 04/04/2023 | <u>201</u> | MINUTE entry before the Honorable Robert W. Gettleman: Telephonic hearing held on 4/4/2023. Plaintiffs are tendering the last of discovery today to defendants. The parties report they want to file cross motions for summary judgment. Plaintiffs' motion for summary judgment due by 5/31/2023; defendants' responses and cross motions for summary judgment due by 6/30/2023; plaintiffs' reply in support of their motion and responses to defendants' cross motions due by |

| | | |
|---|---|---|
| | | 7/21/2023; defendants' replies due 8/10/2023. The court will issue its ruling via CM/ECF. Mailed notice (cn). (Entered: 04/04/2023) |
| 05/31/2023 | 202 | MOTION by Plaintiff Melinda Sgariglia for extension of time to file *MOTION FOR SUMMARY JUDGMENT*<br><br>(Oshana, Carol) (Entered: 05/31/2023) |
| 05/31/2023 | 203 | NOTICE by Melinda Sgariglia re MOTION by Plaintiff Melinda Sgariglia for extension of time to file *MOTION FOR SUMMARY JUDGMENT*<br><br>202 (Oshana, Carol) (Entered: 05/31/2023) |
| 05/31/2023 | 204 | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiff's Unopposed Motion For Extension Of Time 202 is granted. The briefing schedule set on 4/4/2023 201 is modified as follows: Plaintiffs' motion for summary judgment due by 6/21/2023; defendants' responses and cross motions for summary judgment due by 7/21/2023; plaintiffs' reply in support of their motion and responses to defendants' cross motions due by 8/11/2023; defendants' replies due 8/31/2023. The court will issue its ruling via CM/ECF. Mailed notice (cn). (Entered: 05/31/2023) |
| 06/22/2023 | 205 | MOTION by Plaintiff Melinda Sgariglia to appoint receiver<br><br>, MOTION by Plaintiff Melinda Sgariglia for summary judgment<br><br>(Oshana, Carol) (Entered: 06/22/2023) |
| 06/22/2023 | 206 | MOTION by Plaintiff Melinda Sgariglia to appoint special commissioner<br><br>, MOTION by Plaintiff Melinda Sgariglia for summary judgment<br><br>(Attachments: # 1 Notice of Filing Notice of Filing)(Oshana, Carol) (Entered: 06/22/2023) |
| 06/22/2023 | 207 | MOTION by Plaintiff Melinda Sgariglia for summary judgment<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Oshana, Carol) (Entered: 06/22/2023) |
| 06/22/2023 | 208 | MOTION by Plaintiff Melinda Sgariglia for summary judgment<br><br>(Attachments: # 1 Exhibit 12, # 2 Exhibit 13, # 3 Exhibit 14, # 4 Exhibit 15, # 5 Exhibit 16, # 6 Exhibit 17, # 7 Exhibit 18, # 8 Exhibit 19, # 9 Exhibit 20, # 10 Exhibit 21, # 11 Exhibit 21 Part II, # 12 Exhibit 22, # 13 Exhibit 23, # 14 Exhibit 24)(Oshana, Carol) (Entered: 06/22/2023) |
| 06/22/2023 | 209 | MOTION by Plaintiff Melinda Sgariglia for summary judgment<br><br>(Attachments: # 1 Exhibit 26, # 2 Exhibit 27, # 3 Exhibit 28, # 4 Exhibit 29, # 5 Exhibit 30, # 6 Exhibit 31, # 7 Exhibit 32)(Oshana, Carol) (Entered: 06/22/2023) |
| 06/22/2023 | 210 | MOTION by Plaintiff Melinda Sgariglia for summary judgment *Exhibits 33 - 44*<br><br>(Oshana, Carol) (Entered: 06/22/2023) |
| 06/22/2023 | 211 | MOTION by Plaintiff Melinda Sgariglia for summary judgment *Exh 45* |

| | | |
|---|---|---|
| | | (Oshana, Carol) (Entered: 06/22/2023) |
| 06/22/2023 | 🔒 | (Court only) ***Motions terminated: MOTION by Plaintiff Melinda Sgariglia for summary judgment<br><br>208 , MOTION by Plaintiff Melinda Sgariglia for summary judgment *Exh 45*<br><br>211 , MOTION by Plaintiff Melinda Sgariglia for summary judgment<br><br>207 , MOTION by Plaintiff Melinda Sgariglia for summary judgment *Exhibits 33 - 44*<br><br>210 , MOTION by Plaintiff Melinda Sgariglia for summary judgment<br><br>209 (rp, ) (Entered: 06/26/2023) |
| 07/20/2023 | 212 | MOTION by Defendants Kelly Gonring, Nicholas Gonring for extension of time *to File Response and Cross Motion to Plaintiff's Motion for Summary Judgment*<br><br>(Archerd, Elizabeth) (Entered: 07/20/2023) |
| 07/20/2023 | 213 | NOTICE of Motion by Elizabeth Loretta Archerd for presentment of extension of time 212 before Honorable Robert M. Dow Jr. on 7/25/2023 at 09:15 AM. (Archerd, Elizabeth) (Entered: 07/20/2023) |
| 07/20/2023 | 214 | MINUTE entry before the Honorable Robert W. Gettleman: Nicholas Gonring And Kelsey Gonring's Unopposed Motion For Extension Of Time To File Response And Cross-Motion To Plaintiff's Motion For Summary Judgment 212 is granted. The briefing schedule set on 5/31/2023 204 is modified as follows: defendants' responses and cross motions for summary judgment due by 7/28/2023; plaintiffs' reply in support of their motion and responses to defendants' cross motions due by 8/18/2023; defendants' replies due 9/7/2023. The court will issue its ruling via CM/ECF. Counsel are reminded that this case has been reassigned to this court and please put the proper judge's name on all future filings. Counsel also should not notice motions for presentment hearings. Mailed notice (cn). (Entered: 07/20/2023) |
| 07/27/2023 | 215 | MOTION by Third Party Defendants 2726 West Cortez Association, John Gorr for summary judgment *RENEWED*<br><br>(Good, Ross) (Entered: 07/27/2023) |
| 07/27/2023 | 216 | MOTION by Third Party Defendants 2726 West Cortez Association, John Gorr for summary judgment *Memorandum In Support*<br><br>(Attachments: # 1 Exhibit Ex A - THIRD-PARTY DEFENDANTS' RENEWED STATEMENT OF UNCONTESTED MATERIAL FACTS, # 2 Exhibit Ex. 1 Declaration of John Gorr)(Good, Ross) (Entered: 07/27/2023) |
| 07/28/2023 | 217 | MOTION by Defendant American International Relocation Services, LLC for summary judgment<br><br>(McColgan, Arthur) (Entered: 07/28/2023) |
| 07/28/2023 | 218 | of Material Undisputed Facts (L.R. 56.1) STATEMENT by American International Relocation Services, LLC (Attachments: # 1 Exhibit 1 - Deed from Mulligan to Gonrings, # 2 Exhibit 2 - Aires-Gordon Food Services Relocation Services Agreement, # 3 Exhibit 3 - Relocation Contract, # 4 Exhibit 4 - residential real |

property aires, # <u>5</u> Exhibit 5 - Langefeld Dep, # <u>6</u> Exhibit 6 - Thomas Hawbecker Dep. Transcript, # <u>7</u> Exhibit 7 - Aires's Answers and Objections to Plaintiff's Interrogatories, # <u>8</u> Exhibit 8 - Exclusive right to sell signed by Gonrings, # <u>9</u> Exhibit 9 - Residential real property dislcosure Gonrings, # <u>10</u> Exhibit 10 - Exhibit A to Gonring's LR 56.1 Statement of Material Undisputed Facts, # <u>11</u> Exhibit 11 - Purchase and Sale Contract, # <u>12</u> Exhibit 12 - Sellers Disclosure 6618, # <u>13</u> Exhibit 13 - Melinda Sgariglia Dep. Transcript, # <u>14</u> Exhibit 14 - June 14, 2018 Letter, # <u>15</u> Exhibit 15 - June 18, 2018 Letter, # <u>16</u> Exhibit 16 - Home inspection response letter 6.18.18, # <u>17</u> Exhibit 17 - Home Inspection Response Letter, # <u>18</u> Exhibit 18 - June 22, 2018 Letter, # <u>19</u> Exhibit 19 - 7.2.23 Letter, # <u>20</u> Exhibit 20 - July 3, 2018 Response, # <u>21</u> Exhibit 21 - Email copy of title commitment, # <u>22</u> Exhibit 22 - Title Commitment, # <u>23</u> Exhibit 23 - Forwards title commitment, # <u>24</u> Exhibit 24 - Addendum to purchase and sale, # <u>25</u> Exhibit 25 - Extension Request 1, # <u>26</u> Exhibit 26 - Extension Request 2, # <u>27</u> Exhibit 27 - Extension Request 3, # <u>28</u> Exhibit 28 - Emails: Sarah Aires and Aires Only, # <u>29</u> Exhibit 29 - Emails with John Gorr directly, # <u>30</u> Exhibit 30 - Hold Harmless Agreement)(McColgan, Arthur) (Entered: 07/28/2023)

| | | |
|---|---|---|
| 07/28/2023 | <u>219</u> | RULE 56 1 Statement *Deft., American International Relocation Solutions, LLC's Response to Plaintiff's L.R. 56.1 Statement of Material Undisputed Facts* (Attachments: # <u>1</u> Exhibit 1 - Aires-Gordon Food Services Relocation Services Agreement, # <u>2</u> Exhibit 2 - Relocation Contract, # <u>3</u> Exhibit 3 - Langefeld Dep., # <u>4</u> Exhibit 4 - Aires Answers to Ps Interrogatories, # <u>5</u> Exhibit 5 - Emails: Sarah Aires and Aires Only, # <u>6</u> Exhibit 6 - June 22, 2018 Letter, # <u>7</u> Exhibit 7 - 7.3.23 Letter, # <u>8</u> Exhibit 8 - Title Commitment, # <u>9</u> Exhibit 9 - Extension Requests) (McColgan, Arthur) (Entered: 07/28/2023) |
| 07/28/2023 | <u>220</u> | RULE 56 1(b)(3) Statement *Defendant American International Relocation Solutions, LLC's L.R. 56.1(b)(3) Statement of Additional Material Undisputed Facts* (McColgan, Arthur) (Entered: 07/28/2023) |
| 07/28/2023 | <u>221</u> | RESPONSE by American International Relocation Services, LLC to MOTION by Plaintiff Melinda Sgariglia to appoint special commissioner<br><br>MOTION by Plaintiff Melinda Sgariglia for summary judgment<br><br><u>206</u> *Defendant's Response to Plaintiff's Motion for Partial Summary Judgment* (McColgan, Arthur) (Entered: 07/28/2023) |
| 07/28/2023 | <u>222</u> | Additional Material Facts STATEMENT by Kelly Gonring, Nicholas Gonring (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7)(Finfer, Jordan) (Entered: 07/28/2023) |
| 07/28/2023 | <u>223</u> | RESPONSE by Defendants Kelly Gonring, Nicholas Gonring to motion to appoint receiver, motion for summary judgment <u>205</u> *Gonrings' Response to Plaintiff's 56.1 Statement of Material Undisputed Facts* (Finfer, Jordan) (Entered: 07/28/2023) |
| 07/28/2023 | <u>224</u> | RESPONSE by Kelly Gonring, Nicholas Gonring to MOTION by Plaintiff Melinda Sgariglia to appoint special commissioner<br><br>MOTION by Plaintiff Melinda Sgariglia for summary judgment<br><br><u>206</u> *Gonrings' Response to Plaintiff's Motion for Partial Summary Judgment* (Finfer, Jordan) (Entered: 07/28/2023) |
| 08/18/2023 | <u>225</u> | MOTION by Plaintiff Melinda Sgariglia to appoint receiver *This is an error* |

| | | |
|---|---|---|
| | | , MOTION by Plaintiff Melinda Sgariglia for extension of time to file response/reply as to Rule 56 statement 220 , response to motion, 224 , Response 223 , response to motion, 221 , Rule 56 statement,, 219 , motion for summary judgment 215 , statement 222 , motion to appoint receiver, motion for summary judgment 205 , statement,,,,,, 218 , motion for summary judgment 217 *To this Motion*<br><br>(Oshana, Carol) (Entered: 08/18/2023) |
| 08/18/2023 | 226 | NOTICE of Motion by Carol L. Oshana for presentment of (Oshana, Carol) (Entered: 08/18/2023) |
| 08/18/2023 | 227 | RESPONSE by Third Party Plaintiffs Kelly Gonring, Nicholas Gonring to motion for summary judgment, 216 *Third Party Plaintiffs Response to Third Party Defendants Renewed Statement of Uncontested Material Facts, Parties and Jurisdiction* (Finfer, Jordan) (Entered: 08/18/2023) |
| 08/18/2023 | 228 | Statement of Additional Material Facts STATEMENT by Kelly Gonring, Nicholas Gonring (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Finfer, Jordan) (Entered: 08/18/2023) |
| 08/18/2023 | 229 | RESPONSE by Kelly Gonring, Nicholas Gonringin Opposition to MOTION by Third Party Defendants 2726 West Cortez Association, John Gorr for summary judgment *RENEWED*<br><br>215 (Finfer, Jordan) (Entered: 08/18/2023) |
| 08/21/2023 | 230 | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiff's unopposed motion for extension of time 225 to reset the briefing schedule is granted. The briefing schedule set on 7/20/2023 214 is modified as follows: plaintiffs' reply in support of their motion and responses to defendants' cross motions due by 9/1/2023; defendants' replies due 9/22/2023. The court will issue its ruling via CM/ECF. The Clerk is directed to correct the docket language for Docket Entry 225 to properly reflect the title of the motion filed at that entry. Mailed notice (cn). (Entered: 08/21/2023) |
| 09/01/2023 | 231 | Second MOTION to Defer Responsive Pleading Deadline (MIDP) , filed by Plaintiff Melinda Sgariglia.<br><br>(Oshana, Carol) (Entered: 09/01/2023) |
| 09/01/2023 | 232 | *Plaintiff's* NOTICE of Motion by Carol L. Oshana for presentment of (Oshana, Carol) (Entered: 09/01/2023) |
| 09/01/2023 | 233 | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiff's second unopposed motion for extension of time 231 to reset the briefing schedule is granted. The briefing schedule set on 8/21/2023 230 is modified as follows: plaintiffs' reply in support of their motion and responses to defendants' cross motions due by 9/12/2023; defendants' replies due 10/3/2023. The court will issue its ruling via CM/ECF. Mailed notice (cn). (Entered: 09/01/2023) |
| 09/12/2023 | 234 | MEMORANDUM by Melinda Sgariglia in Opposition to motion for summary judgment 217 (Oshana, Carol) (Entered: 09/12/2023) |
| 09/12/2023 | 235 | MEMORANDUM by Melinda Sgariglia in Opposition to motion for summary judgment 217 (Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 09/12/2023) |

| 09/12/2023 | 236 | MOTION by Plaintiff Melinda Sgariglia for extension of time to file response/reply as to Order on Motion to Defer Responsive Pleading Deadline,, terminate motion and R&R deadlines/hearings, 233 (Oshana, Carol) (Entered: 09/12/2023) |
|---|---|---|
| 09/13/2023 | 237 | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiff's third motion for extension of time 236 is granted. The briefing schedule set on 9/1/2023 233 is modified as follows: plaintiffs' reply in support of their motion and responses to defendants' cross motions due by 9/14/2023; defendants' replies due 10/6/2023. The court will issue its ruling via CM/ECF. Mailed notice (cn). (Entered: 09/13/2023) |
| 09/14/2023 | 238 | MINUTE entry before the Honorable Robert W. Gettleman: Third-party defendants' reply in support of their renewed summary judgment motion as to third-party complaint due by 9/28/2023. Mailed notice (cn). (Entered: 09/14/2023) |
| 09/14/2023 | 239 | RESPONSE by Plaintiff Melinda Sgariglia to Rule 56 statement 220 (Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 09/14/2023) |
| 09/14/2023 | 240 | REPLY by Plaintiff Melinda Sgariglia to motion to appoint special commissioner, motion for summary judgment 206 , motion to appoint receiver, motion for summary judgment 205 (Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 09/14/2023) |
| 09/14/2023 | 241 | RESPONSE by Plaintiff Melinda Sgariglia to statement 228 *Response to Gonring 56.1 Statement of Additional Facts* (Oshana, Carol) (Entered: 09/14/2023) |
| 09/28/2023 | 242 | REPLY by 2726 West Cortez Association, John Gorr to Response, 227 , MOTION by Third Party Defendants 2726 West Cortez Association, John Gorr for summary judgment *Memorandum In Support* 216 (Good, Ross) (Entered: 09/28/2023) |
| 10/06/2023 | 243 | REPLY by Defendant American International Relocation Services, LLC to motion for summary judgment 217 *Reply in Support of Motion for Summary Judgment* (McColgan, Arthur) (Entered: 10/06/2023) |
| 11/02/2023 | 244 | MEMORANDUM Opinion and Order signed by the Honorable Robert W. Gettleman on 11/2/2023: For the reasons set forth in the attached Opinion and Order, the court grants Aires's motion for summary judgment (Doc. 217 ) on Count III of plaintiff's second amended complaint. The court grants in part and denies in part plaintiff's partial motion for summary judgment on the question of liability in her second amended complaint (Docs. 205 , 206 ). The court grants summary judgment in plaintiff's favor on Counts I and II, and denies her motion for summary judgment on Count III. Last, the court grants third-party defendants' motion for summary judgment (Docs. 215 , 216 ) on all counts against them in the Gonrings' third-party complaint. Mailed notice (cn). (Entered: 11/02/2023) |
| 11/02/2023 | 245 | MINUTE entry before the Honorable Robert W. Gettleman: The remaining parties are directed to file a Status Report on the issue of damages by 11/30/2023. Mailed notice (cn). (Entered: 11/02/2023) |
| 11/30/2023 | 246 | MOTION by Plaintiff Melinda Sgariglia for extension of time to file *Joint Report on Damages* (Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 11/30/2023) |

| | | |
|---|---|---|
| 12/01/2023 | 247 | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiff's motion for extension of time 246 is granted. The remaining parties' Joint Status Report on the issue of damages due by 12/7/2023. Mailed notice (cn). (Entered: 12/01/2023) |
| 12/08/2023 | 248 | MOTION by Plaintiff Melinda Sgariglia for extension of time to file *Jt status report on damages*<br><br>(Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 12/08/2023) |
| 12/11/2023 | 249 | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiff's Agreed 2nd Motion For Extension Of Time 248 is granted. The remaining parties' Joint Status Report on Damages due by 12/15/2023. Mailed notice (cn). (Entered: 12/11/2023) |
| 12/15/2023 | 250 | STATUS Report *Joint Status Report on Damages* by Kelly Gonring, Nicholas Gonring<br><br>(Archerd, Elizabeth) (Entered: 12/15/2023) |
| 12/28/2023 | 251 | MINUTE entry before the Honorable Robert W. Gettleman: In court status hearing set for 1/18/2024 at 9:45 a.m. Mailed notice (cn). (Entered: 12/28/2023) |
| 12/28/2023 | 252 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |
| 01/18/2024 | 253 | MINUTE entry before the Honorable Robert W. Gettleman: In court hearing held on 1/18/2024. For the reasons stated on the record, Defendant withdraws its jury demand. Plaintiff's motion for summary judgment on damages due 3/15/2024; defendant's response and cross motion due by 5/15/2024; plaintiff's reply due 5/29/2024; defendant's reply due 6/12/2024. Telephonic hearing on the motion set for 6/27/2024 at 9:30 a.m. on the Webex platform. Parties will not be asked to start their video. Counsel of record and other essential case participants will receive an email prior to the start of the hearing with instructions to join the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (cn). (Entered: 01/18/2024) |
| 03/15/2024 | 254 | MOTION by Plaintiff Melinda Sgariglia for extension of time to file *MSJ on damages*<br><br>(Oshana, Carol) (Entered: 03/15/2024) |

| 03/15/2024 | 255 | NOTICE of Motion by Carol L. Oshana for presentment of (Oshana, Carol) (Entered: 03/15/2024) |
|---|---|---|
| 03/18/2024 | 256 | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiff's Agreed Motion For Extension Of Time 254 is granted. The briefing schedule set on 1/18/2024 253 is modified as follows: plaintiff's motion for summary judgment on damages due 4/15/2024; defendant's response and cross motion due by 6/14/2024; plaintiff's reply due 6/28/2024; defendant's reply due 7/12/2024. Telephonic hearing on the motion set for 6/27/2024 is stricken. The court will set a hearing date if necessary after all briefs are filed. Mailed notice (cn). (Entered: 03/18/2024) |
| 04/18/2024 | 257 | MOTION by Plaintiff Melinda Sgariglia for extension of time<br><br>(Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 04/18/2024) |
| 04/19/2024 | 258 | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiff's 2nd Motion for Extension of Time 257 is granted. The briefing schedule set on 3/18/2024 256 is modified as follows: plaintiff's motion for summary judgment on damages due 5/17/2024; defendant's response and cross motion due by 7/16/2024; plaintiff's reply due 7/30/2024; defendant's reply due 8/13/2024. The court will set a hearing date if necessary after all briefs are filed. Emailed notice (cn). (Entered: 04/19/2024) |
| 05/17/2024 | 259 | MOTION by Plaintiff Melinda Sgariglia for extension of time to file<br><br>(Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 05/17/2024) |
| 05/20/2024 | 260 | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiff's Final Motion for Extension Of Time 259 is granted. The briefing schedule set on 4/19/2024 258 is modified as follows: Plaintiff's motion for summary judgment on damages due 5/23/2024; defendant's response and cross motion due 7/29/2024; plaintiff's reply due 8/12/2024; defendant's reply due 8/26/2024. The court will set a hearing date if necessary after all briefs are filed. Emailed notice (cn). (Entered: 05/20/2024) |
| 05/23/2024 | 261 | MOTION by Plaintiff Melinda Sgariglia for summary judgment *on Damages and Motion to File Fee Peitition*<br><br>(Oshana, Carol) (Entered: 05/23/2024) |
| 05/23/2024 | 262 | 56.1 Statement of Facts STATEMENT by Melinda Sgariglia (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52)(Oshana, Carol) (Entered: 05/23/2024) |
| 05/23/2024 | 263 | NOTICE by Melinda Sgariglia re MOTION by Plaintiff Melinda Sgariglia for summary judgment *on Damages and Motion to File Fee Peitition*<br><br>261 (Oshana, Carol) (Entered: 05/23/2024) |

| 07/29/2024 | 264 | RESPONSE by Kelly Gonring, Nicholas Gonring in Opposition to MOTION by Plaintiff Melinda Sgariglia for summary judgment *on Damages and Motion to File Fee Peitition*<br><br>261 *Gonrings' Cross-Motion for Summary Judgment on Damages and Opposition to Plaintiff's Motion for Summary Judgment on Damages* (Finfer, Jordan) (Entered: 07/29/2024) |
|---|---|---|
| 07/29/2024 | 265 | MEMORANDUM *of Law in Support of Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment on Damages* (Finfer, Jordan) (Entered: 07/29/2024) |
| 07/29/2024 | 266 | RESPONSE by Defendants Kelly Gonring, Nicholas Gonring to statement,,,, 262 *Gonrings' Response to Plaintiff's 56.1 Statement of Undisputed Facts* (Finfer, Jordan) (Entered: 07/29/2024) |
| 07/29/2024 | 267 | RULE 56 56.1 Statement (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Finfer, Jordan) (Entered: 07/29/2024) |
| 08/12/2024 | 268 | MOTION by Plaintiff Melinda Sgariglia for extension of time to file response/reply<br><br>(Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 08/12/2024) |
| 08/13/2024 | 269 | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiff's unopposed Motion for Extension of Time to 8/23/2024, to file a reply in support of her motion for summary judgment 268 is granted. Emailed notice (cn). (Entered: 08/13/2024) |
| 08/23/2024 | 270 | MOTION by Plaintiff Melinda Sgariglia for extension of time<br><br>, MOTION by Plaintiff Melinda Sgariglia for extension of time to file response/reply<br><br>(Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 08/23/2024) |
| 08/26/2024 | 271 | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiff's 2nd unopposed Motion For Extension Of Time to 8/27/2024 to file her reply 270 is granted. Emailed notice (cn). (Entered: 08/26/2024) |
| 08/27/2024 | 272 | MEMORANDUM *Reply in Support of MSJ on damages* (Attachments: # 1 Notice of Filing)(Oshana, Carol) (Entered: 08/27/2024) |
| 08/27/2024 | 273 | REPLY by Plaintiff Melinda Sgariglia to memorandum in support of motion 272 *Response to Def 56.1 Statement in opposition to Plaintiff's MSJ on Damages* (Oshana, Carol) (Entered: 08/27/2024) |
| 08/28/2024 | 274 | MOTION by Defendants Kelly Gonring, Nicholas Gonring to set a briefing schedule *Gonrings' Motion to Re-Set Briefing Schedule as to the Gonrings' Reply in Support of Cross-Motion for Summary Judgment on Damages*<br><br>(Archerd, Elizabeth) (Entered: 08/28/2024) |
| 08/28/2024 | 275 | MINUTE entry before the Honorable Robert W. Gettleman: Motion Of Nicholas And Kelsey Gonring To Re-Set Briefing Schedule As To The Gonrings' Reply In Support Of Cross-Motion For Summary Judgment On Damages 274 is granted. Defendants' reply in support of their cross-motion due by 9/18/2024. Emailed notice (cn). (Entered: 08/28/2024) |

| 09/18/2024 | 276 | REPLY by Defendants Kelly Gonring, Nicholas Gonring to memorandum in support of motion 265 *Defendant Gonrings' Reply in Support of Cross-Motion for Summary Judgment on Pleadings* (Archerd, Elizabeth) (Entered: 09/18/2024) |
| --- | --- | --- |
| 10/18/2024 | 277 | MEMORANDUM Opinion and Order signed by the Honorable Robert W. Gettleman on 10/18/2024: Plaintiff's motion for summary judgment 261 is granted in part and denied in part. Defendants' cross motion for summary judgment 264 is granted in part and denied in part. The court awards a total of $171,355.79 in damages to plaintiff as specified in the court's Order. The court grants defendants' cross motion for summary judgment on the issues of: (1) stairs & stoop repair; (2) garage roof repair; and (3) construction of the new garage deck. Plaintiff's motion for leave to file a petition for attorney's fees 261 is denied. Civil case terminated. Emailed notice (cn). (Entered: 10/18/2024) |
| 10/18/2024 | 278 | ENTERED JUDGMENT on 10/18/2024. Emailed notice (cn). (Entered: 10/18/2024) |
| 11/15/2024 | 279 | NOTICE of appeal by Nicholas Gonring, Kelly Gonring regarding orders 107 , 277 , 278 , 244 Filing fee $ 605, receipt number AILNDC-22736026. Receipt number: n (Finfer, Jordan) (Entered: 11/15/2024) |
| 11/15/2024 | 280 | DOCKETING Statement by Nicholas Gonring, Kelly Gonring regarding notice of appeal 279 (Finfer, Jordan) (Entered: 11/15/2024) |
| 11/18/2024 | 281 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 279 . (jn,) (Entered: 11/18/2024) |