# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

December 10, 2024

Before
DIANE S. SYKES, *Chief Judge*

| | |
|---|---|
| No. 24-3101 | MELINDA SGARIGLIA,<br>　　　　Plaintiff - Appellee<br><br>v.<br><br>NICHOLAS GONRING and KESLEY GONRING,<br>　　　　Defendants - Appellants |
| **Originating Case Information:** ||
| District Court No: 1:19-cv-05684 ||
| Northern District of Illinois, Eastern Division ||
| District Judge Robert W. Gettleman ||

On consideration of the papers filed in this appeal and review of the short record,

The Rule 58 judgment entered in this case is deficient. It reflects that judgment was entered in favor of Melinda Sgariglia against Nicholas and Kelsey Gonring, but it fails to record the disposition of the case with respect to plaintiffs 2726 West Cortez Association and John Gorr, defendant American International Relocation Services, LLC, or the disposition of the third-party complaint. The judgment also does not reflect whether the award of damages includes or excludes prejudgment interest, which is a component of a plaintiff's damages. *See Dual-Temp of Illinois, Inc. v. Hench Central, Inc.*, 777 F.3d 429, 430 (7th Cir. 2015). A judgment should be complete and self-contained. *See, e.g., Johnson v. Acevedo*, 572 F.3d 398, 400 (7th Cir. 2009); *Reytbatt v. Denton*, 812 F.2d 1042, 1043 (7th Cir. 1987). Accordingly,

**IT IS ORDERED** that this appeal is **REMANDED** to the district court to enter a judgment that fully and correctly implements its decisions in this case. *See* Fed. R. Civ.

Case: 1:19-cv-05684 Document #: 284 Filed: 12/10/24 Page 2 of 2 PageID #:4949
Case: 24-3101      Document: 00714485299      Filed: 12/10/2024      Pages: 2

No. 24-3101                                                                Page 2

P. 60(a). This court will retain jurisdiction over this appeal. This remand does not authorize the district court to modify the substance of its judgment to award different relief—including any alteration to the amount of prejudgment interest awarded. If the district court is inclined to make a substantive alteration to the judgment, it should enter an indicative ruling, *see* Fed. R. Civ. P. 62.1, and this court will take appropriate action, *see* Fed. R. App. P. 12.1.

Once the district court has corrected its judgment to implement its decision, this appeal will proceed to briefing. An amended notice of appeal is unnecessary if the judgment is corrected to reflect "what actually happened." *See Mosley v. Atchison*, 689 F.3d 838, 842–44 (7th Cir. 2012).

**IT IS FURTHER ORDERED** that appellants shall inform the court, on or before December 17, 2024, whether the district court has entered its amended judgment.

form name: **c7_Order_3J**   (form ID: **177**)

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit